RECEIVED

APR - 9 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE ACTOS (PIOGLITAZONE-PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
| | JUDGE DOHERTY |
| This Document Applies to: All Cases | MAGISTRATE JUDGE HANNA |

**CASE MANAGEMENT ORDER:**
**Direct Filing and Service of Process**

**I.    Scope of Order**

This Agreed Order applies to claims brought by any U.S. citizen or resident based on alleged ingestion of Actos®, ACTOplus Met®, ACTOplus Met XR®, Duetact®, or pioglitazone ("Actos") that (i) currently are pending in MDL No. 2299, (ii) currently are pending in the Western District of Louisiana and are related to MDL No. 2299, or (iii) will be filed in, removed to, or transferred to this Court (collectively, "the MDL Proceedings").

**II.    Direct Filing of Cases in MDL 2299**

A.    In order to eliminate delays associated with transfer to this Court of cases filed in or removed to other federal district courts, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL 2299 may file his or her case directly in the MDL Proceedings in the Western District of Louisiana (such cases are sometimes referenced as "Direct-Filed Cases").

B.    Each case filed directly in the MDL Proceedings by a plaintiff who resides in a federal district other than the Western District of Louisiana will be filed in the MDL Proceedings for purposes of pretrial proceedings, consistent with the Judicial Panel on Multidistrict Litigation's December 29, 2011 Transfer Order ("Transfer Order").

{L0197976.2}                                    1

C.      Defendants will not challenge the venue of any Direct-Filed Case.  Upon the completion of pretrial proceedings consistent with the Transfer Order, this Court, pursuant to 28 U.S.C. §1404(a), will transfer Direct-Filed Cases to the federal district court in the district where the plaintiff allegedly was injured by use of Actos, or where the plaintiff resides at the time of such transfer, subject to severance of multi-plaintiff actions if necessary.  The parties will jointly advise the Court of the district to which each Direct-Filed Case should be transferred.

D.      Parts II.B and II.C do not preclude the parties from agreeing, at a future date, to try certain Direct-Filed Cases in this District.

E.      The inclusion of any action in *In Re: Actos Products Liability Litigation*, MDL 2299, whether such action was or will be filed originally or directly in the Western District of Louisiana, shall not constitute a determination by this Court that jurisdiction or venue is proper in this district.

F.      Complaints in Direct-Filed Cases shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:  ACTOS PRODUCTS LIABILITY LITIGATION** | ) **MDL No. 6:11-md-2299** |
| | ) |
| **JOHN DOE** | ) **JUDGE DOHERTY** |
| | ) |
| **vs.** | ) **MAGISTRATE JUDGE HANNA** |
| | ) |
| **XYZ CORPORATION and ABC COMPANY** | ) **Civil Action No.:** _____ |
| | ) |

Pleadings filed thereafter in any Direct-Filed Case shall comply with the First General Order with regard to caption format and contents.

G.      Any attorney admitted to practice and in good standing in any United States District Court is admitted *pro hac vice* in this litigation and association of local co-counsel for purposes of litigation, including direct filing, is not required.  However, as noted in the Court's First General Order, counsel must file a certificate of good standing with their initial filing.

H.      Prior to any lawyer filing a Direct-Filed Case, that attorney must register for and have a Louisiana CM/ECF log in name and password.   Other than this modification, the normal local filing requirements will apply.  *See* Local Rules of the United States District Court for the Western District of Louisiana, available at http://www.lawd.uscourts.gov/Court_Rules/Docs/localrules.pdf.  These rules include, *but are not limited to*, the following specifics:

- Civil Cover Sheet.  A civil cover sheet, indicating that the new matter is related to the MDL Proceedings (*i.e.*, MDL No. 11-md-2299), must be filed with the complaint.

- Attorneys.  Each attorney shall provide the following identifying information on the signature block:

                    /s/ Jane Doe_____
                    Jane Doe
                    NAME OF LAW FIRM
                    ADDRESS
                    TELEPHONE
                    FAX
                    EMAIL@EMAIL.com
                    Attorney for Plaintiff

- Filing Fees: Internet credit card payments are required for all complaints and are made online through Pay.gov.   Plaintiff's counsel will be prompted to pay the required filing fee at the time the complaint is filed.

- <u>Summonses</u>.  After the complaint is filed, plaintiff's counsel is free to create the necessary summonses and proceed with service as required by law or as permitted herein.

## III.   <u>Service of Process – Takeda Entities</u>

A.   Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc. (formerly known as Takeda Pharmaceuticals North America, Inc.), Takeda Pharmaceuticals America, Inc., Takeda Global Research & Development Center, Inc., Takeda California, Inc. (formerly known as Takeda San Diego, Inc.), and Takeda Pharmaceuticals International, Inc. agree, without waiver of any defenses, to accept service of process as set forth in this Order.

B.   For purposes of this Order, the "U.S. Takeda entities" are:  Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc., Takeda Global Research & Development Center, Inc., Takeda California, Inc., and Takeda Pharmaceuticals International, Inc.

C.   <u>Service on U.S. Takeda Entities</u>.  With regard to complaints that have already been filed, plaintiffs who have not already served the U.S. Takeda entities through original service may effectuate service, as described in this Paragraph III.C, within 30 days of receiving notice of this Order.  With regard to complaints filed on or after the date of this order, plaintiffs may effectuate service on U.S. Takeda entities, as described in this Paragraph III.C, within 30 days of the filing of the complaint.

Service on any named U.S. Takeda entity made be made by serving a copy of the complaint and one summons directed to all named U.S. Takeda entities on Takeda's registered agent for service of process at:

{L0197976.2}                                          4

CT Corporation
208 South LaSalle Street, Suite 814
Chicago, IL 60604

For service pursuant to this paragraph, a separate summons need not be issued to each U.S. Takeda entity for service to be effective.

*Note*:  Service pursuant to this Paragraph III.C *shall not be made* and *shall not be attempted*, on any entity other than the U.S. Takeda entities identified herein.

D.     Service on Takeda Pharmaceutical Company Limited.   With regard to complaints that have already been filed, plaintiffs who have not already served Takeda Pharmaceutical Company Limited ("TPC") through original service may effectuate service, as described in this Paragraph III.D, within 60 days of receiving notice of this Order.  With regard to complaints filed on or after the date this Order is issued, plaintiffs may effectuate service, as described in this Paragraph III.D, within 60 days of filing a complaint.

Service on TPC may be made by delivering a cover letter, a copy of the complaint, and a summons directed to TPC *via* registered mail, return receipt requested, or *via* commercial courier service that provides equally reliable evidence of delivery, to:

Takeda Pharmaceutical Company Limited
      Attn:  Legal Department
1-1 Doshomachi 4-chome
Chuo-Ku Osaka, 540-0865
Japan

For service to be effective, plaintiffs also must send a copy of the cover letter that was mailed to TPC to:

Stacey Dixon Calahan
Assistant General Counsel, Litigation
Takeda Pharmaceuticals U.S.A., Inc.
One Takeda Parkway

Deerfield, Illinois  60015.

E.      If plaintiffs abide by the terms of this Order, service on the U.S. Takeda entities will be considered effective on the date that CT Corporation is served with the documents discussed in Sections III.C of this Order, and service on TPC will be considered effective on the date that TPC receives the summons and complaint in Osaka, Japan.

## IV.    Responses to Complaints and Discovery by Other Takeda Entities

A.      It is defendants' position that Takeda America Holdings, Inc., Takeda Ventures, Inc., and/or Takeda Pharmaceuticals LLC are not proper parties to the Actos litigation, because it is defendants' position that none had any involvement with Actos, including in the design, development, manufacturing, advertising, marketing, labeling, sale or distribution of the medication.

B.      If plaintiffs name as defendants Takeda America Holdings, Inc. ("TAH"), Takeda Ventures, Inc. ("TVI"), and/or Takeda Pharmaceuticals LLC ("TPLLC") in any complaint filed in, removed to, or transferred to the MDL proceedings, TAH, TVI, and/or TPLLC shall be relieved of any obligation to move, answer, or otherwise plead in response to each such complaint until further order of this Court.  TAH, TVI, and TPLLC also are relieved of any obligation to respond to discovery requests until further order of this Court.

C.      If plaintiffs believe that discovery shows the involvement of TAH, TVI, and/or TPLLC in a way that will require plaintiffs to pursue one or more of these entities as a defendant, plaintiffs shall meet and confer with defendants regarding whether discovery is required from these entities.  If no agreement is reached through the meet-

and-confer process, the parties shall seek the Court's guidance before plaintiffs commence any such discovery.

V.   **Service of Process – Eli Lilly & Company**

    A.    With regard to complaints that have already been filed, plaintiffs who have not already served Eli Lilly & Company through original service may effectuate service, as described in this Paragraph IV.A, within 30 days of receiving notice of this Order. With regard to complaints filed on or after the date of this Order, plaintiffs may effectuate service on Eli Lilly & Company, as described in this Paragraph IV.A, within 30 days of filing a complaint.

    Service on Eli Lilly & Company made be made by serving a copy of the complaint and summons on Eli Lilly & Company's registered agent for service of process at:

    National Registered Agents Inc.
    200 West Adams Street
    Chicago, IL 60606

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___9th___ day of
_____April_____, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE