RECEIVED
JUL - 9 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE ACTOS (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
| | JUDGE DOHERTY |
| This Document Applies to:<br>All Cases | MAGISTRATE JUDGE HANNA |

## CASE MANAGEMENT ORDER:
## PLAINTIFF FACT SHEETS

**I.     Scope of Order**

This Agreed Order applies to claims brought by any U.S. citizen or resident based on alleged ingestion of Actos®, ACTOplus Met®, ACTOplus Met XR®, Duetact®, or pioglitazone ("Actos") that, (i) currently are pending in MDL No. 2299, (ii) currently are pending in the Western District of Louisiana and are related to MDL No. 2299, or (iii) subsequent to the date of this Order are filed in, removed to, or transferred to this Court (collectively, "MDL Proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings.

**II.    Plaintiff Fact Sheets**

A.     The parties have agreed upon a Plaintiff Fact Sheet ("PFS") that includes document requests in Section XI and an authorization for release of records. *See* Exhibits A and B. Each Plaintiff shall produce to Defendants a completed PFS, executed Authorizations and documents responsive to Section XI of the PFS ("Responsive Documents") pursuant to the terms of this Order. The approved form Authorization is attached as Exhibit B, hereto.

B.     A completed PFS, which requires that each Plaintiff sign the Declaration in Section X, shall be considered interrogatory answers and responses to requests for production under the Federal Rules of Civil Procedure, and will be governed by the standards applicable to written discovery

under the Federal Rules of Civil Procedure. As set forth in Section III.E, each PFS that is completed must be substantially-complete. Accordingly, Defendants' use of the PFS is in lieu of interrogatories and other discovery devices that they would otherwise have propounded, without prejudice to Defendants' right to propound additional discovery as part of a bellwether program, in cases selected for trial, or upon remand of a case to its transferor court.

        C.    The PFS questions and requests for production have been negotiated and agreed to by the parties. All objections to the admissibility of information contained in the PFS are reserved and therefore no objections shall be lodged in the responses to the questions and requests contained in the PFS absent special circumstances. The admissibility of information in responses to the PFS shall be governed by the Federal Rules of Civil Procedure and no objections are waived by virtue of any PFS response.

**III.**    **Schedule for Production of Plaintiff Fact Sheets**

        A.    Plaintiffs with cases must complete and serve a PFS, executed Authorizations and Responsive Documents on the following schedule:

            1.    In cases that are directly filed in the MDL, each Plaintiff must complete and serve a PFS, executed authorizations, and Responsive Documents within 45 days of the last Takeda or Eli Lilly Defendant's answer to the Plaintiff's complaint.

            2.    In cases that were filed and served before entry of this Order, each Plaintiff shall have seventy-five (75) days from the date of this Order to complete and serve a PFS, executed authorizations, and Responsive Documents.

            3.    For cases transferred to this MDL via Conditional Transfer Order by the JPML, each Plaintiff shall have sixty (60) days from the date of transfer of the case to this MDL to complete and serve a PFS, executed authorizations, and Responsive

Documents. A case shall be deemed transferred to the MDL either: (a) on the date that the certified copy of the Conditional Transfer Order issued by the Judicial Panel on Multidistrict Litigation ("JPML") is entered in the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

  B. Defendants' Counsel identified below will notify each plaintiff's counsel of his/her obligation under Section III.A.3. The Court will notify plaintiff's counsel of their obligations by dissemination of a form communication when a case is filed.

  C. The parties may agree to an extension of the above time limits for service of a PFS and the Defendants are encouraged to respond reasonably to such requests. If the parties cannot agree on reasonable extensions of time, such party may apply to the Court for such relief.

  D. Service of the PFS, authorization, and Responsive Documents shall be electronically via e-mail to Defendants' Counsel at *AUS_Actos_PFS@gordonrees.com* and to Plaintiffs' Co-Lead Counsel's designee, Jonathan Sedgh, Esq., at *ActosPFS@weitzlux.com*. To the extent service via e-mail is not possible, the PFS, authorization, and Responsive Documents may be served on Defendants' Counsel by sending them in electronic format on CD via first class or overnight mail addressed to:

> ACTOS MDL Plaintiff Fact Sheet
> c/o Jeffrey A. Lilly
> Gordon & Rees LLP
> 816 Congress Avenue, Suite 1510
> Austin, TX 78701

  E. Each Plaintiff is required to provide Defendants' Counsel (as set forth above) with a PFS that is substantially-complete in all respects. For a PFS to meet this requirement, Plaintiff must:

1. Answer all applicable questions in the PFS (Plaintiff may answer questions in good faith by indicating "not applicable" or "I don't know" or "Unknown")[1];

2. Include a signed Declaration and Certification (found at Sections X and XII of the PFS);

3. Provide duly executed record release Authorization(s); and

4. Produce the documents requested in the PFS, to the extent such documents are in Plaintiff's possession.

## IV. Authorizations for the Release of Records

A. As set forth above, Authorization(s) for the Release of Records, together with copies of such records (to the extent that those records or copies are in the Plaintiff's possession), shall be provided along with the PFS at the time the Plaintiff is required to serve a PFS pursuant to this Order. Each Authorization produced under this order shall be completed at the time of its production to Defendants' Counsel (*i.e.*, each authorization must be signed, and information identifying the healthcare provider/records custodian, patient name, date of birth, and social security number must be filled in).

B. Authorizations need not be dated, but undated Authorizations constitute permission for Defendants' Counsel to date (and where applicable, re-date) Authorizations before sending to records custodians. Should Plaintiffs provide Authorizations that are dated, or undated, neither shall constitute a deficiency or be deemed a substantially non-complete PFS.

---

[1] Non-substantive omissions, such as the inadvertent failure to provide a zip code, phone number, or other non-substantive information, shall not form the basis of a claim that a Plaintiff's PFS is not substantially-complete. Plaintiffs are reminded, however, that the PFS agreed to by the parties and entered pursuant to an Order of this Court, requires Plaintiffs to answer all applicable questions in good faith. A continued pattern of such omissions may be considered by the Court to be evidence of an absence of good faith.

C. If the Plaintiff is suing in a representative or derivative capacity, the authorizations must be signed and produced along with documentation, if it exists, establishing that the signatory is a duly appointed representative or is otherwise permitted to execute authorizations on behalf of the person who allegedly took Actos. Such documentation need only be provided one time.

D. Each Plaintiff shall serve upon Defendants' Counsel designated above, along with his or her PFS and Responsive Documents, an original signed "Authorization for Release of Records" for each health care provider, pharmacy, or other custodian of records identified in Plaintiff's PFS. The presumption is that plaintiff will provide authorizations for the release of records for all healthcare providers identified in their PFS. If a plaintiff elects to withhold an authorization for the release of a healthcare provider's records (as identified in Section IV of the PFS) on the basis of relevance, then Plaintiff's counsel shall set forth in detail a good faith basis for the objection to providing same.

E. Each Plaintiff asserting a wage loss claim shall also serve upon Defendants' Counsel designated above, along with his or her PFS and Responsive Documents, an original signed "Authorization for Release of Records" for each employer identified in Plaintiff's PFS.

F. In addition to the addressed Authorizations described above, Plaintiff's counsel shall also maintain in their file unaddressed, executed Authorizations. Plaintiff's counsel shall provide executed Authorizations to Defendants' Counsel or communicate an objection to said request for authorizations within 14 days of a request for Authorizations.

G. If a health care provider, employer, or other custodian of records for whom an Authorization has already been provided: (1) has a specific authorization form that it requires its patients to use; (2) requires a more recent authorization than the authorization initially provided by the Plaintiff; (3) requires a notarized authorization; or (4) requires an original signature, Defendants'

Counsel shall so notify Plaintiff's counsel and provide such specific authorization(s) and/or new blank authorization(s) to Plaintiff's counsel. Plaintiff shall execute such specific, updated, and/or original authorization(s) and provide them to Defendants' Counsel within thirty (30) days of the request.

V.     **Non-Compliance with PFS Requirements**

A.     Any Plaintiff who fails to comply with his or her PFS obligations under this Order may be subject to having his or her claims, as well as any derivative claim(s), dismissed. If Defendants have not received a substantially-complete PFS from Plaintiff by the deadline set forth in Section III.A of this Order, after twenty-one (21) days Defendants may send a Notice of Overdue Discovery to Plaintiff's counsel identifying that a substantially-complete PFS has not been provided and stating that the case may be subject to administrative closure if the requested information is not provided within twenty-one (21) days, and ultimately a dismissal with prejudice at a later date if Plaintiff does not provide a substantially-complete PFS pursuant to the terms of this Order. If, however, counsel for plaintiff contacts counsel for defendants to meet-and-confer prior to expiration of the twenty-one (21) day notice period, Defendants shall attempt to meet-and-confer with plaintiffs' counsel for at least seven (7) days beyond the twenty-one (21) day notice period before moving to administratively close Plaintiff's action. If Defendants have not received a substantially-complete PFS by the end of the twenty-one (21) day notice period <u>and</u> a request for a meet-and-confer has not been requested by plaintiff's counsel (or if a meet-and-confer has been requested by plaintiff's counsel and the seven (7) day period for such a meet-and-confer has expired without resolution), then Defendants may move the Court for an Order administratively closing Plaintiff's action (and Defendants shall set forth their compliance with the above requirements, including that no meet-and-confer was requested by plaintiff or that the parties met-and-conferred, but that no resolution was reached).

Plaintiff shall have 21 days from the date of Defendants' motion to file a response either certifying that the Plaintiff has served and Defendants have received a completed PFS or opposing Defendants' motion.[2]

    1.    The presumption is that a motion to administratively close an action under Section V.A of this Order is proper only where Plaintiff has failed to make a good faith effort to supply Defendants with a substantially-complete PFS as set forth in Section III.E and where defendants have a good faith basis for the motion.

    2.    Given the assumptions underlying administrative closures set forth above, the use of such a motion where a substantially-complete PFS has been served may be considered by the Court to be evidence of an absence of good faith.[3]

B.    If Plaintiff has not served Defendants with a substantially-complete PFS within 60 days after entry of any such Order of Administrative Closure, Defendants may move the Court to reopen the action and thereafter move for a dismissal with prejudice. Plaintiff shall have 21 days from the date of Defendants' motion for a dismissal with prejudice to file a response either certifying that the

---

[2] Consistent with the remainder of Section V, an order administratively closing an action pursuant to this Case Management Order shall include language substantially similar to the following:

> This court having concluded that the plaintiff has failed to comply with his obligations pursuant to Case Management Order (Plaintiff Fact Sheets), IT IS HEREBY ORDERED that the Clerk of Court administratively terminate this action in his records, without prejudice to the right of the parties to reopen the proceedings. The instant order shall not be considered a dismissal or disposition of this matter. If plaintiff does not effect compliance with the Case Management Order (Plaintiff Fact Sheets) within the next 60 days, defendants may file a motion to reopen this matter and thereafter move for dismissal with prejudice pursuant to Case Management Order (Plaintiff Fact Sheets) § V.B. Should the plaintiff effect compliance with the Case Management Order (Plaintiff Fact Sheets) after the date of this Order, he may file a motion to reopen at any time before Defendants do so and prosecute his claims as though this order had not been entered.

[3] A motion to compel is the preferred procedural mechanism in those instances where substantial compliance has been achieved, but additional information or documents are sought.

Plaintiff has served and Defendants have received a substantially-complete PFS or opposing Defendants' motion for a dismissal with prejudice.

In the alternative, Plaintiff may move to reopen the case following entry of an Order of Administrative Closure that has been entered pursuant to this Order at any time before Defendants do so if Plaintiff effects compliance with this Order and the Order of Administrative Closure.

### VI. Copies of Records

Defendants or their designee shall make available all records obtained by use of Authorizations to the attorney of record for each individual Plaintiff within thirty (30) days of receiving the records. The parties shall meet and confer regarding the mechanism for providing copies of medical records and the payment for such copies.

### VII. Defendant Fact Sheet

A separate Case Management Order to govern a Defendant Fact Sheet ("DFS") shall be submitted to the Court shortly.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___9___ day of ___July___, 2012.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE