RECEIVED
MAR 21 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE ACTOS (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Applies to:<br>All Cases | MDL No. 6:11-md-2299<br><br>JUDGE DOHERTY<br><br>MAGISTRATE JUDGE HANNA |

## CASE MANAGEMENT ORDER: SELECT DISCOVERY ISSUES

**I.    Scope of Order**

This Order applies to claims currently pending in MDL No. 2299, currently pending in the Western District of Louisiana and related to MDL No. 2299, or subsequent to the date of this Order, filed in, removed to, or transferred to this Court (collectively, "MDL Proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings.

**II.   Order Regarding the Production of Documents for Which Defendants Claim Attorney Client Privilege or Work-Product Protection**

A.    The parties have agreed to the terms of this order which shall result in the production of certain documents in MDL 2299 that were produced in related litigation but not produced in MDL 2299 before the entry of this Order, as well as documents that will be produced after the date this Order is entered in other related litigations, that might otherwise be withheld by Defendants in this MDL 2299 but for the entry of this Order, (hereinafter referred to as the "subject documents."

B.    Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that as to the subject documents the attorney-client privilege, work-product protection, or other

{L0238671.1}

applicable privileges are not waived by disclosure connected with the MDL Proceedings, specifically including disclosure or production of materials that are not privileged under the law applicable in the Illinois Actos® litigation that would otherwise be withheld by Defendants as privileged in the MDL Proceedings. The disclosure of the subject documents covered by the attorney-client privilege, work-product protection, or other applicable privileges in the MDL Proceedings will not constitute a waiver of privilege or work product protection in this or any other proceeding, state or federal.

    C.    Defendants shall identify any document produced pursuant to this order on a privilege log, as required by Case Management Order regarding Assertions of Attorney-Client Privilege and Work Product Doctrine, filed on July 10, 2012.

    D.    This Order does not affect or change any of the parties' rights or obligations under the previously entered Case Management Order regarding Assertions of Attorney-Client Privilege and Work Product Doctrine, filed on July 10, 2012 and all associated rights are specifically reserved. The agreement and this Order are neutral, such that neither party is waiving its position related to the applicability of privilege to the "subject documents", waiver of any such privilege, or challenges related to the Privilege Order (related to its interpretation, applicability, need for modification or scope).

**III.**    **<u>Order Related to Defendants' Trade Secrets Concerning Non-Actos® Drug Information</u>**

    A.    The parties have reached agreement related to Non-Actos related drug information, under which. non-Actos® drug information that is contained in Defendants' documents and is not publicly available constitutes confidential, commercially valuable information used in the operation of Defendants' businesses, that Defendants have maintained reasonably secret, and in which Defendants have invested resources. This non-Actos® drug

information affords Defendants an actual or potential advantage over others. Therefore, the Court finds that non-Actos® drug information that is contained in Defendants' documents and is not publicly available constitutes trade secrets. The parties do not waive their right to challenge whether any particular information is properly considered trade secret or not.

B. The Court further finds that Defendants' production of documents containing those trade secrets in connection with this litigation is made subject to this Order. Such production will not constitute public disclosure or dissemination of Defendants' trade secrets.

C. Plaintiffs and authorized recipients of Defendants' trade secrets referenced in Section III will maintain the confidentiality of that trade secret information pursuant to this Order and the Case Management Order Protecting the Confidentiality of Discovery Materials, filed on July 30, 2012. Plaintiffs and authorized recipients of Defendants' trade secret information will not use that trade secret information for any purpose other than the current litigation and any appeal thereof.

D. Any use of Defendants' trade secret information referenced in Section III, in a manner inconsistent with this Order, shall violate this Order.

E. This Court shall retain continuing jurisdiction after the conclusion of the MDL Proceedings for the enforcement of this order.

IV. **Order Related to Certain Redactions**

The Court hereby approves, with the consent of the parties, the following procedure regarding "Other Drug" redactions applied, and to be applied, by Defendants.

    A.    The parties agree that Defendants shall undertake a targeted retrospective analysis of already applied "Other Drug" redactions. This analysis will include textual comparison of documents in pre-redaction and post-redaction states, a search (using terms agreed to by the PSC and Defendants) that will be applied to the results of the textual comparison, reexamination of documents by Defendants, and revisions of redactions to conform with the new guidelines agreed to by the parties. Both the text search process and redaction revision process will be performed by Defendants, but in coordination with the PSC. Defendants shall provide a list of documents identified by the search that Defendants determine do not require redaction modification pursuant to the new guidelines. The PSC and Defendants agree that the PSC may request additional selected documents be reexamined for redaction issues and the parties agree to work cooperatively and efficiently in that regard, and seek Court intervention as necessary.

    B.    On a prospective basis, the parties agree that "Other Drug" redactions applied by Defendants as of and after the date of this Order shall be subject to the guidelines set forth below. Defendants may not redact Other Drug, Manufacturing information, or exclude Non-Responsive Family Member documents but for the following circumstances:

        1.    Redactions for Other Drugs shall be:

            a.    Limited in scope to redactions of discrete and separate sections of documents whereby only information related to such other drugs is contained in such sections, and where the nature of the information discussed in such discrete sections is not related in context in any manner to the remaining responsive sections of the document, *i.e.* involving analysis, comparison, or otherwise necessary for full understanding of the responsive sections of the document.

  b. Limited to restrictions imposed related to readability and contextual understanding, so that such redactions will not be made within paragraphs or sentences containing non-redactable information, and such that the readability and understanding of the context of the non-redacted material is not impaired. Defendants will not redact tables of contents, cover pages, titles, section headers, or PowerPoint slide titles.

2. Redactions for Other Drugs may not include compounds that

  a. contain pioglitazone;

  b. are PPAR agonist (as defined by the list jointly developed by PSC and Defendants);

  c. are alogliptin or a drug containing alogliptin;

  d. are a TZD (as defined by the list jointly developed by PSC and Defendants); or

  e. are related to a drug for which Takeda contemplated or made plans related to the marketing, by Takeda, or other manufacturer, of a fixed-dose combination with pioglitazone,

3. Redactions for Other Drugs shall not be applied where the text relates to:

  a. studies involving other drug(s) where patients have been given or will be given pioglitazone during the study;

  b. bladder cancer, bladder tumors, urothelial cancer or tumors, bladder or urothelial neoplasms or hyperplasia, microcrystal or

      crystal formation in the bladder in laboratory, non-clinical, animal or human studies;

  c.   the comparison of other drug(s) with pioglitazone, or devising strategy with respect to Actos® in any way;

  d.   toxicological properties of any Defendant drugs involving bladder tumors (cancer, neoplasms, or hyperplasia or other terms indicative of bladder tumors); or

  e.   where unbranded discussion of diabetes issues occurs in the context of otherwise responsive Takeda documents; however, discussion of diabetes issues related to Defendants' other diabetes products, outside the context of Actos®, shall be properly redactable subject to the other guidelines herein.

4.   Where special situations may create the need for redactions not anticipated by this agreement, before applying any such redactions, or where the PSC shall wish to challenge specific relevance redactions, the parties shall meet and confer, and if needed, confer with the Special Masters, to determine how the situation shall be handled.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 21 day of March, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

{L0238671.1}       6