RECEIVED
OCT - 2 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
| | JUDGE DOHERTY |
| This Document Applies To: *Allen, et. al. v. Takeda Pharmaceuticals North America, Inc., et al.* (Case No. 12-cv-00064) | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court are 15 motions in limine filed on September 6, 2013. This Court heard oral argument on all motions during a telephone conference held on September 13, 2013. After hearing argument, this Court, along with the parties, determined which, if any, of the motions demanded written response and/or reply, or for which, if any, stipulations had been agreed. The motions for which, all agreed, did not require further response or reply, the Court ruled on the record giving full reasons; this memorandum ruling memorializes those rulings, and adopts and incorporates the hearing transcript as a part of this ruling [Doc. 228; MDL Doc 3314], where findings of fact, conclusions of law, and full reasons are given:

1. Considering Plaintiffs' Motion in Limine to Exclude Testimony About the Use of Actos by Defendants' Employees or Their Family Members [Doc. 213; MDL Doc. 3274], this Court DENIES the motion as premature, for the reasons more fully set forth on the record.

2. Considering Plaintiffs' Motion in Limine to Exclude any Suggestion that an

Award of Damages will Adversely Affect the Ability of any Juror to Access Medication [Doc. 214; MDL Doc. 3275], this Court GRANTS this motion as it applies to the liability phase of trial and DEFERS ruling on this motion to the extent applicable to any punitive damages phase of trial, should any become necessary, for the reasons more fully set forth on the record.

3. Considering Plaintiffs' Motion in Limine to Exclude any Suggestion That This Litigation May Negatively Impact Defendants' or Other Pharmaceutical Companies' Stock Prices or Cause Their Employees Financial Hardship or Loss of Employment [Doc. 215; MDL Doc. 3276], this Court GRANTS this motion as it applies to the liability phase of trial and DEFERS ruling on this motion to the extent applicable to any punitive damages phase of trial, should any become necessary, for the reasons more fully set forth on the record.

4. Considering Plaintiffs' Motion in Limine to Exclude any Suggestion that Defendants May Have Limited Insurance Policy Limits or Cash, or That a Verdict for Plaintiffs May Adversely Affect Defendants' Insurance Rates, Premiums, Finances or Ability to Compete in the Marketplace [Doc. 216; MDL Doc. 3277], this Court GRANTS this motion as it applies to the liability phase of trial and DEFERS ruling on this motion to the extent applicable to any punitive damages phase of trial, should any become necessary, for the reasons more fully set forth on the record.

5. Considering Plaintiffs' Motion in Limine to Exclude any Suggestion That This Litigation May Cause an Increase in the Cost of Purchasing or Maintaining Insurance [Doc. 217; MDL Doc. 3278], this Court GRANTS this motion as it applies to the liability phase of trial and

DEFERS ruling on this motion to the extent applicable to any punitive damages phase of trial, should any become necessary, for the reasons more fully set forth on the record.

6. Considering Plaintiffs' Motion in Limine to Exclude any Suggestion that Defendants' Payment of a Judgment in this Case or in Any Other Actos Product Liability Case May Adversely Affect the Economy or Cause Layoffs [Doc. 218; MDL Doc. 3279], this Court GRANTS this motion as it applies to the liability phase of trial and DEFERS ruling on this motion to the extent applicable to any punitive damages phase of trial, should any become necessary, for the reasons more fully set forth on the record. Should the issues raised in this motion become relevant, this Court will permit additional briefing of the issue at that time.

7. Considering Plaintiffs' Motion in Limine to Exclude any Reference to Plaintiffs' Counsel's Use of Jury Consultants [Doc. 221; MDL Doc. 3282], both parties informed this Court during oral argument that neither side would seek to present evidence as to the use of jury consultants by the opposing party. In light of this stipulation, this motion is DENIED as moot.

8. Considering Defendants' Motion in Limine to Exclude Any Evidence and Argument Relating to Past or Pending Claims, Verdicts, Lawsuits, or Investigations [Doc. 222; MDL Doc. 3285], the Court addressed the multiple issues presented individually. This Court finds that motion's *initial request* – which seeks to exclude "any and all evidence, testimony, or argument relating to past or pending claims" – is overly broad and DENIED on that basis and for the reasons more fully set forth on the record.

After the initial request, the motion proceeds to address four additional and separate

issues. During the conference call, each was discussed separately:

(a) *Other claims, namely other now pending lawsuits concerning the same facts as clarified on the record.* With regard to this request, the motion is GRANTED, for the reasons more fully set forth on the record.

(b) *Other verdicts that have been rendered or will be rendered between now and the trial.* With regard to this request (to the extent such evidence is not relevant to any possible spoliation issue), the motion is GRANTED, for the reasons more fully set forth on the record.

(c) *Other lawsuits to which defendants have been a party.* With regard to this request, at this juncture, the motion is DENIED, for the reasons more fully set forth on the record.

(d) *Evidence relating to any and all investigations.* With regard to this request, the motion is DENIED as overly broad, as described more fully on the record.

9. Considering Defendants' Motion in Limine to Exclude Evidence and Argument Regarding the Attendance or Non-attendance of Certain Witnesses at Trial [Doc. 223; MDL Doc. 3286], this Court DEFERS ruling, as parties indicated a willingness to discuss the matter further in an effort to reach an agreement. The parties are to notify the Special Masters if any such agreement is reached, in turn, the Special Masters will notify the Court as to the resolution, if any by October 15, 2013.

10. Considering Defendants' Motion in Limine to Exclude Reference to the Size and Characteristics of Defendants Law Firms [Doc. 226; MDL Doc. 3290], this Court was informed by the plaintiffs that their objection to this motion is withdrawn. In light of this fact, this Court

GRANTS the motion because such evidence is irrelevant.

11. Considering Plaintiffs' Motion in Limine to Exclude Any Suggestion that a Verdict for Plaintiffs will Adversely Impact Defendants' or Other Pharmaceutical Companies' Incentive or Ability to Develop New Medications [Doc. 220; MDL Doc. 3281], for which this Court received briefing on September 18, 2013 [Doc. 229; MDL Doc. 3318], and reply briefing was allowed but none received by this Court. After full review of the briefs, and in considering arguments made at the hearing, this Court DEFERS ruling on this motion until trial, as it applies to both the liability phase of trial and to the extent applicable to any punitive damages phase of trial, should any become necessary, because this Court is unable to ascertain, at this time, without a sufficient contextual basis whether this evidence will be relevant.

12. Considering Plaintiffs' Motion in Limine to Exclude any Suggestion That This Case or Any Other Actos Products Liability Case May Cause an Increase in the Cost of Medication [Doc. 219; MDL Doc. 3280], for which briefing was received on September 18, 2013 [Doc. 230; MDL Doc. 3319]. The Defendants agree not to raise the evidence Plaintiffs' seek to exclude at the liability phase of trial, unless Plaintiffs' present evidence that would require Defendants to present such evidence in response. After full review of the briefs, and in considering arguments made at the hearing, this Court GRANTS this motion.

13. Considering Plaintiffs' Motion in Limine to Exclude Evidence and Commentary Regarding Defendants' Employment of a Large Number of People [Doc. 212; MDL Doc. 3273], for which briefing was received on September 18, 2013 [Doc. 231; MDL Doc. 3320]. The

Defendants argue that Plaintiffs' motion is overly broad and in its brief Defendants propose a well-defined scope of the evidence they may wish to present. After full review of the briefs, and in considering the arguments made at the hearing, this Court agrees with Defendants and DENIES this motion, as stated, as overly broad.

14. There remain two (2) additional motions in limine that the Court has not yet ruled on: Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Unrelated Corporate History [Doc. 224; MDL Doc. 3288],[1] for which briefing was received on September 25, 2013 [Doc. 243; MDL Doc. 3342] and is currently being reviewed; and Defendants' Motion in Limine to Exclude Certain Evidence and Argument Regarding Rezulin and Avandia [Doc. 225; MDL Doc. 3289], for which briefing was received on September 25, 2013 [Doc. 242; MDL. Doc. 3341] and is currently being reviewed. Once outstanding briefing has been submitted and received briefing reviewed, this Court will issue rulings on the remaining motions as soon as possible.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___ day of October, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] This motion was ruled on in part at the hearing; however, the ruling will be memorialized once final ruling has been made.