RECEIVED

OCT 1 0 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
| | JUDGE DOHERTY |
| This Document Applies To: *Allen, et. al. v. Takeda Pharmaceuticals North America, Inc., et al.* (Case No. 12-cv-00064) | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court are nine (9) motions in limine filed on September 20, 2013, and two (2) motions in limine remaining from those filed on September 6, 2013. This Court heard oral argument on all pending motions during a telephone conference held on September 30, 2013. At that time, this Court determined which motions required a written response and/or reply, which could be addressed without the need for a formal written opposition, and which motions were the subject of stipulations that had been reached between the parties. Where briefing had been completed to the point where a ruling was possible, the Court ruled on the record; this memorandum ruling memorializes those rulings, and adopts and incorporates the hearing transcript as a part of this ruling [Doc. 248; MDL Doc 3362], where findings of fact, conclusions of law, and full reasons are given:

1. Defendants' Motion in Limine to Exclude Certain Evidence and Argument Regarding Rezulin and Avandia [Doc. 225; MDL Doc. 3289], for which briefing was received on September 25, 2013 [Doc. 242; MDL. Doc. 3341], this Court DEFERS ruling on this motion

until after the Expert Hearing in December, for the reasons more fully set forth on the record. Counsel are cautioned that there is a prohibition against bringing up the evidence encompassed in this motion. If after the Expert Hearing this Court cannot make a ruling, it will be deferred until trial.

2. Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Unrelated Corporate History [Doc. 224; MDL Doc. 3288] for which briefing was received on September 25, 2013 [Doc. 243; MDL Doc. 3342] and reviewed. This Court allowed and received Reply briefing on October 7, 2013, therefore, this Court will rule on this motion in due course and after briefing is reviewed.

3. Considering Plaintiffs' MOTION in Limine to Exclude Any Comment or Inference That Bolsters the Unchallenged Character or Traits of the Defendants Current or Former Employees, Managers, Consultants, Experts, Agents, or Fiduciaries [Doc. 233; MDL Doc. 3328], this Court accepts the parties stipulations as noted on the record. However, this Court GRANTS this motion to the extent that it reflects the Federal Rules of Evidence 608 and 609.

4. Considering Plaintiffs' MOTION in Limine to Exclude Any Suggestion That Defendants and the Pharmaceutical Industry Have to Factor In the Overall Cost of Lawsuits When Determining the Cost of Their Products to the Public [Doc. 234; MDL Doc. 3329], this Court accepts the parties stipulation as noted on the record. However, this Court GRANTS this motion as it applies to the liability phase of trial and DEFERS ruling on this motion to the extent

applicable to any punitive damages phase of trial, should any become necessary, for the reasons more fully set forth on the record.

5. Considering Plaintiffs' MOTION in Limine to Exclude Reference to Unrelated Litigation Involving Terrence Allen's Prescribing or Treating Doctors [Doc. 235; MDL Doc. 3330], this Court GRANTS this motion consistent with the parties' stipulation on the record, and, for the reasons more fully set forth on the record.

6. Considering Plaintiffs' MOTION in Limine to Exclude Any Reference to the Number and/or Frequency of Bladder Cancer Cases [Doc. 236; MDL Doc. 3331], this Court DEFERS ruling on this motion until after the Expert Hearing in December, for the reasons more fully set forth on the record.

7. Considering Plaintiffs' MOTION in Limine to Exclude Any Reference to the Financial Status or Resources of Plaintiffs' Counsel or to Their Other Businesses or Cases [Doc. 237; MDL Doc. 3332], this Court GRANTS this motion consistent with the parties' stipulation on the record and, for the reasons more fully set forth on the record.

8. Considering Plaintiffs' MOTION in Limine to Exclude Any Reference to the Plaintiffs Fee Arrangement or to Who Is Paying Expenses or Is Responsible for Expenses in Connection With This Litigation [Doc. 238; MDL Doc. 3333], this Court GRANTS this motion consistent with the parties' stipulation on the record and, for the reasons more fully set forth on the record.

9. Considering Plaintiffs' MOTION in Limine to Exclude Any Reference to How, When, or Under What Circumstances Plaintiffs Selected or Employed Their Attorneys and to Any Other Lawyers Plaintiffs Consulted or Retained [Doc. 239; MDL Doc. 3334], this Court GRANTS this motion consistent with the parties' stipulation on the record and, for the reasons more fully set forth on the record.

10. Considering Plaintiffs' MOTION in Limine to Exclude Any Reference to Tort Reform or a Purported Litigation Crisis, Lawsuit Crisis, Lawsuit Abuse, or Similar Concepts or Phrases [Doc. 240; MDL Doc. 3335], this Court GRANTS this motion consistent with the parties' stipulation on the record and, for the reasons more fully set forth on the record.

11. Considering Plaintiffs' MOTION in Limine to Exclude Any Reference to Whether Terrence Allen's Medical Expenses Are Covered By Some Form of Insurance or Other Collateral Source [Doc.241; MDL Doc. 3336], this Court DEFERS this motion to give the parties an opportunity to resolve the matter.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___10___ day of October, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE