RECEIVED

NOV - 5 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

IN RE: ACTOS (PIOGLITAZONE)
PRODUCTS LIABILITY LITIGATION

This Document Applies To:
*Allen, et. al. v. Takeda Pharmaceuticals
North America, Inc., et al.*
(Case No. 12-cv-00064)

MDL No. 6:11-md-2299

JUDGE DOHERTY

MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Before the Court are six (6) motions in limine filed on October 4, 2013, two (2) motions

in limine filed on October 7, 2013 and one (1) remaining from those filed on September 20,

2013, and one (1) from those filed on September 6, 2013, which had been deferred on October 2,

2013. This Court heard oral argument on all pending motions during an in-person conference

held on October 15, 2013. At that time, this Court determined which motions required a written

response and/or reply, which could be addressed without the need for a formal written

opposition, and which motions were the subject of stipulations between the parties. Where

briefing had been completed to the point where a ruling was possible, the Court ruled on the

record; this memorandum ruling memorializes those rulings, and adopts and incorporates the

hearing transcript as a part of this ruling [Doc. 304; MDL Doc. 3459], where findings of fact,

conclusions of law, and full reasons are given:

1.      Considering Defendants' Motion in Limine to Exclude Evidence and Argument

Regarding Unrelated Corporate History [Doc. 224; MDL Doc. 3288], for which briefing was

received on September 25, 2013 [Doc. 243; MDL Doc. 3342], and Reply briefing on October 7, 2013 [Doc. 260; MDL Doc. 3376], this Court GRANTS the motion without prejudice to the Plaintiffs' right to request this Court re-evaluate this ruling, outside the presence of the jury, if independent relevance emerges during trial, for the reasons more fully set forth on the record.

2.      Considering Defendants' Motion in Limine to Exclude Evidence and Argument Regarding the Attendance or Non-attendance of Certain Witnesses at Trial [Doc. 223; MDL Doc. 3286], which was originally deferred pending anticipated agreement between the parties, and for which no agreement was reached, this Court DENIES the motion for the failure of the Defendants to carry their burden, as more fully set forth on the record.

3.      Considering Defendants' Motion in Limine to Exclude Argument Regarding Witnesses Testifying by Deposition [Doc. 252; MDL Doc. 3368], this Court DEFERS ruling on this motion pending additional briefing, as more fully set forth on the record.

4.      Considering Plaintiffs' Motion in Limine to Exclude Any Reference to the Quantity of Information Produced, the Number of Custodial Files Produced, or Terabytes of Information Produced [Doc. 254; MDL Doc. 3370], this Court GRANTS the motion without prejudice to the Defendants' right to request this Court re-evaluate this ruling, outside the presence of the jury, if independent relevance emerges during trial, for the reasons more fully set forth on the record.

5.      Considering Plaintiffs' Motion in Limine to Exclude Any Mention that Lipitor is

Alleged to Cause Cancer [Doc. 255; MDL Doc. 3371], this Court GRANTS in PART and DEFERS in PART.  The motion is GRANTED insofar as the argued evidence is excluded as proof of causation, as stipulated by the Defendants on the record.  The motion is DEFERRED as to all other issues, pending additional briefing, for the reasons more fully set forth on the record.

6.      Considering Plaintiffs' Motion in Limine to Exclude Any Reference that Vitamin C has been Alleged to Cause Cancer [Doc. 256; MDL Doc. 3372], this Court GRANTS in PART and DEFERS in PART.  The motion is GRANTED insofar as the argued evidence is excluded as proof of causation, as stipulated by the Defendants on the record.  The motion is DEFERRED as to all other issues, pending additional briefing, for the reasons more fully set forth on the record.

7.      Considering Plaintiffs' Motion in Limine to Exclude Any Reference to Conditions in Plaintiffs Medical Records that were Never Diagnosed by a Physician [Doc. 257; MDL Doc. 3373], this Court DENIES the motion without prejudice to the Plaintiffs' right to re-urge after they take the video deposition of the treating physicians, as more fully set forth on the record.

8.      Considering Plaintiffs' Motion in Limine to Preclude Testimony/Argument that Lack of Statements by the FDA and Other Entities Such as the ADA, ACA, SUO, AUA, ASCO, CDC, NIH and URH is Evidence Regarding General Causation with Respect to Actos Causing Bladder Cancer [Doc. 258; MDL Doc. 3374], this Court DEFERS ruling on this motion pending additional briefing, as more fully set forth on the record.

9.      Considering Plaintiffs' Motion in Limine to Exclude Any Evidence or Discussion

of Plaintiff Terrence Allens Diabetic Foot Ulcerations, Toe Amputation, Toe Joint Replacement Surgery, and Routine Podiatrist Office Visits [Doc. 261; MDL Doc. 3377], this Court notes that Plaintiffs' motion is WITHDRAWN, for the reasons more fully set forth on the record.

10.     Considering Plaintiffs' Motion in Limine to Exclude any Reference to Plaintiff Terrence Allen's Pre-Existing Medical Conditions of Myocardial Infarction and Stent Placement [Doc. 262; MDL Doc. 3378], this Court notes that Plaintiffs' motion is WITHDRAWN, for the reasons more fully set forth on the record.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __5__ day of November, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE