RECEIVED

NOV 1 3 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

IN RE: ACTOS (PIOGLITAZONE)                    MDL No. 6:11-md-2299
PRODUCTS LIABILITY LITIGATION

                                               JUDGE DOHERTY
This Document Applies To:
*Allen, et. al. v. Takeda Pharmaceuticals*      MAGISTRATE JUDGE HANNA
*North America, Inc., et al.*
Case No. 12-cv-00064

## MEMORANDUM RULING

Before the Court are thirteen (13) motions in limine filed on October 14, 2013.  This

Court heard oral argument on all pending motions during a telephone conference held on

October 28, 2013.  At that time, this Court determined which motions required a written response

and/or reply, which could be addressed without the need for a formal written opposition, and

which motions were the subject of stipulations that had been reached between the parties.  Where

briefing had been completed to the point where a ruling was possible, the Court ruled on the

record; this memorandum ruling memorializes those rulings, and adopts and incorporates the

hearing transcript as a part of this ruling [Doc. 353; MDL Doc. 3531], where findings of fact,

conclusions of law, and full reasons are given:

1.      Considering Defendants' Motion in Limine to Exclude Certain Evidence and

Argument regarding Adverse Event Reports [Doc. 268; MDL Doc. 3403], this Court DEFERS

ruling on the motion pending additional briefing, as more fully set forth on the record.

2.      Considering Defendants' Motion in Limine to Exclude Evidence and Argument regarding Takeda or Eli Lilly Drugs Withdrawn from the Market [Doc. 269; MDL Doc. 3404], this Court DEFERS ruling on the motion pending additional briefing, as more fully set forth on the record.

3.      Considering Defendants' Motion in Limine to Exclude Evidence of Foreign Marketing and Sales Materials [Doc. 270; MDL Doc. 3405], this Court DEFERS ruling on the motion pending submission of legal briefing on New York's substantive law applicable to the claims made in this action, as more fully set forth on the record.

4.      Considering Defendants' Motion in Limine to Exclude Evidence and Argument regarding Foreign Regulatory Activities [Doc. 271; MDL Doc. 3406], this Court DEFERS ruling on the motion pending submission of legal briefing on New York's substantive law applicable to the claims made in this action, as more fully set forth on the record.

5.      Considering Defendants' Motion in Limine to Exclude Evidence and Argument regarding alleged "Ghostwriting" [Doc. 272; MDL Doc. 3407], and after clarification by the Defendants that this motion, assuming otherwise admissible evidence, narrowly seeks to exclude use of the pejorative term "ghostwriting," this Court GRANTS the motion.  Plaintiffs indicated that "ghostwriting" will not be used without first obtaining permission to do so, and such permission will not likely be granted unless there is some showing that "ghostwriting" is a term of art, all as more fully set forth on the record.

6.      Considering Defendants' Motion in Limine to Exclude the Testimony of Helen Ge [Doc. 273; MDL Doc. 3408], this Court this Court DEFERS ruling on the motion pending additional briefing, as more fully set forth on the record.

7.      Considering Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Takeda Chemical Industries Ltd.'s Vitamins Plea [Doc. 274; MDL Doc. 3409], this Court GRANTS the motion without prejudice to the Plaintiffs' right to request, outside the presence of the jury, that this Court reevaluate this ruling and the evidence be allowed during trial if an independent basis for relevance arises, all as more fully set forth on the record.

8.      Considering Plaintiffs' Motion in Limine to Exclude as Irrelevant and Prejudicial any Evidence or Reference Concerning Rare Fatal Side-Effects of Commonly Used Over-The-Counter (OTC) Drugs [Doc. 277; MDL Doc. 3412], this Court DEFERS ruling on the motion pending additional briefing, as more fully set forth on the record.

9.      Considering Plaintiffs' Motion in Limine to Exclude Any Reference to Payments Made to Plaintiff Allens Treating Doctor for his Time During Deposition, Preparation, and for his Review of Medical Literature [Doc. 279; MDL Doc. 3414], this Court DEFERS ruling on the motion pending additional briefing, as more fully set forth on the record.

10.      Considering Plaintiffs' Motion in Limine to Exclude Any Reference to Product Labeling and Other Evidence of Pharmaceutical Drugs Taken by Plaintiff Other than Actos [Doc. 285; MDL Doc. 3420], this Court DEFERS ruling on the motion pending additional

briefing, as more fully set forth on the record.

11.     Considering Plaintiffs' Motion in Limine to Exclude Any Evidence That Pioglitazone is Beneficial to or Decreases the Risk of Certain Types of Cancer [Doc. 293; MDL Doc. 3428], this Court DEFERS ruling on this motion pending additional briefing, as more fully set forth on the record.

12.     Considering Plaintiffs' Motion in Limine to Exclude any Evidence or Discussion of Defendants Role as Innovators of the TZD Class and the Pioglitazone Compound [Doc. 294; MDL Doc. 3429], this Court  DENIES the motion as overly broad as written, as more fully set forth on the record.

13.     Considering Plaintiffs' Motion in Limine to Exclude Evidence or Testimony to the July/August 2013 AACE/ACE Diabetes and Cancer Consensus Statement [Doc. 295; MDL Doc. 3430], this Court DEFERS ruling on the motion pending additional briefing, as more fully set forth on the record.

THUS  DONE  AND  SIGNED  in Lafayette, Louisiana, this _13_ day of November, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE