RECEIVED

DEC 1 7 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
| | JUDGE DOHERTY |
| This Document Applies To: *Allen, et. al. v. Takeda Pharmaceuticals North America, Inc., et al.* Case No. 12-cv-00064 | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court are the fifteen (15) remaining motions in limine filed by the parties between October 4, 2013 and October 16, 2013. This Court heard oral argument on all pending motions during a telephone conference, in open court, on November 21, 2013. At that time, this Court determined which motions required additional briefing, which could be addressed without additional briefing, and which motions were the subject of any stipulations that had been reached between the parties. Where briefing had been completed to the point where a ruling was possible, the Court ruled on the record; this memorandum ruling memorializes those rulings, and adopts and incorporates the hearing transcript as a part of this ruling [Doc. 437; MDL Doc. 3680], where findings of fact, conclusions of law, and full reasons are given:

    1.    Considering Defendants' Motion in Limine to Exclude Argument Regarding Witnesses Testifying by Deposition [Doc. 252; MDL Doc. 3368], for which Opposition briefing was received on October 22, 2013 [Doc. 330; MDL Doc. 3486], and Reply briefing on October 29, 2013 [Doc. 345; MDL Doc. 3516], this Court GRANTS the motion with no prejudice to the Plaintiffs' right to request this Court reevaluate this ruling either at the pre-trial conference or at trial, and if at trial, outside the presence of the jury, if Plaintiffs can demonstrate a deposition

should not be used in lieu of live testimony, and/or the fact that the Defendants "cherry-picked" should come to bear under a Federal Rule of Evidence Rule 403 analysis that such evidence is relevant to an issue before the Court, all as more fully set forth on the record.

2. Considering Plaintiffs' Motion in Limine to Exclude Any Mention that Lipitor is Alleged to Cause Cancer [Doc. 255; MDL Doc. 3371], which this Court GRANTED in PART and DEFERRED in PART pending additional briefing [Doc. 357; MDL Doc. 3539], for which briefing was received on October 22, 2013 [Doc. 326; MDL Doc. 3482], this Court now DENIES the DEFERRED portion of the motion but cautions the Defendants this evidence should not exceed the scope of cross-examination of expert testimony regarding the theories on rodent studies, all as more fully set forth on the record. This Court cautions the parties such evidence and testimony shall not be presented in opening statements, or in the presence of the jury beyond the limits set forth by the Court.

3. Considering Plaintiffs' Motion in Limine to Exclude Any Reference that Vitamin C has been Alleged to Cause Cancer [Doc. 256; MDL Doc. 3372], which this Court GRANTED in PART and DEFERRED in PART pending additional briefing [Doc. 357; MDL Doc. 3539], for which briefing was received on October 22, 2013 [Doc. 327; MDL Doc. 3483], this Court now DENIES the DEFERRED portion of the motion but cautions the Defendants this evidence should not exceed the scope of cross-examination of expert testimony regarding the theories on rodent studies, all as more fully set forth on the record. This Court cautions the parties such evidence and testimony shall not be presented in opening statements, or in the presence of the jury beyond the limits set forth by the Court.

4. Considering Plaintiffs' Motion in Limine to Preclude Testimony/Argument that Lack of Statements by the FDA and Other Entities Such as the ADA, ACA, SUO, AUA, ASCO,

CDC, NIH and URH is Evidence Regarding General Causation with Respect to Actos Causing Bladder Cancer [Doc. 258; MDL Doc. 3374], for which Opposition briefing was received on October 23, 2013 [Doc. 333; MDL Doc. 3493], and Reply briefing on October 30, 2013 [Doc. 347; MDL Doc. 3520], this Court GRANTS IN PART AND DENIES IN PART the motion. This Court GRANTS the motion to the extent it seeks to exclude evidence from non-FDA entities, or NGOs, however, if the Defendants can lay an adequate foundation, they may request the Court reevaluate this decision, outside the presence of the jury, all as more fully set forth on the record. This Court DENIES the motion to the extent it seeks to exclude evidence of FDA determinations, however, the Defendants are cautioned against mischaracterizing the determinations made by the FDA, if Defendants mischaracterize the evidence and an objection is lodged, the Defendants risk the objection being sustained and an instruction being given, if requested, all as more fully set forth on the record.

5. Considering Defendants' Motion in Limine to Exclude Certain Evidence and Argument regarding Adverse Event Reports [Doc. 268; MDL Doc. 3403], for which Opposition briefing was received on November 7, 2013 [Doc. 371; MDL Doc. 3557], and Reply briefing on November 13, 2013 [Doc. 386; MDL Doc. 3579], this Court DENIES the motion as premature, without prejudice to the parties' right to re-urge the motion at trial, all as more fully set forth on the record.

6. Considering Defendants' Motion in Limine to Exclude Evidence and Argument regarding Takeda or Eli Lilly Drugs Withdrawn from the Market [Doc. 269; MDL Doc. 3404], for which Opposition briefing was received on November 7, 2013 [Doc. 375; MDL Doc. 3561], this Court GRANTS IN PART AND DENIES IN PART the motion. This Court GRANTS the motion to the extent that, prior to the Plaintiffs eliciting testimony of, or presenting evidence of,

or allow any experts to go into Takeda and Eli Lilly having two other drugs withdrawn from the market, the Plaintiffs shall, outside the presence of the jury, request this Court revisit the issue and afford the Defendants an opportunity to be heard, all as more fully set forth on the record. This Court DENIES the motion as written except to the extent stated above, all as more fully set forth on the record.

7. Considering Defendants' Motion in Limine to Exclude Evidence of Foreign Marketing and Sales Materials [Doc. 270; MDL Doc. 3405], this Court DENIES the motion, however, the parties are cautioned that the Court will not allow any testimony or evidence to degrade into a mini-trial as to the sufficiency of the foreign marketing and sales materials, all as more fully set forth on the record.

8. Considering Defendants' Motion in Limine to Exclude Evidence and Argument regarding Foreign Regulatory Activities [Doc. 271; MDL Doc. 3406], this Court DENIES the motion, however, the parties are cautioned that the Court will not allow any testimony or evidence presentation to degrade into a mini-trial as to what a foreign agency does or does not do because the evidence is not to be used to determine causation, all as more fully set forth on the record.

9. Considering Defendants' Motion in Limine to Exclude the Testimony of Helen Ge [Doc. 273; MDL Doc. 3408], for which Opposition briefing was received on November 7, 2013 [Doc. 373; MDL Doc. 3559], and Reply briefing on November 14, 2013 [Doc. 396; MDL Doc. 3597], this Court GRANTS IN PART, DENIES IN PART, AND DEFERS IN PART the motion. This Court GRANTS the motion to the extent that Helen Ge's testimony renders a causation opinion beyond the factual testimony related to her position within Takeda, as more fully set forth on the record. This Court DENIES the motion to the extent that Helen Ge's

testimony required a Rule 26 report or required specialized knowledge within the scope of FRE 701(c), as more fully set forth on the record. This Court DEFERS the motion to the extent the parties seek to introduce evidence related to the filing of the actual *qui tam*, as more fully set forth on the record. The parties are ORDERED to edit the deposition testimony of Helen Ge first, and in conformity with this ruling, as more fully set forth on the record.

10. Considering Plaintiffs' Motion in Limine to Exclude as Irrelevant and Prejudicial any Evidence or Reference Concerning Rare Fatal Side-Effects of Commonly Used Over-The-Counter (OTC) Drugs [Doc. 277; MDL Doc. 3412], for which Opposition briefing was received on November 6, 2013 [Doc. 368; MDL Doc. 3553], and Reply briefing on November 13, 2013 [Doc. 389; MDL Doc. 3582], this Court DENIES the motion, however, Defendants are instructed that a proper foundation as to Mr. Allen's knowledge and/or awareness of the risks and/or warnings must be laid prior to examination, as more fully set forth on the record.

11. Considering Plaintiffs' Motion in Limine to Exclude Any Reference to Payments Made to Plaintiff Allen's Treating Doctor for his Time During Deposition, Preparation, and for his Review of Medical Literature [Doc. 279; MDL Doc. 3414], for which Opposition briefing was received on November 6, 2013 [Doc. 362; MDL Doc. 3546], and Reply briefing on November 13, 2013 [Doc. 388; MDL Doc. 3581], this Court DENIES the motion as this evidence could go toward credibility or the potential bias of this doctor under the unique facts involved, all as more fully set forth on the record.

12. Considering Plaintiffs' Motion in Limine to Exclude Any Reference to Product Labeling and Other Evidence of Pharmaceutical Drugs Taken by Plaintiff Other than Actos [Doc. 285; MDL Doc. 3420], for which Opposition briefing was received on November 6, 2013 [Doc. 367; MDL Doc. 3552], and Reply briefing on November 13, 2013 [Doc. 392; MDL Doc.

3586], this Court GRANTS IN PART AND DENIES IN PART the motion. This Court GRANTS the motion to the extent this evidence is used to impeach Mr. Allen's credibility, unless a proper foundation can be laid that the prescribing physician alerted Mr. Allen to the risks of a particular drug, all as more fully set forth on the record. This Court DENIES the motion to the extent this evidence is used to impeach the prescribing physicians' testimony, as more fully set forth on the record.

13. Considering Plaintiffs' Motion in Limine to Exclude Any Evidence That Pioglitazone is Beneficial to or Decreases the Risk of Certain Types of Cancer [Doc. 293; MDL Doc. 3428], for which Opposition briefing was received on November 6, 2013 [Doc. 363; MDL Doc. 3547], and Reply briefing on November 13, 2013 [Doc. 393; MDL Doc. 3587], this Court DEFERS ruling on this motion pending a determination as to the applicable standard under New York law. Once a determination has been made on the applicable standard under New York law this Court will issue a written ruling, all as more fully set forth on the record.

14. Considering Plaintiffs' Motion in Limine to Exclude Evidence or Testimony to the July/August 2013 AACE/ACE Diabetes and Cancer Consensus Statement [Doc. 295; MDL Doc. 3430], for which Opposition briefing was received on November 6, 2013 [Doc. 364; MDL Doc. 3548], and Reply briefing on November 13, 2013 [Doc. 391; MDL Doc. 3584], this Court DEFERS ruling on the motion pending additional briefing explaining to the Court why the July/August 2013 AACE/ACE Diabetes and Cancer Consensus Statement in not misleading. Once briefing has been submitted and reviewed this Court will issue a written ruling, all as more fully set forth on the record.

15. Considering Defendants' Motion in Limine to Exclude Evidence of Argument Regarding the Attendance or Non-Attendance of Certain Witnesses at Trail [Doc. 296; MDL

Doc. 3438], for which Opposition briefing was received on October 22, 2013 [Doc. 332; MDL Doc. 3488], and Reply briefing on October 29, 2013 [Doc. 344; MDL Doc. 3515], this Court DENIES IN PART AND GRANTS IN PART the motion. This Court DENIES as MOOT the portion of the motion that requests exclusion of commentary/argument regarding the physical presence of the parties in the courthouse at trial, pursuant to the stipulation both in the briefing and on the record, as more fully set forth on the record. The Court GRANTS the motion to the extent that such commentary/argument is made regarding third-party witnesses, however, the motion is granted with no prejudice to the Plaintiffs' right to, outside the presence of the jury, present evidence to this Court that a particular witness's absence to conduct a trial deposition was procured by the Defendants, all as more fully set forth on the record.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __16__ day of December, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE  12-17-13
BY  CO
TO  Co