RECEIVED
JAN - 3 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
| | JUDGE DOHERTY |
| This Document Applies To: *Allen, et. al. v. Takeda Pharmaceuticals North America, Inc., et al.* (Case No. 12-cv-00064) | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is Plaintiffs' Motion in Limine to Exclude Evidence or Testimony to the July/August 2013 AACE/ACE Diabetes and Cancer "Consensus Statement" [Doc. 3430] filed on October 15, 2013. Defendants oppose the motion. [Doc. 3584] After receiving the initial round of briefing, this Court held oral argument as a part of the process implemented in this matter to address all pending motions in limine. The hearing was held on November 21, 2013 [Doc. 3678]. At the hearing this Court expressed grave concern over the "Consensus Statement" and its potential for misleading and/or confusing the jury as to causation. This Court continues to have concern as to the issue of causation. The Court granted the parties an additional opportunity to address the evidentiary issue of whether allowing evidence or testimony concerning the "Consensus Statement" would, or would not, confuse and/or mislead the jury.

After submission of additional briefing by the parties, [Docs. 3709 & 3711] and having heard Defendants' arguments as to one aspect of their case at oral argument held on December 12, 2013, this Court, however, now determines the evidence at issue is relevant to the separate legal issue of whether Takeda satisfied its "duty to warn of all potential dangers in its prescription drugs *that it*

*knew, or, in the exercise of reasonable care, should have known to exist.*"[1] Therefore, Plaintiffs' Motion in Limine is DENIED.

This Court, however, also notes, Defendants clarified in their briefing, they will seek to introduce the "Consensus Statement" only through expert testimony only as a "learned treatise." [Doc. 3711, p.2]

Moreover, this Court notes that the Plaintiffs' objections to and concerns surrounding the introduction of the "Consensus Statement" may still, as this Court noted during oral argument, be the bases of rigorous cross-examination. Additionally, the Plaintiffs are free to object during the presentation of testimony, and this Court will entertain those objections at that time.

Considering the foregoing, Plaintiffs' Motion in Limine to Exclude Evidence or Testimony to the July/August 2013 AACE/ACE Diabetes and Cancer "Consensus Statement" [Doc. 3430] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 3 day of January, 2014.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] *Martin v. Hacker*, 83 N.Y.2d 1, 8-9 (1993) (emphasis added).