RECEIVED
JAN 0 6 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS (PIOGLITAZONE)      MDL No. 6:11-md-2299
PRODUCTS LIABILITY LITIGATION

JUDGE DOHERTY

This Document Applies To:
*Allen, et. al. v. Takeda Pharmaceuticals*      MAGISTRATE JUDGE HANNA
*North America, Inc., et al.*
(Case No. 12-cv-00064)

## MEMORANDUM RULING

Before the Court is Defendants' Motion in Limine to Exclude Certain Evidence and Argument Regarding Rezulin and Avandia [Doc. 3289] filed on September 6, 2013. Plaintiffs oppose the motion. [Doc. 3341] After receiving the briefing on this motion, the Court held oral argument as a part of the process implemented in this case to address pending motions in limine. The hearing for this group of motions in limine was held on September 30, 2013. [Doc. 3362] At the hearing this Court, having reviewed all briefing on the motion, DEFERRED the motion pending the submission of the *Daubert* motions and briefing. [Doc. 3394]

The Court has now received and reviewed all *Daubert* motions and briefing in this case. Additionally, the Court held oral argument on two of the *Daubert* motions. Therefore, this motion is now ripe for consideration. For the following reasons, this motion is GRANTED in PART and DENIED in PART.

Defendants seek to exclude "evidence, testimony, and argument suggesting that Actos® is unsafe because Rezulin and Avandia have been withdrawn or restricted from marketing in the United States." [Doc. 3389, p.1] At first read, Defendants motion and brief argue for a sweeping exclusion of evidence and argument related to Rezulin and Avandia. Defendants, however, clarify the scope

of their motion in Footnote (2) of the "Memorandum in Support of Defendants' Motion in Limine to Exclude Certain Evidence and Argument Regarding Rezulin and Avandia" [Doc. 3289-1, p. 2],

> To be clear, Defendants do not contend that all evidence about Avandia and Rezulin is inadmissible. This motion is limited to a request for exclusion of evidence and argument suggesting that Actos® is unsafe simply because it is in a class of medications whose other members have been withdrawn or restricted due to safety concerns.

In response, the Plaintiffs clarify their opposition stating,

> Plaintiffs *do not intend* to stand up before this Court and the jury and argue that Actos is unsafe *simply because* it is a member of a class of medications called thiazolidinediones ("TZDs") and the other two medications approved by the U.S. Food and Drug Administration ("FDA") within the TZD class of drugs (Rezulin and Avandia) have been withdrawn or restricted from sales and marketing in the United States. To the extent that Defendants' motion seeks to exclude evidence offered for that specific purpose at the liability phase of the trial, Plaintiffs do not oppose the motion.

[Doc. 3341, p. 1] From the Court's reading of the motion and opposition, it is evident there was a possible failure to communicate between the parties despite the Court's requirement they "meet and confer" prior to filing motions in limine. The parties agree argument and evidence the Defendants now seek to exclude, Plaintiffs will not present. Despite this Court's order and the "agreement" reached, Plaintiffs attempt to limit their affirmation solely to "the liability phase of trial" and Defendants continue to raise objection as to evidence Plaintiffs attest they will not present. The Court, however, finds "evidence and argument suggesting that Actos is unsafe simply because it is in a class of medications whose other members have been withdrawn or restricted due to safety concerns" is likely equally questionable to punitive damages, if any. However, to the question of, within the context of the trial and expert testimony given, whether the challenged evidence might or might not be relevant to the foremost legal inquiry as to the tort claim that Defendants "failed to

adequately warn" of "all potential dangers" Takeda " knew, or, in the exercise of reasonable care should have known to exist"[1] remains to be seen and cannot be determined by this Court in a vacuum. However, unless, at sidebar and outside the presence of the jury, Plaintiffs present the relevance for this evidence, other than "simply because it is in a class of medications whose other members have been withdrawn or restricted due to safety concerns" Actos should have been withdrawn, this Court GRANTS the motion to the "extent it seeks to exclude evidence and argument suggesting that Actos is unsafe simply because it is in a class of medications whose other members have been withdrawn or restricted due to safety concerns" as to general liability and punitive damages.

As to the remainder of the motion, if any, this Court finds it again, cannot, at this juncture, determine whether evidence concerning other TZD class drugs might or might not have relevance to the legal issue of whether Takeda satisfied its "duty to warn of all potential dangers in its prescription drugs *that it knew, or, in the exercise of reasonable care, should have known to exist.*"[2] Therefore, this Court DENIES all remaining aspects of this motion, to the extent any remain.

Considering the foregoing, Defendants' Motion in Limine to Exclude Certain Evidence and Argument Regarding Rezulin and Avandia [Doc. 3289] is GRANTED IN PART and DENIED IN PART in the following particulars:

The motion is GRANTED to the "extent it seeks to exclude evidence and argument suggesting that Actos is unsafe *simply because* it is in a class of medications whose other members have been withdrawn or restricted due to safety concerns." [Doc. 3289] (emphasis added)

---

[1] *See Martin v. Hacker*, 83 N.Y.2d 1, 8-9 (1993) (internal citations omitted).

[2] *Id.*(emphasis added).

The motion is DENIED to the extent the challenged evidence might have any independent relevance as to the legal issues before the Court.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __6__ day of January, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE