RECEIVED
JAN - 7 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
| | JUDGE DOHERTY |
| This Document Applies To: *Allen, et. al. v. Takeda Pharmaceuticals North America, Inc., et al.* (Case No. 12-cv-00064) | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is Plaintiffs' Motion in Limine to Exclude Any Reference to the Number and/or Frequency of Bladder Cases [Doc. 3331] filed on September 20, 2013. After review of this motion, the Court held oral argument as a part of the process implemented in this case to address pending motions in limine. The hearing, held via telephone conference, for this group of motions in limine was on September 30, 2013. [Doc. 3362] At the hearing this Court, after hearing argument from the Plaintiffs and Defendants, determined it did not need additional written response, and DEFERRED the motion pending the submission of the *Daubert* motions and briefing. [Docs. 3393 & 3394]

The Court has now received and reviewed all *Daubert* motions and briefing in this case. Additionally, the Court held oral argument on two of the *Daubert* motions. Therefore, this motion is now ripe for consideration. For the following reasons, this motion is DENIED.

Plaintiffs seek to exclude any reference to "(1) the total number of bladder cancer cases that occur or have occurred in the United States of any political or geographical subdivision thereof" and "(2) the frequency with which bladder cancer cases are diagnosed." [Doc. 3331-1]. Plaintiffs clarify the scope of their motion in footnote one (1) of their memorandum in support in that they:

do not seek to preclude defendants from offering evidence or argument regarding the general incidence rates of bladder cancer but only seek to exclude the number, ranking and time-measured frequency of diagnosis. The parties would remain free, subject to perhaps other objects, to offer evidence regarding the incidence rates of bladder cancer or background rates (e.g. 1/100,000) and rates of remission/recurrence.

[Doc. 3331-1, 2] At oral argument, Defendants argued in response, that this evidence would not likely be relevant to specific causation, however, it might be relevant to, and admitted under, the banner of "general causation." [Doc. 3362, 43-44] This Court agrees with the Defendants, at this juncture, the evidence the Plaintiffs seek to exclude might or might not be relevant to the question of general causation, or to any evidence the Defendants might put forth to counter the Plaintiffs' theory of general causation. Additionally, this Court notes, within the context of the trial and expert testimony given, whether the challenged evidence might or might not be relevant to the foremost legal inquiry as to the tort claim that Defendants "failed to adequately warn" of "all potential dangers" Takeda "knew, or, in the exercise of reasonable care, should have known to exist"[1] remains to be seen and cannot be determined in a vacuum. Plaintiffs, however, maintain their right to object at trial, and those objections will be handled at that time.

Consequently, for the foregoing reasons, Plaintiffs' Limine to Exclude Any Reference to the Number and/or Frequency of Bladder Cases [Doc. 3331] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 7 day of January, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] *See Martin v. Hacker*, 83 N.Y.2d 1, 8-9 (1993) (internal citations omitted).