RECEIVED

JAN 2 2 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
| | JUDGE DOHERTY |
| This Document Applies To: *Allen, et. al. v. Takeda Pharmaceuticals North America, Inc., et al.* (Case No. 12-cv-00064) | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING & ORDER: DEPOSITION OBJECTIONS

This multidistrict litigation arises from product liability claims against the manufacturer and marketer of ACTOS® and other drugs containing pioglitazone. Pending before this Court are rulings on deposition objections of certain deposition testimony that the parties intend to introduce into evidence.

Plaintiffs' tort claim against Defendants,[1] based upon the Plaintiffs' allegation Takeda failed to adequately warn of "all potential dangers" "Takeda knew, or in the exercise of reasonable case, should have known to exist" as to the drug "Actos," will primarily, govern the rulings this Court makes regarding these deposition designation objections. The specific tort at issue - unless specified otherwise - is based upon Takeda's "failure to adequately warn."[2] In general, the governing law is

---

[1] For the purposes of these deposition designation objections, the Court will not make a distinction between the various Defendant entities, because the parties have not made any distinction among those entities in the objections.

[2] Because Plaintiffs have withdrawn their defective design claim, the tort claim primarily at issue - unless specified otherwise is - "failure to adequately warn."

the law of New York, as primarily articulated in *Wolfgruber*,[3] *Martin*,[4] *Brumbaugh*,[5] *Lindsay*,[6] *Baker*,[7] and *Davids*.[8] The general inquiry at issue is whether Defendants **"adequately warned"** Plaintiffs' physicians of **"all potential dangers"** that they **"knew, or, in the exercise of reasonable care, should have known to exist."**[9] Thereafter, causation – both general and then specific – will be addressed by the jury, depending upon the jury's finding as to the warning issued. In general, New York law also grants the applicable standard for the specific causation inquiry, i.e., was the alleged failure to adequately warn of the relevant danger "a substantial factor in bringing about the injury," that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury.[10] There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial.[11] A cause may be substantial even if a relatively small percentage is assigned to it.[12]

This Court will not herein restate the objections and responses made by the parties as to each

---

[3] *Wolfgruber v. Upjohn Co.*, 72 A.D.2d 59 (N.Y. App. Div. 4th Dep't 1979).

[4] *Martin v. Hacker*, 83 N.Y.2d 1 (1993).

[5] *Brumbaugh v. CEJJ, Inc.*, 152 A.D.2d 69 (N.Y. App. Div. 3d Dep't 1989).

[6] *Lindsay v. Ortho Pharm. Corp.*, 637 F.2d 87 (2d Cir. 1980).

[7] *Baker v. St. Agnes Hospital*, 70 A.D.2d 400 (N.Y. App. Div. 2d Dep't 1979).

[8] *Davids v. Novartis*, 857 F.Supp.2d 267 (E.D.N.Y. 2012).

[9] *Martin*, 83 N.Y.2d at 8.

[10] *Hodder v. United States*, 328 F. Supp. 2d 335, 358 n.10 (E.D.N.Y. 2004); *see also* N.Y. PJI 2:120 and N.Y. PJI 2:70.

[11] *Id.*

[12] *See* N.Y. PJI 2:70.

objection, rather, incorporates those objections and responses into this Ruling.[13] Additionally, this Court has previously made formal rulings as to the Joint Submissions listed below on the record, which the Court incorporates herein,[14] and this Ruling serves to supplement the prior rulings made on the record. Consequently, any outstanding objections, which the Court determined required additional information are now addressed below. Finally, certain Deposition Excerpts were withdrawn, those too are listed below.

**Rulings on Outstanding Objections**

*Helen Ge*

The Court has ruled on all of the objections in the Joint Submission of Deposition Packet of Helen Ge. Consequently, no objections contained in the packet are outstanding. Consequently, the Joint Submission of Deposition Packet of Helen Ge is SUSTAINED in PART and OVERRULED in PART all as more fully set forth on the record.

*Shay Weisbrich*

The Court has ruled on the majority of the objections in the Joint Submission of Deposition Packet of Shay Weisbrich. The Court, however, requested additional information on certain objections. On Objections 1 - 9 lodged by the Defendants, pursuant to agreement by the parties, those Objections are now withdrawn. Additionally, as part of the agreement, Defendants have withdrawn the following counter designations: 348:3-357:5, 361:2-12, 369:16-370:9, and 411:11-15. As no further information was provided beyond what is memorialized within this Ruling, any outstanding rulings for which the submission of additional information was permitted, will remain as ruled on

---

[13] *See* Rec. Doc. 3883, Exhibits 1-4.

[14] *See* Transcript of proceedings on January 17, 2014, which will be filed into the record.

the record. Consequently, the Joint Submission of Deposition Packet of Shay Weisbrich is SUSTAINED in PART and OVERRULED in PART all as more fully set forth on the record.

*Mary Ramstack*

The Court has ruled on the majority of the objections in the Joint Submission of Deposition Packet of Mary Ramstack. The Court, however, requested additional information on certain objections. As no additional information was provided to the Special Master, the ruling made as to Plaintiffs' Designation: 384:18-385:18 will remain as SUSTAINED. Additionally, any other rulings made as to this Deposition Packet, for which the submission of additional information was permitted, will remain as ruled on the record. Consequently, the Joint Submission of Deposition Packet of Mary Ramstack is SUSTAINED in PART and OVERRULED in PART all as more fully set forth on the record.

*Richard Daly*

The Court has ruled on the majority of the objections in the Joint Submission of Deposition Packet of Richard Daly. The Court, however, requested additional information on certain objections contained within the Deposition Packet. The parties have notified the Special Master that Mr. Daly will possibly be appearing via satellite feed. Therefore, any additional ruling on Objections is DEFERRED until such time that the deposition of Mr. Daly will be used by the parties. Consequently, the Joint Submission of Deposition Packet of Richard Daly is SUSTAINED in PART, OVERRULED in PART and DEFERRED in PART all as more fully set forth on the record.

**Withdrawn Deposition Designations**

As to the following witnesses, the Joint Submission of Deposition Packet have been withdrawn:

- Christopher Caggiano - will be appearing by satellite.

- Robert Spanheimer - will be appearing live.
- Ronald Hoven - will be appearing live.
- Chris Valosky - will be appearing live.
- Christine Fox - withdrawn as witness.
- Nicole Mowad-Nassar - withdrawn as witness.
- Peters Lynn - withdrawn as witness.

The Court notes that certain witnesses will be appearing at trial either live, or by satellite transmission for which Deposition Packets have been submitted, the Court requests that the parties update which witnesses will, in fact, still be appearing by deposition at trial.

Considering the foregoing,

IT IS HEREBY ORDERED the Joint Submission of Deposition Packet of Helen Ge, the Joint Submission of Deposition Packet of Mary Ramstack, and the Joint Submission of Deposition Packet of Shay Weisbrich are SUSTAINED in PART and OVERRULED in PART.

IT IS FURTHER ORDERED the Joint Submission of Deposition Packet of Richard Daly is SUSTAINED in PART, OVERRULED in PART, and DEFERRED in PART.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 22 day of January, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE