RECEIVED

JAN 2 3 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS® (PIOGLITAZONE)     MDL No. 6:11-md-2299
PRODUCTS LIABILITY LITIGATION

JUDGE DOHERTY

This Document Applies To:
*Allen, et. al. v. Takeda Pharmaceuticals*     MAGISTRATE JUDGE HANNA
*North America, Inc., et al.*
(Case No. 12-cv-00064)

## MEMORANDUM RULING:
## TAKEDA DEFENDANTS' MOTION
## FOR LEAVE TO NAME ADDITIONAL WITNESS

The trial of this matter is scheduled to begin on Monday, January 27, 2014. The parties submitted a Joint Pretrial Order, as required by this Court's Scheduling Order, on January 8, 2014.[1] On Friday, January 17, 2014 – two days after the final pretrial conference, and in response to information divulged by this Court during that conference – the Takeda Defendants[2] collectively moved for leave of Court to name one additional will-call witness: Stacy Dixon Calahan.[3] The motion is unopposed by the Plaintiffs. Because the Takeda Defendants' motion seeks to add a witness after the lapse of the Scheduling Order deadline for doing so, they are

---

[1] *See* Second Amended Scheduling Order: Pilot Bellwether Program (First Trial) (Rec. Doc . 2657), at 5. While the Scheduling Order established a deadline of January 6, 2014 for filing of the pretrial order, this Court granted a two-day extension of time to the parties due to inclement weather that had immersed the eastern half of the country in polar cold. The Pretrial Order was filed into the record on Wednesday, January 8, 2014 (Rec. Doc. 3841).

[2] The movants are: Takeda Pharmaceuticals U.S.A., Inc., Takeda Development Center Americas, Inc., f/k/a Takeda Global Research & Development Center, Inc., Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals America, Inc., Takeda Pharmaceuticals International, Inc., and Takeda Pharmaceuticals, LLC.

[3] The Takeda Defendants' motion is found at Rec. Doc. 3879, and their "Memorandum" is found at Rec. Doc. 3879-1. The Plaintiffs Steering Committee's "Response" is found at Rec. Doc. 3887. The Takeda Defendants have filed a "Reply" at Rec. Doc. 3889.

required to show good cause for the requested extension. As set forth below, this Court finds that the Takeda Defendants have met this burden. The motion will be GRANTED.

I. **Factual and Procedural Background**

In order to understand the current motion and this Court's decision, it is necessary to discuss briefly the Plaintiffs Steering Committee's Motion for Spoliation and Rule 37 Motion for Sanctions ["Spoliation Motion"].[4] The Spoliation Motion was filed by the PSC on October 1, 2013. Briefing on the motion was completed on November 5, 2013. During the following two months, this Court understood that counsel for both parties were engaged in voluntary negotiations in an effort to achieve an amicable resolution to the dispute presented in the Spoliation Motion. This Court used the intervening two month period to work up, address, and rule on a large number of pending motions (including Daubert motions, motions in *limine*, and summary judgment motions). All rulings on those motions were completed and filed by January 15, 2014. Shortly before the last of these numerous rulings was issued, this Court was informed that negotiations on the Spoliation Motion had ended without success, and this Court turned its attention to the Spoliation Motion. This Court's ruling on the Spoliation Motion is expected to be issued this week.

While it is this Court's standard procedure to issue these types of rulings prior to the final pretrial conference, the significance of the issues presented in the Spoliation Motion led this Court to grant the parties the time, and every reasonable opportunity, to reach an agreement that might avoid the necessity for this Court to rule on the allegations contained in the motion. Once it became clear that an agreement would not be reached, and the ruling could not be issued prior to the pretrial conference, this Court provided counsel, during the pretrial conference conducted

---

[4] Rec. Doc. 3484.

2

on January 15, 2014, an extensive description of the Spoliation Motion and its anticipated ruling on the motion.[5] Specifically, this Court explained the status of its efforts to complete the ruling and – in an effort to inform counsel as thoroughly as possible under the circumstances – provided an extensive description of the substance of the ruling that the Court intends to issue. In light of this timing, this Court believes that it is necessary for certain allowances to be made – to both parties – to mitigate any possible prejudice that might otherwise result, and this Court remains willing to assist the parties (to the broadest extent possible, given the exigencies of an imminent trial date) by assuring that they are able to present their evidence to the trier of fact as fully and fairly as can be managed.

The instant motion was filed two days after the pretrial conference was held.

## I. The Takeda Defendants' Error

As a preliminary matter, the Court notes that the Takeda Defendants' Memorandum repeatedly mischaracterizes this Court's discussion during the pretrial conference on January 15, 2014. This Court twice attempted to make very clear the fact that it was not making an oral ruling and that no one should interpret the on-the-record discussion as an oral ruling.

> [S]o the record should be perfectly clear, it is not this Court's expectation, intention, nor would it be appropriate for any party, for any purposes of appeal, to quote any portion of what I am about to go through as being this court's findings, factually, or understanding of the law legally. This is being done as a courtesy to the parties in order to allow you to have a meaningful pretrial conference and prepare for trial.[6]

\* \* \*

> Now that's the gist of the spoliation ruling, so – and again, for purposes of appellate, in no way shall any portion of this

---

[5] *See* Transcript of Pretrial Conference (January 15, 2014) (Rec. Doc. 3894) ["Transcript"], at 33-58.

[6] Transcript, at 34-35.

discussion or explanation be deemed to be the findings of fact or conclusions of law of this Court. Rather it is a discussion given as a courtesy to counsel so that they can properly prepare for trial.[7]

Nonetheless, the Takeda Defendants have repeatedly referred to the Court's on-the-record discussion as an "oral ruling."[8] However, this Court wants the record to be perfectly clear – once again – that it did not rule orally on the Spoliation Motion during the pretrial conference, but simply gave the parties a description of the ruling that would be issued, in an effort to facilitate the parties' ability to prepare for trial.

## II. Law and Analysis

Rule 16 of the Federal Rules of Civil Procedure limits the circumstances under which a district court can extend deadlines contained in a Scheduling Order once a deadline has passed: "A schedule may be modified only for good cause and with the judge's consent."[9] The Fifth Circuit has ruled that Federal Rule of Civil Procedure 16(b) – rather than the more liberal amendment standard established in Rule 15 – governs the late amendment of a scheduling order deadline established by a district court.[10] The "good cause" standard in Rule 16(b) "requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[11] In S&W Enterprises, the Fifth Circuit established the test for a party seeking to show good cause for extension of an expired Scheduling Order deadline:

---

[7] Id. at 56.

[8] See Memorandum, at 1, 2, 3.

[9] Fed. R. Civ. Pro. 16(b)(4).

[10] S&W Enterprises, LLC v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003). See also Filgueira v. US Bank National Association, 734 F.3d 420, 422 (5th Cir. 2013);

[11] S&W Enterprises, 315 F.3d at 535, citing Wright, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990).

4

> We consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[12]

No single factor is dispositive, nor must all the factors be present.[13] In ruling on a request for extension of a Scheduling Order deadline, this Court has "broad discretion to preserve the integrity and purpose of the pretrial order," the purpose of which is "to expedite pretrial procedure."[14] The Takeda Defendants argue persuasively that good cause exists for an extension of the will call witness deadline to permit the addition of Ms. Calahan as a witness in this matter.

*The Takeda Defendants' Explanation.* Ms. Calahan is expected to present testimony relevant to the issues raised in the Spoliation Motion. Until this Court advised the parties, during the pretrial conference, that it intends to grant the motion – and gave a general description of its anticipated reasons for doing so – the parties could not know, to a certainty, that they would be called upon to present evidence at trial as to spoliation, as well as the sanctions for engaging in spoliation.[15] Thus, this Court finds that the Takeda Defendants have provided an adequate explanation for the initial omission of Ms. Calahan from their will-call witness list.

*Importance of the Amendment.* This Court previously has indicated to the parties that its ruling on the Spoliation Motion has the potential to cause significant consequences to both the

---

[12] S&W Enterprises, 315 F.3d at 536 (*quotations and citation omitted*).

[13] Sapp v. Memorial Hermann Healthcare System, 406 Fed.Appx. 866, 869 (5th Cir. 2010), *citing* S&W Enterprises, 315 F.3d at 536-37.

[14] S&W Enterprises, 315 F.3d at 535 (*citations omitted*).

[15] Under other circumstances, this Court might be less inclined to accept the claim of surprise by counsel who were fully aware that the Spoliation Motion was pending and that this Court had the potential to grant or deny the motion. However, this Court is aware that the parties were negotiating in good faith in an effort to resolve the dispute amicably. Moreover, this Court is aware how often such negotiations have been undertaken in this case and that they have been successful in a wide variety of situations. Under these circumstances, this Court is inclined to interpret the parties' failure to include evidence addressing spoliation issues as a reflection of the intensity of counsel's focus on the negotiations that had only recently faltered.

5

Plaintiffs and the Takeda Defendants at the trial of this matter. Indeed, this potential prompted this Court to give advance notice to counsel of the substance of the ruling that it intends to issue on the Spoliation Motion. Under these circumstances, this Court agrees with the Takeda Defendants as to the importance of Ms. Calahan's testimony to their effort to address the issues raised by the Spoliation Motion.

*Prejudice to the Plaintiffs.* As noted above, the Plaintiffs have not opposed the Takeda Defendants' motion. However, they have noted that the late addition of Ms. Calahan to the witness list substantially impacts the scope of the evidence the Plaintiffs anticipated they would have to address at trial. The Plaintiffs have asked for leave of Court to address this possible prejudice. As noted below more particularly, this Court finds that the Plaintiffs' request is not unreasonable – and is justified on the very same grounds urged by the Takeda Defendants – and, therefore, any potential prejudice to the Plaintiffs will be mitigated. As a result, this Court finds that the Plaintiffs will not experience any irremediable prejudice from the addition of Ms. Calahan to the Takeda Defendants' roster of will-call witnesses.

*Continuance.* As the Takeda Defendants will be permitted to present their evidence at trial and as this Court is also undertaking to mitigate prejudice to the Plaintiffs of the late addition of Ms. Calahan as a witness, there is no need for a continuance of the trial to protect any party from prejudice that might otherwise arise as a result of the amendment sought by the Takeda Defendants.

*Prior Rulings by This Court.* In addition to the foregoing findings, this Court incorporates herein its on-the-record discussion, during the pretrial conference, of the Defendants' objections to the late addition of witnesses by the Plaintiffs in this case.[16]

---

[16] Transcript, at 116-128.

Specifically, the parties were advised, in November, 2013, that requests for the late addition of witnesses would be evaluated in terms substantially identical to those discussed above. In the Pretrial Order, the Defendants asserted objections to the addition of a number of unidentified witnesses on the basis that they allegedly were added to witness lists after the October 1, 2013 deadline. As this Court noted during the pretrial conference, the Defendants failed to identify any prejudice to them from the late addition of witnesses; in the absence of any such demonstrated prejudice, the Defendants' objections were overruled.[17] The instant ruling granting leave to the Takeda Defendants to add a late witness is consistent with the earlier ruling permitting the Plaintiffs' late-addition of witnesses in the absence of a showing of irremediable prejudice.

### III.   Mitigating Prejudice to the Plaintiffs

The Court notes that the Plaintiffs have benefitted from this Court's preference for exercising its discretion to support a full and fair presentation of the evidence to the trier of fact. The Plaintiffs – though registering disagreement with several assertions made by the Takeda Defendants in support of their motion – do not oppose the Takeda Defendants' request to amend their witness list at this point in time. Instead, the Plaintiffs have asked for two remedies to the prejudice that would otherwise flow to them as a result of the late appearance of Ms. Calahan on the Takeda Defendants' witness list.

**Leave to Add Ms. Calahan to the Plaintiffs' Witness List.**  Though not stated in these particular terms, the Plaintiffs seek leave of Court to add Ms. Calahan to their own witness list in response to the Defendants' addition of Ms. Calahan to their own list. This request is consistent with the Plaintiffs' earlier, timely decision to list Daniel Regard – who was, prior to today, the

---

[17] The Defendants were given leave to amend their filing to demonstrate any such prejudice (see Transcript, at 128), but they have not submitted any evidence or argument to this Court.

Takeda Defendants' only witness on spoliation issues – as a witness in their case in chief. The Takeda Defendants oppose this request – calling it "preposterous," declaring that the Plaintiffs had ample notice that Ms. Calahan was in possession of evidence relevant to the Spoliation Motion, complaining about receiving notice of the addition of Ms. Calahan "less than 10 days before trial,"[18] and in no way acknowledging that the Plaintiffs' request was made *in response to the Takeda Defendant's own request to add Ms. Calahan to their witness list* – but this Court finds those objections unpersuasive, at best. Each of the Takeda Defendants' arguments, if this Court found them persuasive, would result in the denial of their own motion, as well.

This Court finds that the Plaintiffs' request is reasonable, and is not unreasonably late – particularly in light of the Plaintiffs' assertion that they will not need to take Ms. Calahan's deposition prior to trial – for all of the reasons more fully set forth above as supporting a finding of good cause for the Takeda Defendants to name Ms. Calahan as a witness ten (10) days prior to trial.

***Leave to Present Evidence Through Rule 1006 Summary.*** The Plaintiffs seek leave to submit their evidence associated with the spoliation issue in the form of a Rule 1006 Summary of Evidence. The Takeda Defendants oppose this request. This Court is in no position to determine the admissibility of a Rule 1006 Summary prior to reviewing the proposed summary, together with any objections thereto and the evidence to be summarized. Therefore, the Plaintiffs are encouraged, should they wish to propose a Rule 1006 Summary, to draft their summary as soon as possible, share it with the Takeda Defendants and Eli Lilly & Company for review, and then submit it to this Court, *via* the Special Masters, for ruling and a determination of its admissibility. The parties are cautioned, however, that this Court will not exercise its authority

---

[18] Reply, at 1-2.

to permit submission into the record of a Rule 1006 Summary that does not comply with the requirements of, and limitations in, F.R.E. 1006.

*Stipulations.* In addition to the foregoing requests, the Plaintiffs have indicated that they intend to seek the Takeda Defendants' cooperation in reaching an agreement to present evidence of undisputed facts relevant to the Spoliation Motion *via* stipulations. The Takeda Defendants' response is disappointing, at best: "Takeda objects to the PSC's suggestion that the parties, with the assistance of the Special Master, should not undertake to stipulate to undisputed facts relating to spoliation for use in some fashion at trial. Takeda does not believe such a stipulation is possible in the absence of a definitive ruling on the PSC's spoliation motion, and might still not be possible even if such an order is forthcoming prior to trial."[19] This Court cannot force a party to accept a proposed stipulation. However, should this Court become aware, once trial is underway, that judicial time and resources are being wasted proving up facts that are, in fact, undisputed, counsel and the parties should consider themselves on notice that appropriate action will be taken.

## CONCLUSION

For the foregoing reasons, the Takeda Defendants' Motion for Leave to Name Additional Witness shall be GRANTED.

THUS DONE AND SIGNED this 23 day of January, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[19] Reply, at 3.