UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:  ACTOS (PIOGLITAZONE)　　　　　　MDL NO. 6:11-md-02299

This document applies to:　　　　　　　　　　JUDGE DOHERTY

ALL CASES　　　　　　　　　　　　　　　　MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Pending before this Court is a Request for Distribution of Funds submitted by Special Master Gary J. Russo on January 7, 2014 for services rendered and expenses incurred in  November, 2013. This Court reviews the invoices to ascertain whether the services performed are within the scope of the Order appointing Special Masters of April 11, 2012 and for reasonableness under Part V. of that Order (Rec. Doc. 532) as modified by "Case Management Order: Special Master Fees and Costs entered October 9, 2012. (Rec. Doc. 1907) and Amended Case Management Order: Order Appointing Special Masters, Special Master Fees and Costs, and Deputy Special Master Dejean's Fees and Costs entered August 2, 2013. (Rec. Doc. 3089)

The CMO of October 9, 2012 (Rec. Doc. 1907) excuses the Special Masters from their  "obligation of providing detailed descriptions of their activities" in order to protect the confidentiality of *ex parte* communications between the parties and the Special Masters. This Court does not interpret that Order as vitiating the requirement

of providing sufficient information to this Court to insure compliance with the original order. Specifically, this Court must be able to determine what task was performed, whether the service was "reasonably necessary to fulfill" the duties under the order appointing the special masters and whether the amount of time/expense involved is reasonable.

Though no objections were lodged by any party, invoices submitted for services rendered in September and October of 2013 had some deficiencies in this regard which was brought to the attention of Special Master Russo. The Court was advised that adequate detail could and would be provided, therefore, the invoices were recommended for payment in full with the order that the invoices be supplemented with adequate explanation. (Rec. Docs. 3740 and 3741). The supplementation was provided to this Court on February 20- 21, 2014 and this Court has reviewed the supplementation.

With regard to the invoice submitted on October 30, 2013 for services rendered for the month of September, 2013, this Court finds the supplementation adequately addresses the deficiencies with the exception of one entry by "MED" on 9/16/2013. In addition, the rates charged for "MED" and "AER" do not comply with the hourly rates set forth in Part V of the Court's original order appointing the Special Masters. Therefore, absent further clarification, this Court recommends a reduction of 3.1 hours at a rate of 240.00 per hour for a total of $744.00. In addition, this Court

recommends a reduction of $574.35 to reflect the appropriate rate adjustment. The total reduction amounts to $1318.45.

With regard to the invoice submitted on November 15, 2013 for services rendered for the month of October, 2013, this Court finds the supplementation adequately addresses the deficiencies. This Court specifically notes that the time spent by "MED" on sealed Rec. Doc. 3415, while initially appearing to be potentially excessive, this Court finds the time spent to be reasonable given the motion, with exhibits, exceeded over 700 pages. Therefore, this Court does not recommend any change to its initial approval of the invoice.

With regard to the invoice submitted on January 7, 2014 for services rendered for the month of November, 2013, based on this Court's review, it cannot be ascertained whether a certain entry is in conflict with the reasonableness requirement of Part V. of the Order. Specifically, the entry of 7.2 hours for November 1, 2013, by "AER". In addition, there is a minimal error in rates charged by AER. Therefore, this Court recommends a reduction of $1470.50 from this invoice.

Because the September invoice was paid in full, and this Court recommends a reduction in the invoice amount for September, the Court will amend the request for distribution of the amount sought for the November invoice to reflect a reduction against the fees and costs reimbursement in the amounts set forth above for September and November, 2013.

Therefore, IT IS RECOMMENDED that the Special Master's request for reimbursement for fees and expenses submitted on January 7, 2014 be reduced by a total of $2788.95 and that a disbursement in the amount of $137,315.57 be approved for payment.

Signed at Lafayette, Louisiana, on this 27th day of February, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE