IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

IN RE ACTOS® (PIOGLITAZONE
PRODUCTS LIABILITY LITIGATION)

This Document Applies To:
*All Cases*

MDL No. 6:11-md-2299

JUDGE DOHERTY

MAGISTRATE JUDGE HANNA

## ORDER REGARDING SPECIAL MASTERS[1]

The parties having had notice that the Court was considering the appointment of special masters in this matter, and having had an opportunity to be heard and make suggestions and objections concerning the naming of the special masters; with the advice and consent of the parties, the Court has APPOINTED:

- Gary J. Russo as Special Master, with overall responsibility for the case management duties described below;

- Kenneth W. DeJean as Deputy Special Master, with responsibility solely for management and oversight of matters related to the Plaintiffs' Steering Committee, especially the assignment of duties and tasks that inure to the common benefit of all plaintiffs, making adjudicative reports and recommendations to Special Master Russo for approval of claims for those attorneys seeking credit for costs incurred and work performed for the common benefit of all plaintiffs, submitting periodic reports to the Court of the status of his efforts, assisting the Court in the distribution of fees and reimbursement of costs (if any), and performing such other duties as might be requested of him by the Court or by the Special Master; and

- Carmen M. Rodriguez, as Deputy Special Master, with primary responsibility for matters related to the law and legal analysis, especially considering contested motions and issuing

---

[1] In an effort to clarify and simplify this Court's findings regarding the rules and conditions that apply to the Special Masters' appointments, the instant Order Regarding Special Masters replaces and supercedes the following orders previously issued in this matter: Order Appointing Special Masters [Doc. 532], Case Management Order: Joint Expenses [Doc. 1906], Case Management Order: Special Master Fees and Costs [Doc. 1907], Case Management Order: Deputy Special Master DeJean's Fees and Costs [Doc. 2072], Amended Case Management Orders: Order Appointing Special Masters, Special Master Fees and Costs, and Deputy Special Master DeJean's Fees and Costs [Doc. 3089], and Supplemental Case Management Order: Joint Expenses [Doc. 3369]. The only substantive change made by this Order is the explicit recognition that the Special Masters are authorized to obtain assistance from attorneys, paralegals, and staff within their firms in order to complete the tasks assigned the Special Masters in this Order and otherwise.

reports and recommendations on same, as well as drafting orders and minute entries as might be requested by the Court, together with responsibility for any and all matters delegated by Special Master Russo.

These appointments were made pursuant to Fed. R. Civ. P. 53 and the inherent authority of the Court. The Special Masters' duties, and terms of their service, along with the reasons for their appointment are set forth below.

## BACKGROUND

This Court was appointed as the transferee court in these proceedings on December 29, 2011. At the time that the Special Masters were originally appointed, this Court had received over 200 transferred cases and a number of cases had been filed directly in the Western District of Louisiana. This Court had been informed by counsel that the number of claims which could be expected to be joined in these proceedings was in the thousands. History has proven those predictions correct, as there currently are more than 3,000 cases pending in, or related to, these proceedings. In addition to its size, this MDL presents many difficult issues, including international involvement. It has required – and will continue to require – a substantial amount of attention and oversight from the Court.

Other MDL courts, facing similar challenges, have easily concluded that the appointment of Special Masters was appropriate to help the Court with various pretrial, trial, and post-trial tasks. Indeed, the appointment of a Special Master or Masters in cases such as this is common. As this Court has continued to carry a full docket of civil cases, and with the benefit of other Courts' experience, this Court concluded that it was necessary to appoint three individuals, each to assist the Court with select aspects of case management. Collectively, the Special Masters' areas of responsibility cover all aspects of case management, including the claims process, discovery, experts, legal issues, contested motions, bellwether trials, settlement efforts, etc. The 2003 amendments to Rule 53 specifically recognize the pretrial, trial, and post-trial functions of

masters in contemporary litigation. Thus, the Court has concluded it is necessary to appoint Special Masters to assist the Court in both effectively and expeditiously moving these disputes toward their final resolution or remand to the transferor courts.

The appointment of the Special Masters has been extraordinarily helpful to this Court and to the parties, yielding palpable benefits and significant cost savings. For instance, the Special Masters' management of discovery and other pre-trial issues, together with their role as liaison between the Court and counsel, has led to the successful resolution of a plethora of disputes informally, such that only two formal discovery motions were filed during the entire discovery and pre-trial period that preceded the first bellwether trial. Furthermore – as counsel and the parties are aware – this Court made an early decision to use an innovative and creative approach of party involvement to this litigation, using certain traditional and time-tested procedures, while also remaining committed to considering innovative alternatives, and testing and modifying assumptions and choices against the reality of those choices and assumptions while evaluating the best way to accomplish the statutory goal of promoting the just and efficient conduct of these proceedings.[2] This Court (and these proceedings) have benefitted greatly from both the willing and professional participation of counsel in this creative process, and the presence and work of the Special Masters, who have provided invaluable oversight, guidance, and instruction to counsel, and who, also, have consulted with the Court to provide valuable feedback on those innovations. This feedback has allowed for real-time adjustments when procedural innovations have proven not to be beneficial.

Because the early appointment of Special Masters was one of the innovations selected, this Court established a Periodic Review Process initiated in January, 2013, to evaluate the Special Masters' performance and validity, as well as their evolving role in this litigation. This

---

[2] 28 U.S.C. § 1407.

Court elicited reports and evaluations from counsel, and also conducted in-person interviews with counsel for both parties, at length and outside the presence of the Special Masters. Details of that review remain confidential. However, generally, counsel provided glowing reports about the Special Masters and the benefits they have brought and bring to this large and complex litigation.

During the course of these meetings, it has become and remains abundantly clear the Special Masters are and will remain invaluable to the efficient progress of this litigation and their efforts have and continue to yield benefits, not the least of which is illustrated by the amicable resolution of almost all discovery disputes and related issues, and the bare minimum of formal discovery motions filed to date. Furthermore, the parties agree, the guidance provided to counsel to assist in progressing toward and during the first pilot bellwether trial was of significant value and has and continues to result in significant cost savings to the parties. Additionally, the forewarning provided to this Court as to issues and disputes that can be expected to arise, and, thus, can be addressed and resolved early, has been and continued to be of great value to this Court and the parties. Thus, this Court's actual experience over the 24 months since the Special Masters were appointed reinforces the positive information and responses received from counsel during the Periodic Review Process.

In short, this Court's conclusion – based on its own insight, comparison of statistics in these proceedings with other multi-district proceedings of comparable size, and feedback received from counsel – is that the early appointment of the Special Masters early in these proceedings has been an important, successful innovation that has benefitted the parties, this Court, and the efficient operation of justice, and has resulted in significant savings in time and money to the parties. Now that the first bellwether trial has been completed and these proceedings are moving into the next phase of litigation, this Court fully expects this trend to

continue and these proceedings (together with this Court and the parties) to continue benefitting from the assistance provided by the capable Special Masters.

### I. Masters' Duties

The Special Masters will generally be assigned to (1) assist the Court with managing the litigation, including the claims process, discovery, experts, legal analysis, settlement efforts, communication with counsel, and any and all pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district, as well as (2) perform any and all other duties assigned to them by the Court (as well as any ancillary acts required to carry out those duties) as permitted by both the Federal Rules of Civil Procedure and Article III of the Constitution. However, the Court retains sole authority to issue final rulings on all decisions made by the Special Masters, specifically including all matters formally submitted for adjudication.

This Court has reviewed recent legal authority addressing the duties of a Special Master that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution. Consonant with the foregoing findings and these general parameters, the currently-anticipated needs of the court, and the parties' consent, the Special Masters in these proceedings shall have the authority to:

    A.    assist the court with preparation for attorney conferences (including formulating agendas), court scheduling, and negotiating changes to orders of this Court;

    B.    supervise discovery, establish discovery and schedules, and review and attempt to resolve informally any and all discovery conflicts;

    C.    oversee management of docketing, including the identification and processing of matters requiring court rulings;

    D.    compile data and assist with, or make findings and recommendations with regard to, interpretation of scientific and technical evidence;

E. assist with legal analysis of the parties' motions or other submissions, whether made before, during, after, or in place of, trials, hearings, or oral argument, and make recommended findings of fact and conclusions of law;

F. assist with responses to media inquiries;

G. help to coordinate federal, state and international aspects of this litigation;

H. direct, supervise, monitor, and report upon implementation and compliance with this Court's orders, and make findings and recommendations on remedial action if required;

I. interpret any agreements reached by the parties, and require clarification of same, if necessary;

J. propose structures and strategies for settlement negotiations on the merits, and on any subsidiary issues, and evaluate parties' class and individual claims, as may become necessary;

K. propose structures and strategies for attorney fee issues and fee settlement negotiations, review fee and cost applications, and evaluate counsel's individual claims for fees, as may become necessary;

L. administer, allocate, and distribute funds and other relief, if necessary;

M. adjudicate eligibility and entitlement to funds and other relief, if necessary;

N. monitor compliance with structural injunctions, if necessary;

O. make formal or informal recommendations and reports to the parties, and make recommendations and reports to the Court, regarding any matter pertinent to these proceedings; and

P. communicate with parties and attorneys as needs arise in order to permit the full and efficient performance of these duties.

The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations.

The Special Masters may, at their discretion, obtain assistance from personnel within their firms (including lawyers, paralegals, and clerical staff) to facilitate the timely execution of the above duties, or any other duty or task assigned to the Special Masters by the Court.

## II. Communication with the Parties and the Court

The Special Masters may communicate *ex parte* with the Court at their discretion, without providing notice to the parties, as necessary, in order to fulfill their duties. Moreover, the Special Masters may communicate *ex parte* with any party or attorney, as the Special Masters deem appropriate, for the purpose of ensuring the efficient administration and management of these proceedings. However, the Special Masters may not engage in *ex parte* communications with any party or attorney concerning any substantive legal issue filed and pending before the Court.

## III. Masters' Record

The Special Masters shall maintain normal billing records of their time, as well as time spent on this matter by personnel within their firms, with reasonably detailed descriptions of their activities and matters worked upon. With regard to any contested motion, or upon any other special request by the Court, the Special Masters shall (i) submit such report or recommendation to the Court in writing, as well as (ii) filing such report and recommendation into the record electronically. The Special Masters shall preserve for the record any document received from counsel or parties to this case that are not docketed in this or another court, but need not preserve for the record any document (whether created by a Special Master or anyone else) that is docketed in this or any other court.

## IV. Review of the Special Masters' Orders

The Special Masters shall either: (1) reduce any formal order, finding, report, or recommendation to writing and file it electronically via Electronic Case Filing ("ECF"); or (2) issue any formal order, finding, report, or recommendation on the record, before a court reporter. When making a report and recommendation to this Court, the Special Master and/or Deputy Special Masters shall submit to the Court a proposed order adopting the report and

recommendation. Any party may file an objection to an order, instruction, finding, report, or recommendation by a Special Master within *14 calendar days* of the date it was electronically filed, within *14 calendar days* of the time the order or instruction was issued, or within the time frame authorized by Fed. R. Civ. P. 6(d). **The failure to meet this deadline or to timely request an extension of the deadline shall result in permanent waiver of any objection to a Special Masters' orders, instructions, findings, reports, or recommendations.**

### A. Recommended Conclusions of Law

The Court shall decide *de novo* all objections to conclusions of law made or recommended by a Special Master.

### B. Procedural Rulings

The Court shall set aside a ruling by a Special Master on a procedural matter only for an abuse of discretion.

### C. Recommended Factual Findings

To the extent a Special Master enters an order, finding, report, or recommendation regarding an issue of fact, the Court shall review such issue *de novo*.

## V. Compensation

The Special Masters shall be compensated at the following rates:

- $425 per hour for the Special Masters' services;
- $275 per hour for service provided by firm partners;
- $200 per hour for service provided by firm associates;
- $95 per hour for paralegal services.

With regard to the services provided by, or at the behest of, Deputy Special Master DeJean, the Plaintiffs shall bear the cost of his fees and expenses unless agreed or ordered otherwise. With regard to all other fees and expenses incurred by the Special Masters, the parties

shall bear this cost equally (50% by the Plaintiffs and 50% by the Defendants). The Special Masters shall incur only such fees and expenses as may be reasonably necessary to fulfill their duties under this Order, or such other orders as the Court may issue.

The Special Masters in this case are excused from the obligation of providing detailed descriptions of their activities, and the activities of other personnel in their firms, in their billing statements. This unusual provision is necessary and appropriate because: (a) the Special Masters have been granted express authority to participate in *ex parte* contact with counsel for all parties in these proceedings; (b) this Court and all parties are aware that, in the months since the Special Masters have been appointed, counsel have freely exercised their right to engage in *ex parte* contact with the Special Masters; (c) the parties and the Special Masters agree these *ex parte* exchanges have been extremely helpful to the Special Masters' ability to assist the parties and this Court in managing these proceedings much more efficiently than would have been the case without them; and (d) this Court wishes to ensure that the Special Masters' records (including their billing records) are not used by any party or counsel to render non-confidential that which was discussed with a well-founded expectation of confidentiality.

Because a complete description of the Special Masters' activities has the potential to render public confidential communications between the Special Masters and the Court or between the Special Masters and counsel or parties, the Special Masters are instructed to maintain their records of billing statements that reflect normal, reasonably-detailed descriptions of their activities and do not contain any authorized *ex parte* information unless notified to the contrary by the Court to address specific issues.

## VI. Payment of Special Masters' Fees

### A. Joint Expenses

As instructed by this Court, Special Master Russo has opened a checking account (named "In re Actos (Pioglitazone) Products Liability Litigation Joint Expenses Account") in Mid-South Bank, NA, whose home office is in Lafayette, Louisiana (the "Joint Expense Account"), for the purpose of serving as holder of funds collected from the parties until such time as funds are disbursed. Additionally, Special Master Russo has engaged the accounting firm of Arsement, Redd, and Morella, LLC for the purpose of auditing and administering the Joint Expense Account pursuant to the terms of this Order. Funds in the Joint Expense Account will be used to pay Special Masters' fees and costs, banking fees, and accounting fees, with full and transparent notice given by the Court and/or the Special Masters.

The Plaintiffs and Defendants are instructed to make quarterly deposits into the Joint Expense Account in the amount of $200,000 each. These deposits are due to be paid no later than 15 days after each quarter has ended. This schedule shall remain in place until further notice. The deposit amount will be adjusted (either increased or decreased) as necessary.

Should the Defendants and Plaintiffs, by way of co-lead counsel or their designee, wish to use the Joint Expense Account to fund joint expenses such as a court reporting firm hired on behalf of all parties in the case, or for any other expenses incurred jointly, they should jointly draft an agreed amendment to this Order for signature by the Court, prior to submission of funds to cover such expenses.

At the end of these proceedings, any funds remaining in the Joint Expense Account shall be returned, 50% to the Plaintiffs and 50% to the Defendants.

### B. Special Masters' Requests for Distribution of Funds

The Special Masters shall submit monthly statements, dated no later than 30 days after the end of each month, reflecting the time they have expended fulfilling their duties (in one-tenth hour increments), together with out-of-pocket expenses they have incurred.

### C. Distribution of Funds

Funds in the Joint Expense Account shall be distributed in accordance with the following procedures:

- The Special Masters Requests for Distribution of Funds shall be submitted to Magistrate Judge Hanna. For any Request submitted by Special Master Russo and Deputy Special Master Rodriguez, a copy shall be provided to Lead Counsel for both parties. If the Request is submitted by Deputy Special Master DeJean, a copy shall be provided only to Co-Lead Counsel for the Plaintiffs. The Request shall be accompanied by a billing statement that contains brief summaries of their daily activities, together with a recap of the fees and expenses reflected in the billing statement.

- Magistrate Judge Hanna shall review the itemized billing statements *in camera* for the purpose of determining the reasonableness of the Special Masters' fees and costs. The itemized statements shall not be made available to the public or counsel, other than Lead Counsel, except as expressly ordered by this Court.

- The parties shall have seven (7) days to file objections with Magistrate Judge Hanna to any Request for Distribution of Funds. Magistrate Judge Hanna shall review each such Request, together with any objection filed.

- After considering each Request together with any objections submitted by the parties, the Court will determine whether the itemized statement is regular and reasonable and will issue a Report and Recommendation on the Request. After The Report and Recommendation shall be filed into the record, with a copy of the entire packet received from the Special Masters filed into the record under seal. The Report and Recommendation shall recommend payment in full, partial payment, or denial of the request in its entirety.

- The parties shall have fourteen (14) days to file objections to Magistrate Judge Hanna's Report and Recommendation. Any such objections shall be submitted directly and solely to Judge Doherty's Chambers, and shall not be filed into the record. This Court shall consider Magistrate Judge Hanna's recommendation, together with all objections made to such recommendation, and thereafter order payment, modified payment, or denial of payment. This Court's order shall include, as appropriate, instructions to the accounting firm to issue payment.

- Only upon order issued by this Court shall the accounting firm issue payment and only in the amount ordered by the Court.

The Special Masters' billing statements will not be distributed to counsel (other than Lead Counsel for both parties), except upon timely and proper request by an appropriate party made in writing, and submitted to the Court through the co-lead counsel(s) for Plaintiffs and Defendants, or their designee, *and* such distribution will be ordered by this Court only if any objection by an appropriate opposing party submitted through the co-lead counsel(s) for Plaintiffs or Defendants, or their designee, is overruled.

No funds shall be distributed, except upon order of this Court for any purpose, whatsoever.

The accounting firm shall issue to this Court, directed to Magistrate Judge Hanna with a copy to this Court, a quarterly report of the activity in the account since the last report, including the current balance and all distributions made and to whom.

## VII. Other Matters

### A. Affidavits

The Special Masters have submitted affidavits to the Court by the Special Masters in accordance with Rule 53(b)(3). The affidavits are attached to Rec. Doc. 532.

### B. Cooperation

The Special Masters shall have the full cooperation of the parties and their counsel. As agents and officers of the Court, the Special Masters, and any personnel to whom they might delegate one or more tasks assigned them by the instant Order or by this Court, shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions. The parties will make readily available to the Special Masters any and all facilities, files, databases, and documents necessary to fulfill the duties and functions described in this Order.

### C. Effective Date

The Court notified the Special Masters they would be appointed, and requested they commence work on this matter, on Friday, March 16, 2012, which shall be the effective date of their appointment.

### D. Reasonable Diligence

The Special Masters appointed herein are ordered to proceed with all reasonable diligence in fulfilling their duties.

## VIII. Periodic Review

Pursuant to Case Management Order: Periodic Review Process [Doc. 2208] the Court implemented a periodic review process whereby the Court requests comments, concerns, or suggestions concerning, *inter alia*, any aspect of the Special Masters' appointment and/or functioning in these proceedings. Consequently, this Court may, consistent with this review, or otherwise, amend this Order.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 23 day of May, 2014.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE