UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS® (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL NO. 6:11-MD-2299 |
| | JUDGE DOHERTY |
| THIS DOCUMENT APPLIES TO: *ALL CASES* | MAGISTRATE JUDGE HANNA |

## ORDER REGARDING SETTLEMENT AGREEMENT AND DEADLINES

This Court is advised that Takeda and a committee of plaintiffs' counsel ("Plaintiffs' Settlement Review Committee" or "PSRC") have negotiated a Master Settlement Agreement ("Agreement") to resolve claims against Takeda and/or other defendants in the above matters ("Defendants") involving Bladder Cancer injuries alleged to have resulted from the use prior to December 1, 2011 by claimants of ACTOS® Products.

The Agreement, which will be made available online at www.actosofficialsettlement.com, is a private settlement agreement to establish a program (the "ACTOS Resolution Program" or "Program") for the settlement of cases alleging a personal injury involving bladder cancer pending, as of April 28, 2015, in this MDL No. 2299, in other federal courts but not yet transferred into MDL No. 2299 ("Other Federal Court Cases"), in the Illinois Coordinated Proceeding ("Illinois Coordinated Cases"), in the California Coordinated Proceeding ("California Coordinated Cases"), or in any state court ("Other State Court Cases"), and any unfiled claims for which there is no case pending against Takeda and/or other Defendants in federal or state court on or before April 28, 2015, but for which claimants provide notice to Defendants and the PSRC in accordance with the terms of the Agreement, in which claimant alleges the use of ACTOS® Products prior to December 1, 2011, and a Bladder Cancer

resulting from the use of such ACTOS® Products, provided that such claimants with unfiled claims must have signed a retainer agreement with an attorney for legal representation relating to that claim on or before 12:00 noon Eastern Daylight Time on May 1, 2015 ("Unfiled Claims").

## I. AUTHORITY OF COURT TO OVERSEE SETTLEMENT

This Court has authority to enter Orders establishing time frames for the completion of acts defined in the Agreement. Fed. R. Civ. P. 16(a)(5), (d); *In re Vioxx Prods. Liab. Litig.*, 650 F. Supp. 2d 549 (E.D. La. 2009); *In re Propulsid Prods. Liab. Litig.*, 2004 WL 305816 (E.D. La. 2004). The instructions herein are to be construed as the orders of this Court.

## II. NOTICE TO MDL PLAINTIFFS

All plaintiffs with cases pending in MDL No. 2299 on the date of the entry of this Order shall be given notice of this Order and of the Agreement.

## III. CASE MANAGEMENT ORDER REGARDING CENSUS OF CLAIMS

As defined in this Court's Case Management Order Regarding Census of Claims, on or before ten (10) days from the date of that Order, responses shall be served to provide the required Census of all filed and unfiled claims in which Primary Counsel has an Interest, as those terms are defined in that Order.

## IV. ENROLLMENT OF PLAINTIFFS WITH PENDING CLAIMS

Under the terms of the Agreement establishing the ACTOS Resolution Program, Plaintiffs with claims pending in this MDL No. 2299, Other Federal Court Cases, Illinois Coordinated Cases, California Coordinated Cases, or Other State Court Cases on or prior to April 28, 2015 who allege an injury of Bladder Cancer resulting from the use of ACTOS® Products taken by such plaintiffs prior to December 1, 2011 (collectively, "Eligible Plaintiffs") are permitted to enroll in, and be bound by the terms of, the ACTOS Resolution Program. Plaintiffs with cases that were dismissed with prejudice prior to April 28, 2015 are not Eligible Plaintiffs.

Eligible Plaintiffs who intend to participate in the ACTOS Resolution Program must submit an "Opt In Package for Filed Claims," which includes a "Notice of Intent to Opt In Form for Filed Claims," a Stipulation of Dismissal of the plaintiff's pending claim, and a Release of claims, as set forth in the Agreement, by the "Opt-In Deadline" set forth in this Order (and extended as applicable under the terms of the Agreement).

**Pursuant to the terms of the Agreement, Eligible Plaintiffs who elect to enroll in the Program and submit an Opt In Package for Filed Claims shall submit a complete Claim Package, as detailed in the Agreement, by the Claim Package Deadline, extended as appropriate to the Cure Deadline, to be eligible for an award under the ACTOS Resolution Program. Enrollment in the Program is irrevocable, and the claims of Eligible Plaintiffs who submit Opt In Package for Filed Claims, but who do not timely submit a complete Claim Package, will not be eligible to receive any compensation under the Program and such plaintiffs' cases will be subject to dismissal with prejudice by the filing of the Stipulation of Dismissal submitted with the Opt In Package for Filed Claims, or by a motion by Defendants for dismissal with prejudice, following the Cure Deadline as set forth in the Agreement.**

Each judge presiding over the claims of such Eligible Plaintiffs shall retain jurisdiction over those cases, including jurisdiction over the termination of Plaintiffs' rights to sue Defendants in those cases.

## V. ENROLLMENT OF UNFILED CLAIMS

As set forth in the Agreement, any person who alleges a Bladder Cancer injury occurring prior to April 28, 2015 resulting from the use of ACTOS® Products taken by such person prior to December 1, 2011, and who retained counsel for legal representation relating to such alleged injury prior to 12:00 noon Eastern Daylight Time on May 1, 2015, but who did not have a case

pending against Defendants in state or federal court on or before April 28, 2015, shall be eligible for participation in the ACTOS Resolution Program upon timely submission to Takeda of an "Opt In Package for Unfiled Claims" Agreement ("Unfiled Claimants"). As detailed in the Agreement, the Opt In Package for Unfiled Claims must include: (i) a notification of the claimant's unfiled claim and intent to opt in to the Program ("Notice of Intent to Opt In Form for Unfiled Claims"), (ii) a declaration signed by the claimant's counsel affirming that the claimant (or the claimant's personal representative) had signed a retainer agreement with that attorney or with his or her law firm prior to 12:00 noon Eastern Daylight Time on May 1, 2015 for legal representation of said claimant relating to a Bladder Cancer injury allegedly resulting from the use of ACTOS® Products ("Declaration of Counsel"), and (iii) a Release of claims in the form attached to the agreement. Opt In Packages for Unfiled Claims must be submitted by the "Opt In Deadline" set forth in this Order (and extended as applicable under the terms of the Agreement).

**All Unfiled Claimants (as defined above and set forth in the terms of the Agreement) who timely submit an Opt In Package for Unfiled Claims pursuant to the Agreement are enrolled in, and bound by the terms of, the ACTOS Resolution Program. Under the terms of the Agreement, Unfiled Claimants enrolled in the Program shall submit a complete Claim Package, as detailed in the Agreement by the Claim Package Deadline, extended as may be appropriate to the Cure Deadline, both set forth in this Order, to be eligible for an award under the ACTOS Resolution Program.**

Pursuant to the terms of the Agreement, enrollment in the Program is irrevocable, and Unfiled Claimants who do not timely submit a complete Claim Package will not be eligible to receive any compensation under the Program.

## VI. ACTOS RESOLUTION PROGRAM DEADLINES

| | |
|---|---|
| **11:59 p.m. C.T. on the tenth (10th) day following the entry of this Court's Case Management Order Regarding Census of Claims (the "Census Order Deadline")** | Date by which Primary Counsel shall serve responses regarding filed and unfiled claims in accordance with this Court's Case Management Order Regarding Census of Claims. |
| **July 13, 2015 (by 11:59 p.m. C.T.) (the "Opt In Deadline")** | Date by which Eligible Plaintiffs and Unfiled Claimants may elect to participate in the ACTOS Resolution Program by submitting the Opt In Package for Filed Claims or the Opt In Package for Unfiled Claims, as applicable, pursuant to the terms of the Agreement.<br><br>An extension of thirty (30) days to the Opt In Deadline may be sought from the Claims Administrator in accordance with the terms of the Agreement. In addition to such thirty (30) day extension for individual plaintiffs seeking such an extension, the Claims Administrator, in the Claims Administrator's discretion, may allow an additional thirty (30) days for plaintiffs to opt in to the ACTOS Resolution Program under the terms of the Agreement. This date may be further extended by written agreement of the PSRC and Defendants. |
| **11:59 p.m. C.T. on the 45th day following the last day of the final extension of the Opt-In Deadline attributable to any Program Participant (the "Effective Date")** | Date by which Takeda may exercise its termination right under the Agreement. If Takeda's termination right under the Agreement expires without previously having been exercised, this date shall become the Effective Date of the Agreement. |
| **11:59 p.m. C.T. on the ninetieth (90th) day following the Effective Date (the "Claim Package Deadline")** | Date by which ACTOS Resolution Program Participants may submit Claim Packages seeking an award under the ACTOS Resolution Program. |
| **Thirty (30) days after Notice sent by Claims Administrator notifying of Claims Package deficiencies (the "Cure Deadline")** | Date by which an ACTOS Resolution Program Participant must cure deficiencies in his or her Claim Package. Program Participants may seek an extension of an additional 30 days from the Claims Administrator in accordance with the terms of the Agreement. |

## VII. FORM SUBMISSION

Notice of Intent to Opt In Packages for Filed Claims, Opt In Packages for Unfiled Claims and Claim Packages must be submitted online at www.actosofficialsettlement.com, in accordance with instructions provided therein by the Claims Administrator. Counsel and Claimants shall use the forms provided by the Claims Administrator to submit Enrollment and Claim Package materials and shall not attempt to use any of the sample forms attached as appendices to the Master Settlement Agreement.

## VIII. APPOINTMENT OF SPECIAL MASTER

The Court, by this Order, appoints Gary J. Russo as Special Master to hear motions to dismiss claims that fail to comply with the terms of the Agreement, and to recommend to this Court rulings on those and any other motions, as specified in the Agreement.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 28 day of April, 2015.

HONORABLE REBECCA F. DOHERTY
UNITED STATES DISTRICT COURT