Case 6:11-md-02299-RFD-PJH Document 5747 Filed 07/07/15 Page 1 of 2 PageID #: 185257

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL -7 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS® (PIOGLITAZONE)     MDL No. 6:11-md-2299
PRODUCTS LIABILITY LITIGATION

JUDGE DOHERTY

This Document Applies To:
*Huckaby v. Takeda Pharmaceutical USA, Inc., et al*     MAGISTRATE JUDGE HANNA
Case No. 6:14-cv-2627

## RULING

The Court received a motion, entitled Unopposed Motion for Leave [Rec. Doc. 5655], requesting leave to register the captioned claim in the Census of Claims after the deadline given in this Court's Case Management Order Regarding Census of Claims [Rec. Doc. 5551] ("the Census Order"). The Court provided notice of the motion's filing to all parties and an opportunity to oppose it [Rec. Doc. 5664]. The sole response to the motion was notice by the Co-Lead Counsel of the Plaintiffs' Steering Committee ("PSC") that they do not oppose inclusion of the captioned case in the Census [Rec. Doc. 5679]. The Court now turns to the merits of the motion.

The motion indicates counsel received notice of the Census Order, yet inadvertently failed to register the captioned claim by the deadline given in it, in effect arguing excusable neglect. The claim was originally filed with this Court on or before May 1, 2015, and consequently would have been eligible for inclusion in the Census. The motion for leave to register after the deadline was filed within 13 days of the deadline set by this Court. Considering each of these factors, and the lack of opposition by the PSC and Defendants, the Court finds that counsel's failure to register with the Census prior to the deadline does fall within the scope of "excusable neglect" referenced in FED.R.CIV.P. 6(b)(1). The Court notes that excusable neglect

is a narrow concept which this Court does not apply lightly, and this determination should not be seen as precedent for any future filings that might come after this ruling.

The Court notes, however, that counsel's motion additionally requests permission to be able to participate in the Settlement Program. This Court does not have authority to grant or deny that permission; participation in the Settlement Program is governed by the terms of the MSA. Therefore, that portion of movant's motion is DENIED.

IT IS HEREBY ORDERED counsel's Unopposed Motion for Leave [Rec. Doc. 5655] is GRANTED IN PART and DENIED IN PART. Counsel's request for leave to register the claim in the captioned case with the Census of Claims is GRANTED. Counsel's request for permission to participate in the Settlement Program is DENIED as outside this Court's purview.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 1st day of July, 2015.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE