U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL -7 2015

TONY R. MOORE, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS® (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
| | JUDGE DOHERTY |
| This Document Applies To: *Panzarino, et al. v. Takeda Pharmaceuticals U.S.A., Inc., et al.*, Case No. 6:12-cv-1741 *Janiec, et al. v. Takeda Pharmaceuticals U.S.A., Inc.*, Case No. 6:12-cv-1748 *Olivero, et al. v. Takeda Pharmaceuticals U.S.A., Inc.*, Case No. 6:13-cv-0766 | MAGISTRATE JUDGE HANNA |

**RULING**

The Court received a motion, entitled Notice of Unopposed Motion for Leave to Register in the Census [Rec. Docs. 5647, 5648[1]], requesting leave to register the captioned claims in the Census of Claims after the deadline given in this Court's Case Management Order Regarding Census of Claims [Rec. Doc. 5551] ("the Census Order"). The Court provided notice of the motion's filing to all parties and an opportunity to oppose it [Rec. Doc. 5654]. The sole response to the motion was notice by the Co-Lead Counsel of the Plaintiffs' Steering Committee ("PSC") that they do not oppose inclusion of the captioned cases in the Census [Rec. Doc. 5681]. The Court now turns to the merits of the motion.

The motion indicates counsel failed to register the captioned claims by the deadline due to temporary personal and work-related difficulties, as well as having not received certain reminders of upcoming deadlines in the MDL, in effect arguing excusable neglect. The claims

---

[1] The contents of Rec. Docs. 5647 and 5648 are identical. The only difference is in the docket, in that while the caption of each motion includes the three claims in this order's caption, 5647 applies to *Panzarino* while 5648 applies to *Janiec* and *Olivero*. The Notice of Motion Setting and PSC's Response each addressed all three claims.

1

that form the subject of the motion were originally filed with this Court on or before May 1, 2015, and consequently would have been eligible for inclusion in the Census. The motion for leave to register after the deadline was filed within 12 days of the deadline set by this Court. Considering each of these factors, and the lack of opposition by the PSC and Defendants, the Court finds that counsel's failure to register with the Census prior to the deadline does fall within the scope of "excusable neglect" referenced in FED.R.CIV.P. 6(b)(1). The Court notes, however, that excusable neglect is a narrow concept which this Court does not apply lightly, and this determination should not be seen as precedent for any future filings that might come after this ruling.

The Court notes, however, that counsel's motion additionally requests permission to be able to participate in the Settlement Program. This Court does not have authority to grant or deny that permission; participation in the Settlement Program is governed by the terms of the MSA. Therefore, that portion of movant's motion is DENIED.

IT IS HEREBY ORDERED counsel's Notice of Unopposed Motion for Leave to Register in the Census [Rec. Docs. 5647, 5648] is GRANTED IN PART and DENIED IN PART. Counsel's request for leave to register the claim in the captioned case with the Census of Claims is GRANTED. Counsel's request for permission to participate in the Settlement Program is DENIED as outside this Court's purview.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 4th day of July, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE