WESTERN DISTRICT OF LOUISIANA
RECEIVED
JUL -7 2015
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS® (PIOGLITAZONE)　　　　　　MDL No. 6:11-md-2299
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　JUDGE DOHERTY

This Document Applies To:
*Lipari v. Takeda Pharmaceuticals America, Inc. et al.*　　MAGISTRATE JUDGE HANNA
Case No. 6:15-cv-1641

## RULING

The Court received a motion, entitled Unopposed Motion for Leave to Register in the Census [Rec. Doc. 5704], requesting leave to register the captioned claim in the Census of Claims after the deadline given in this Court's Case Management Order Regarding Census of Claims [Rec. Doc. 5551] ("the Census Order"). The Court provided notice of the motion's filing to all parties and an opportunity to oppose it [Rec. Doc. 5705]. The sole response to the motion was notice by the Co-Lead Counsel of the Plaintiffs' Steering Committee ("PSC") that they do not oppose inclusion of the captioned case in the Census [Rec. Doc. 5741]. The Court now turns to the merits of the motion.

　　　The motion indicates that while counsel failed to register the captioned claim by the deadline in the Census Order, the failure was due not to neglect on the part of counsel, but because counsel did not receive notice of the Census Order until after its deadline had passed. The captioned claim was originally filed in the United States District Court for the Western District of Missouri on April 13, 2015, and counsel received notice of the finalized transfer by the Judicial Panel on Multidistrict Litigation on May 12, 2015, after the Census Order's deadline. The claim was originally filed on or before May 1, 2015, and consequently would have been eligible for inclusion in the Census. Counsel's delay appears to be entirely due to the time

required to finalize the transfer process to this Court. After considering each of the relevant factors, and the lack of opposition by the PSC and Defendants, the Court finds that counsel's failure to register with the Census prior to the deadline does falls either within the scope of "excusable neglect" referenced in FED.R.CIV.P. 6(b)(1) or excusable delay given the interplay with the JPML.

The Court notes, however, that counsel's motion additionally requests permission to be able to participate in the Settlement Program. This Court does not have authority to grant or deny that permission; participation in the Settlement Program is governed by the terms of the MSA. Therefore, that portion of movant's motion is DENIED.

IT IS HEREBY ORDERED counsel's Unopposed Motion for Leave to Register in the Census [Rec. Doc. 5704] is GRANTED IN PART and DENIED IN PART. Counsel's request for leave to register the claim in the captioned case with the Census of Claims is GRANTED. Counsel's request for permission to participate in the Settlement Program is DENIED as outside this Court's purview.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 7th day of July, 2015.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE