U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 2 0 2015

TONY R. MOORE, CLERK
BY _____
                DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS® (PIOGLITAZONE)         MDL No. 6:11-md-2299
PRODUCTS LIABILITY LITIGATION
                                     JUDGE DOHERTY
This Document Applies To:
*Stancombe v. Takeda Pharmaceutical USA, Inc., et al*   MAGISTRATE JUDGE HANNA
Case No. 6:15-cv-02032

## RULING

The Court received a motion, entitled Unopposed Motion for Leave to Register Claim in the Actos Settlement Program Census [Rec. Doc. 2], requesting leave to register the captioned claim in the Census of Claims after the deadline given in this Court's Case Management Order Regarding Census of Claims [MDL Rec. Doc. 5551] ("the Census Order"). Co-Lead Counsel of the Plaintiffs' Steering Committee ("PSC") filed a response to the motion, indicating that they do not oppose inclusion of the captioned claim in the Census [MDL Rec. Doc. 5773]. The Court now turns to the merits of the motion.

The motion indicates that counsel failed to register the captioned claim due to miscommunication between the client and the two co-counsel representing him. However, counsel's filing also indicates that a retainer agreement existed between Plaintiff and counsel prior to May 1, 2015 [Rec. Doc. 2-3], as contemplated by the Master Settlement Agreement ("MSA") and Order Regarding Settlement Agreement and Deadlines [MDL Rec. Doc. 5552].[1] After considering each of these factors, and the lack of opposition by the PSC and Defendants, the Court finds that counsel's failure to register with the Census prior to the deadline does fall

---

[1] The filing includes only the signature page of the retainer agreement, and therefore does not establish the agreement was for claims relating to Actos; nonetheless, this Court will accept counsel's implicit assertion, as an officer of the Court and one subject to FED.R.CIV.P. 11, that the retainer agreement does, in fact, relate to Actos.

1

within the scope of "excusable neglect" referenced in FED.R.CIV.P. 6(b)(1).  The Court notes, however, that excusable neglect is a narrow concept which this Court does not apply lightly, and this determination should not be seen as precedent for any future filings that might come after this ruling.

The Court notes, furthermore, that counsel's motion additionally requests permission to be able to participate in the Settlement Program.  This Court does not have authority to grant or deny that permission; participation in the Settlement Program is governed by the terms of the MSA.  Therefore, that portion of movant's motion is DENIED.

IT IS HEREBY ORDERED counsel's Unopposed Motion for Leave to Register Claim in the Actos Settlement Program Census [Rec. Doc. 2] is GRANTED IN PART and DENIED IN PART.  Counsel's request for leave to register the claim in the captioned case with the Census of Claims is GRANTED.  Counsel's request for permission to participate in the Settlement Program is DENIED as outside this Court's purview.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 20th day of July, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE