**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

|  |  |  |
|---|---|---|
| IN RE: ACTOS® (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL NO. 6:11-MD-2299 |
|  |  | JUDGE DOHERTY |
| THIS DOCUMENT APPLIES TO: *ALL CASES* |  | MAGISTRATE JUDGE HANNA |

**MOTION FOR ORDER CONFIRMING AUTHORITY**
**OF THE LIEN RESOLUTION ADMINISTRATOR**

Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals U.S.A., Inc. (collectively, "Takeda"), and a committee of plaintiffs' counsel (the "Plaintiffs' Settlement Review Committee", or the "PSRC"), following execution of, and pursuant to the terms of a Master Settlement Agreement, dated April 28, 2015, which established a settlement program called the ACTOS Resolution Program, (the "Agreement"[1]), now move this Court for an Order, substantially in the form of the proposed order attached hereto, that: (1) confirms the PSRC's and Takeda's joint selection of the Garretson Resolution Group, Inc. ("GRG") as the Lien Resolution Administrator ("LRA") of the ACTOS Resolution Program to perform the duties set forth by the Agreement for the Lien Resolution Administrator, including those set forth in Article XIII of the Agreement; and (2) authorizes the LRA to provide to, receive from, and disclose to Payors (defined below) certain protected health information and individually identifiable health information related to Claimants as may be necessary for the LRA to perform its duties under the Agreement. In support of this Motion, Takeda and the PSRC respectfully state as follows:

---

[1] Capitalized terms used without definition have the meanings ascribed to them in the Agreement.

1

1. Pursuant to the terms of the Agreement, Claimants alleging a personal injury involving bladder cancer pending, as of April 28, 2015, in this MDL No. 2299, and in other federal and / or state courts identified in prior filings with this Court, and consistent with the terms of the Agreement and the ACTOS Resolution Program, whether such Claimants are Filed Claimants or Qualifying Unfiled Claimants, are permitted to enroll in, and be bound by the terms of the ACTOS Resolution Program.

2. For those Claimants who enroll and are determined to be eligible for compensation under the terms of the ACTOS Resolution Program, Takeda and the PSRC have agreed, pursuant to Article XIII, Section 13.01 of the Agreement, to select GRG to serve as the LRA for purposes of assisting eligible Plaintiffs in identifying and resolving claims and/or liens for medical items, services, and/or prescription drugs that are or may be asserted by Governmental Payors,[2] Private Payors, Other Governmental Payors,[3] Medicare Part C and/or Part D Program sponsors, and/or other payors and providers, including all private health plans whether insured or self-funded (collectively, "Payors") associated with the ACTOS Resolution Program.

3. GRG is well-qualified to serve as the LRA. Each year, GRG resolves more than 100,000 healthcare obligations for firms and companies across the country. GRG's lien resolution processes are "state of the art" and have been utilized in numerous mass tort and class action settlements. GRG's processes set forth uniform, compliant procedures to avoid the enormous time delays associated with large numbers of claimants attempting to satisfy and discharge such obligations on a one-at-a-time basis.

---

[2] "Governmental Payors" means any federal, state or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs.  These include CMS, the Medicare Secondary Payer Department, and the Medicaid programs of each state and territory and of the District of Columbia (each a "Medicaid Agency").

[3] "Other Governmental Payors" means certain other governmental health care programs with statutory reimbursement or subrogation rights, limited to the Defense Health Agency (formally known as TRICARE), Department of Veterans Affairs, and Indian Health Services benefits.

4. Undertaking these transactions requires GRG to coordinate with scores of public and private entities, including the Centers for Medicare & Medicaid Services ("CMS"); the Benefits Coordination & Recovery Center ("BCRC"); all 53 state and territory Medicaid agencies; other governmental healthcare payers, such as the Veterans Administration, the Defense Health Agency, and Indian Health Services; as well as private healthcare providers and insurers and their recovery contractors. Having performed this work for more than 15 years, GRG has strong and established work flow procedures with each of these entities and groups.

5. In order to effectuate the creation and implementation of an efficient and orderly lien resolution program and fulfill its duties pursuant to Article XIII of the Agreement, the LRA requires the following authority:

    a. The authority to provide to, receive from, and disclose to Payors certain information related to Claimants, which is or may be protected under HIPAA and its amendments,[4] or other applicable federal or state law, including Protected Health Information, as defined in 45 C.F.R. § 160.103;[5]

    b. The authority to provide to, receive from, and disclose to Payors, and Payors are authorized to disclose lists of participating Claimants and related information in lieu of submitting individual names and HIPAA authorizations; and

    c. The authority to act as agent for Claimants for purposes of identifying and resolving potential healthcare reimbursement obligations with all entities defined as Payors herein by means necessary, as determined by the LRA including, but not limited to,

---

[4] HIPAA shall mean the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

[5] This includes demographic information that could be used to identify Medicare-eligible and/or Medicaid-enrolled Claimants, information related to Claimants' eligibility for and entitlement to benefits under the Medicare Program and Medicaid Program and information related to health care services rendered, including the payment of such services.

en masse data submissions with Payors designed to identify healthcare coverage and related claims itemizations for Claimants, requesting information from relevant parties and accessing internet based healthcare coverage information sources including, but not limited to, mymedicare.gov.

## Conclusion

For the foregoing reasons, Takeda and the PSRC respectfully request the entry of an Order, a proposed form of which accompanies this motion, that:

(1) confirms GRG as the Lien Resolution Administrator selected by Takeda and the PSRC to, among other things, perform the identification and resolution functions pursuant to Article XIII of the Agreement on behalf of Claimants who enroll and are determined to be eligible for compensation under the terms of the ACTOS Resolution Program; and

(2) authorizes the LRA to provide to, receive from, and disclose to Payors lists of Claimants in lieu of submitting individual names and HIPAA authorizations so that Payors may provide the LRA with information necessary to identify and resolve any liens and/or or reimbursement claims and to take such actions on behalf of Claimants as may be necessary to perform its duties pursuant to Article XIII of the Agreement.

**DATED** this 30th day of July, 2015.

Respectfully submitted,

By: /s/ Richard J. Arsenault

Richard J. Arsenault, Co-Lead Counsel
Neblett, Beard & Arsenault
2220 Bonaventure Court
Post Office Box 1190
Alexandria, Louisiana 71301
(800) 256-1050
rarsenault@nbalawfirm.com

By: /s/ Paul J. Pennock

Paul J. Pennock, Co-Lead Counsel
Weitz & Luxenberg, P.C.
700 Broadway
New York, New York 10003
(212) 558-5500
ppennock@weitzlux.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2015, a copy of foregoing **MOTION FOR ORDER CONFIRMING APPOINTMENT OF LIEN RESOLUTION ADMINISTRATOR** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

**DATED** this 30th day of July, 2015.

Respectfully submitted,

By: /s/ Richard J. Arsenault

Richard J. Arsenault, Co-Lead Counsel
Neblett, Beard & Arsenault
2220 Bonaventure Court
Post Office Box 1190
Alexandria, Louisiana 71301
(800) 256-1050
rarsenault@nbalawfirm.com

By: /s/ Paul J. Pennock

Paul J. Pennock, Co-Lead Counsel
Weitz & Luxenberg, P.C.
700 Broadway
New York, New York 10003
(212) 558-5500
ppennock@weitzlux.com