RECEIVED
SEP - 1 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS® (PIOGLITAZONE)     MDL No. 6:11-md-2299
PRODUCTS LIABILITY LITIGATION

JUDGE DOHERTY

This Document Applies To:
*All Cases*

MAGISTRATE JUDGE HANNA

## CASE MANAGEMENT ORDER: HOLDBACK ORDER

**Introduction**

By Order dated April 13, 2012, this Court appointed a Plaintiffs' Steering Committee ("PSC") and assigned it the duty of representing the common interests of all plaintiffs and their counsel in these proceedings.[1] Additionally, this Court created an administrative process by which counsel providing legal services for the common benefit of all plaintiffs were under an ongoing obligation to submit claims for common benefit fees and common benefit expenses and/or costs incurred. This process included ongoing review of such claims by Deputy Special Master Kenneth W. DeJean ("DSM DeJean"), and required limited reporting by DSM DeJean to this Court about such claims.[2]

Thereafter, and as a result of negotiations among the signatories to the "Master Settlement Agreement" ("MSA"), a document entitled "Master Settlement Agreement" was created and signed, which provides, in relevant part, that, for those who choose to participate in the Settlement Program established by the MSA, "an assessment of common benefit attorneys'

---

[1] Rec. Doc. 560.
[2] Pursuant to this Court's "Order Appointing Special Masters" [Rec. Doc. 532], "Case Management Order: PSC's Management of Timekeeping, Cost Reimbursement and Related Common Benefit Issues" [Rec. Doc. 1357], "Case Management Order: Claims for Common Benefit Fees and Expenses" [Rec. Doc. 2356], and "Order Regarding Special Masters" [Rec. Doc. 4264], Deputy Special Master DeJean reviews all claims of common benefit time spent and expense and/or cost incurred on an ongoing basis to determine whether they are reasonable. This process ultimately will include completion of the due process review. *See* Rec. Doc. 532, at 1; Rec. Doc. 137, at 1-2, 5-9, Exhibit A; Rec. Doc. 2356, at 1-9; Rec. Doc. 4264, at 1.

1

fees will be imposed on each Claimant in accordance with the amount set by Order entered in the MDL," and that "[t]he amount of common benefit expenses shall be determined by Order entered in the MDL, which will be deducted from the Settlement Funds deposited into the [Qualified Settlement Fund]." MSA, § 10.04-(A).[3] The deadline for "opting in" to the proposed settlement process is now September 11, 2015. In light of this development, this Court has concluded now is an appropriate time to impose a holdback obligation on the Defendants in order to create a holdback of funds necessary to meet approved common benefit fees and expenses and/or costs, which will be used to compensate attorneys who provided approved common benefit legal services and/or incurred approved common benefit expenses and/or costs in accordance with the terms established in this Court's prior orders.

In making rulings concerning common benefit issues in these proceedings, this Court is bound by Fifth Circuit jurisprudence. *See, e.g.,* In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1176 (D.C. Cir. 1987), *aff'd sub nom.* Chan v. Korean Air Lines, Ltd., 490 U.S. 122, 109 S. Ct. 1676, 104 L. Ed. 2d 113 (1989). The Fifth Circuit approves the use of the percentage method *or* the lodestar method, but either (or both) must be accompanied by a Johnson cross-check. *See* Union Asset Management Holding A.G. v. Dell, Inc., 669 F.3d 632 (5th Cir. 2012); Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974). The Johnson factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional

---

[3] For the MSA lien resolution process, see MSA, Art. XIII.

2

relationship with the client; and (12) awards in similar cases. Id. The information necessary for the Court to conduct a final analysis for and of approved common benefit fees and approved common benefit expenses and/or costs does not yet fully exist.[4] Nonetheless, the parties' movement toward possible settlement makes it prudent for this Court to impose a holdback obligation at this time.

This Court finds that it does have the authority to create a holdback from payments to be made by the Defendants to any plaintiff participating in the Settlement Program. *See, e.g.*, In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico on April 20, 2010, 2011 WL 6817982 (E.D.La. 12/28/2011) (*citing* In re Air Crash Disaster at Florida Everglades on Dec. 29, 1972, 549 F.2d 1006, 1017-18 (5th Cir. 1977); In re Zyprexa Products Liability Litigation, 594 F.3d 113, 128-30 (2nd Cir. 2010) (Kaplan, J., concurring); In re Genetically Modified Rice Litigation, 2010 WL 716190, at *4 & n.2 (E.D.Mo. 2/24/2010)); and In re Vioxx Products Liability Litigation, 2012 WL 1448135, *1 (E.D.La. 4/25/2012) (Fallon, J.). *See, also*, Downing v. Goldman Phipps, PLLC, 764 F.3d 906, 909-10 (8th Cir. 2014); In re Guidant Corporation Implantable Defibrillators Products Liability Litigation, 2010 WL 145278, *1 (D.Minn. 1/8/2010) (Frank, J.); In re Zyprexa Products Liability Litigation, 451 F.Supp.2d 458, 479 (E.D.N.Y. 9/11/2006). This holdback order will remain in place until this Court has the complete information required to complete its deliberations concerning a common benefit assessment and a determined assessment amount.

This order addresses both approved common benefit expenses and/or costs and approved common benefit fees – two separate, distinct, but also, to some degree overlapping

---

[4] For instance, the total amount of the Qualified Settlement Fund has not yet been determined and likely will not be known until the end of the opt-in period, and possibly as late as the Effective Date defined in the MSA. See MSA, §§ 5.02, 10.01. Moreover, this Court has not yet received evidence as to the Johnson factors.

3

considerations.[5]  Expenses and/or costs are finite, determinable, and complete in and of themselves.  Furthermore, approved common benefit expenses and/or costs are treated differently than approved common benefit attorneys' fees within the MSA.[6]  Thus, this holdback order will address the two categories separately.

**Holdback for Assessment of Approved Common Benefit Fees**

At this juncture, the Court is without the required information to make a final and finite determination as to approved common benefit fees.  In the interim, however, this Court must rely on its personal knowledge of the history of this case, along with its extensive, hands-on involvement with this matter, as well as its observations of the conduct and work done by the PSC, and the other approved common benefit counsel.

This Court's knowledge is derived through its hands-on involvement with every aspect of this MDL, including both direct observations and numerous reports made by Magistrate Judge Hanna and the Special Masters whom this Court has appointed to certain tasks in these proceedings.  This Court has met weekly with the Special Masters, has met monthly with counsel, has participated in working group meetings, as well as, in Court status conferences open to all counsel, for over three years, has presided over extensive discovery, as well as a 37-day bellwether trial, and has considered and ruled on numerous pre-trial and post-trial motions.

These many opportunities to interact with, and observe, counsel in this case have provided this Court with ample evidence to determine the PSC and other approved common benefit counsel took their obligations very seriously, and that they vigorously promoted and protected the common interests of the plaintiffs in these proceedings.  This Court is aware of the quality of both the approved common benefit work provided by the numerous plaintiffs' counsel,

---

[5] *See* Rec. Doc. 532, at 1; Rec. Doc. 137, at 1-2, 5-9, Exhibit A; Rec. Doc. 2356, at 1-9; Rec. Doc. 4264, at 1.
[6] *See* MSA, § 10.04-(A).

as well as the unique difficulties presented in this MDL. This Court relies on its personal knowledge of the history of these proceedings to conclude that it will, at the appropriate time, issue a common benefit assessment order. At this time, therefore, the Court will issue a holdback order merely to attempt to ensure that sufficient funds will exist to cover the common benefit assessment once determined and issued.

In order to address the underlying purpose or benefit of issuing a holdback order, this Court has reviewed all available information in an effort to withhold an amount sufficient to cover an assessment of approved common benefit fees. However, the Court cautions and reminds that, at this point, the Court does not have all the information necessary to make a final considered determination of the common benefit assessment amount.

The Court finds, based upon the information now available to the Court, that there currently is a rational basis to issue a holdback order requiring, 8.6% be withheld from payments made by Defendants by way of settlement.

**Holdback for Approved Common Benefit Expenses and/or Costs**

As noted above, early in the MDL, this Court established an ongoing process by which Deputy Special Master DeJean, also, reviewed and audited claims of common benefit expense and/or cost incurred. Furthermore, also, as noted above, the nature of common benefit expenses and/or costs is such that the amount can be known with certainty only once the review and auditing process is complete. However, at this juncture, the Court can approximate an interim amount and attempt to extrapolate from that amount.

Consequently, based upon the limited information available to the Court, this Court finds that the Defendants should withhold a total of $25 million from those payments subject to an MDL expense assessment. This sum will be used to cover approved common benefit expenses

and/or costs. Should the amount withheld for this purpose exceed the final total of approved common benefit expenses and/or costs, the remainder, if administratively possible, will be reimbursed to Claimants against whom those expenses and/or costs were assessed.

For the foregoing reasons,

**Holdback – Fees**

IT IS HEREBY ORDERED that, with regard to the Qualified Settlement Fund described in the Master Settlement Agreement, <u>Defendants shall retain and protect 8.6% of any payments made to any party pursuant to the terms of the Master Settlement Agreement</u>, and shall maintain custody of those funds in the manner contemplated by the MSA and related agreements.

These holdback funds will not constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney, and will not be distributed or disbursed except when and as so directed by court order. None of such funds may be disbursed, expended, withdrawn, removed, or released for any purpose whatsoever without written permission of this Court. All holdback funds shall be held by Defendants (or their designee) in such a fashion that the source of each amount withheld can be readily identified.

**Holdback – Expenses and/or Costs**

IT IS HEREBY FURTHER ORDERED that, with regard to the Qualified Settlement Fund described in the Master Settlement Agreement, <u>Defendants shall retain and protect $25,000,000.00 from those payments subject to an MDL expense and/or cost assessment</u>, and shall maintain custody of those funds in the manner contemplated by the MSA and related agreements.

These holdback funds will not constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney, and will not be

distributed or disbursed except when and as so directed by court order. None of such funds may be disbursed, expended, withdrawn, removed, or released for any purpose whatsoever without written permission of this Court. All holdback funds shall be held by Defendants (or their designee) in such a fashion that the source of each amount withheld can be readily identified.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __1__ day of September, 2015.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE