RECEIVED

FEB 29 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS® (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
| | JUDGE DOHERTY |
| This Document Applies To: *All Cases* | MAGISTRATE JUDGE HANNA |

## CASE MANAGEMENT ORDER: ASSESSMENT OF COMMON BENEFIT FEES AND EXPENSES AND/OR COSTS

On September 1, 2015, this Court issued its Case Management Order: Holdback Order ("Holdback Order").[1] In that Order, the Court laid out the contractual and jurisprudential bases for its authority to impose an assessment on payments made pursuant to the Master Settlement Agreement ("MSA") to compensate the common benefit fees and expenses and/or costs that have been incurred in the MDL. The Holdback Order also described the procedural devices that were established at the beginning of this MDL to maintain accurate records of all common benefit work properly performed. Based on an evaluation of aggregate information as to common benefit fees and expenses and/or costs – provided by counsel in accordance with the aforementioned procedural devices, and collected by Deputy Special Master DeJean[2] – the Court created holdback funds in amounts sufficient to reimburse the common benefit fees and expenses and/or costs incurred since inception of this MDL through the administration of the Master Settlement Agreement.

On February 16, 2016, this Court issued its Case Management Order: Common Benefit Fees and Costs.[3] There, based on further evaluation of the information available, this Court indicated its intent to impose assessments, in the amount and percentage given in the Holdback

---
[1] Rec. Doc. 5850.
[2] *See* Case Management Order: Instructions to Deputy Special Master DeJean. Rec. Doc. 5801
[3] Rec. Doc. 6215.

1

Order, on all payments made pursuant to the MSA and on the Qualified Settlement Fund itself, to compensate common benefit fees and expenses and/or costs. The Order, furthermore, provided an opportunity for Plaintiffs and Counsel to file briefs laying out any meaningful objections to such an assessment. The deadline for filing any such objections has passed, and none were received by this Court, nor conveyed to this Court by way of the Special Masters.

Considering this Court's authority to impose an assessment to compensate common benefit attorneys' fees and expenses and/or costs in this MDL, the information provided to the Court detailing the common benefit fees and expenses and/or costs incurred to this point and estimations of those to be incurred in the future, and the lack of objection to this Court's stated intent to impose such an assessment at specified levels,

IT IS HEREBY ORDERED 8.6% of any payments made pursuant to the terms of the Master Settlement Agreement shall be retained for the purposes of compensating common benefit attorneys' fees. Such funds shall be maintained in the manner contemplated by the MSA and related agreements.

These funds shall not constitute the separate property of any party or attorney, or be subject to garnishment or attachment for the debts of any party or attorney, and will not be distributed or disbursed except when and as so directed by court order. None of such funds may be disbursed, expended, withdrawn, removed, or released for any purpose whatsoever without written permission of this Court. All funds shall be held in such a fashion that the source of each amount withheld can be readily identified.

IT IS HEREBY FURTHER ORDERED $25,000,000.00 shall be retained from the Qualified Settlement Fund for the purpose of compensating common benefit expenses and/or costs. That amount shall be maintained in the manner contemplated by the MSA and related agreements.

These funds shall not constitute the separate property of any party or attorney, or be subject to garnishment or attachment for the debts of any party or attorney, and will not be distributed or disbursed except when and as so directed by court order. None of such funds may be disbursed, expended, withdrawn, removed, or released for any purpose whatsoever without written permission of this Court. All funds shall be held in such a fashion that the source of each amount withheld can be readily identified.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 29 day of February, 2016.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE