UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:  ACTOS (PIOGLITAZONE)          MDL NO. 6:11-md-02299

This document applies to:                 JUDGE DOHERTY

Civil Action No. 6:12-cv-00644          MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Latina Jackson (the plaintiff in Civil Action No. 6:12-cv-00644) is currently unrepresented.  She was ordered to appear in court on March 16, 2016, and she did appear.  At that time, Ms. Jackson advised that she does not have bladder cancer, and she agreed to dismiss her claim.

When no stipulation of dismissal was filed, Ms. Jackson was ordered (Rec. Doc. 254 in Civil Action No. 6:12-cv-00644) to either file a stipulation of dismissal in the suit record not later than May 24, 2016 or personally appear in court on that day.  The order was served on Ms. Jackson (Rec. Doc. 356 in Civil Action No. 6:12-cv-00644), but she neither filed a stipulation of dismissal nor appeared in court on May 24, 2016.  Attorney W. James Singleton of the Plaintiffs' Steering Committee was present in court on May 24, 2016, and he advised that he had spoken with Ms. Jackson before the hearing, and she had indicated that she wished to dismiss her case.  The undersigned Magistrate Judge telephoned Ms. Jackson during the hearing on May 24, 2016, told her that Mr. Singleton would be sending her a stipulation of

dismissal, told her that she should sign it, and told her that she was to return the signed stipulation of dismissal to the court within ten days.  (Rec. Doc. 258 in Civil Action No. 6:12-cv-00644).

On May 27, 2016, Mr. Singleton sent a letter to Ms. Jackson, requesting that she "please advise if you are agreeable with your claim being dismissed by signing the bottom of this letter and forwarding back to my office."  (Rec. Doc. 259 in Civil Action No. 6:12-cv-00644).  Ms. Jackson signed a copy of the letter and returned it to Mr. Jackson; Mr. Singleton then filed it in the record.  (Rec. Doc. 250 in Civil Action No. 6:12-cv-00644).  Although Ms. Jackson dated the document "6-6-2017" this appears to be an error since the signed copy of the letter was filed in the record on June 16, 2016.

The record reflects that Ms. Jackson wishes to have her claim dismissed. Accordingly,

IT IS RECOMMENDED that, pursuant to Fed. R. Civ. P. 41, the claims asserted by Ms. Jackson be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that the Clerk of Court be ordered to serve a copy of this report and recommendation on Ms. Jackson at her last known address, which is 124 Bogan Lane #4, Franklin, LA  70538, by certified mail, return receipt requested.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on this 17th day of August 2016.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE