UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE:  ACTOS (PIOGLITAZONE) | MDL NO. 6:11-md-02299 |
| This document applies to: | JUDGE DOHERTY |
| Civil Action No. 6:12-cv-00640 | MAGISTRATE JUDGE HANNA |

### **REPORT AND RECOMMENDATION**

On January 29, 2016, Michael Hingle & Associates, Inc., Michael Hingle, Bryan A. Pfleeger, and Julie M. Jochum filed a motion to withdraw as counsel of record for Robert A. Hymel (the plaintiff in Civil Action No. 6:12-cv-00640). (Rec. Doc. 233 in Civil Action No. 6:12-cv-00640).  Mr. Hymel and his counsel were ordered to appear in court on March 16, 2016.  Mr. Pfleeger and Ms. Jochum appeared in court as ordered, but Mr. Hymel did not.  Ms. Jochum advised that mail she had sent to Mr. Hymel had been returned, marked to show that Mr. Hymel is deceased.  She stated that she was in contact with Mr. Hymel's son by mail.  Ruling on the motion to withdraw was deferred, and Ms. Jochum and Mr. Pfleeger were ordered to determine whether Mr. Hymel's succession representatives wish to dismiss his claims.  (Rec. Doc. 235 in Civil Action No. 6:12-cv-00640).

On May 24, 2016, the undersigned Magistrate Judge contacted Ms. Jochum by telephone in open court and requested an update on the status of Mr. Hymel's claim.  Ms. Jochum advised that she was still awaiting the family members' decision.  (Rec.

Doc. 240 in Civil Action No. 6:12-cv-00640). Ms. Jochum was ordered to advise this Court, not later than June 28, 2016 whether Mr. Hymel's claim will or will not be dismissed. (Rec. Doc. 240 in Civil Action No. 6:12-cv-00640).

On June 28, 2016, Ms. Jochum telephoned chambers and advised that she had been unable to get in touch with any of Mr. Hymel's family members. Therefore, she did not know whether the family wished to maintain Mr. Hymel's claim.

Upon request, Ms. Jochum provided the court with contact information for Mr. Hymel's children, Melvin J. Hymel, Delores Hymel Elliott, and Milton Adam Hymel. On July 6, 2016, this Court issued an order requiring Melvin J. Hymel, Delores Hymel Elliott, and Milton Adam Hymel to contact chambers not later than July 19, 2016 to discuss their father's claim. (Rec. Doc. 241 in Civil Action No. 6:12-cv-00640). Delores Hymel Elliott was served with a copy of the order on or before July 13, 2016. (Rec. Doc. 242 in Civil Action No. 6:12-cv-00640). Milton Adam Hymel was served with a copy of the order on July 14, 2016. (Rec. Doc. 243 in Civil Action No. 6:12-cv-00640). To date, neither of them have contacted this Court's chambers.

The record reflects that two of Mr. Hymel's heirs were served with an order of this Court but they personally failed to comply with the order without justification. Accordingly,

IT IS RECOMMENDED that the pending motion to withdraw as counsel for Mr. Hymel (Rec. Doc. 233 in Civil Action No. 6:12-cv-00640) be granted.

IT IS FURTHER RECOMMENDED that, pursuant to Fed. R. Civ. P. 41, the claims asserted by Robert A. Hymel be dismissed without prejudice due to his heirs' failure to comply with this Court's order.

IT IS FURTHER RECOMMENDED that the Clerk of Court be ordered to serve a copy of this report and recommendation on Melvin J. Hymel, Delores Hymel Elliott, and Milton Adam Hymel by mailing a copy of the report and recommendation to each of them via certified mail, return receipt requested, at the following addresses:

| Melvin J. Hymel | Delores Hymel Elliott | Milton Adam Hymel |
|---|---|---|
| 3508 2nd Street, Lot 4 | 203 Franklin Street | 329 Polk Road #67 |
| Berwick, LA  70342 | Morgan City, LA  70380 | Mena, AR  71953 |

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on this 17th day of August 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE