UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS (PIOGLITAZONE)     MDL NO. 6:11-md-02299

This document applies to:     JUDGE DOHERTY

Civil Action No. 6:12-cv-00788     MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Francisco Servin is the plaintiff in Civil Action No. 6:12-cv-00788. At the current time, he is not represented by counsel. Earlier in the litigation of this matter, however, he was represented. When his counsel filed a motion to withdraw (Rec. Doc. 232), Mr. Servin was ordered to appear in court on February 23, 2016. (Rec. Doc. 233). Mr. Servin did not appear as ordered, and the motion to withdraw was granted. (Rec. Doc. 234). All unrepresented plaintiffs were ordered to appear in court on March 16, 2016. (Rec. Doc. 235). The Clerk of Court attempted to serve a copy of the order on Mr. Servin by certified mail, return receipt requested, but the correspondence was returned, marked "return to sender, not deliverable as addressed, unable to forward." (Rec. Doc. 239). Mr. Servin did not appear in court on March 16, 2016. (Rec. Doc. 240). Mr. Servin was then ordered to appear in court on April 26, 2016. (Rec. Doc. 237). The Clerk of Court attempted to serve a copy of the order on Mr. Servin by certified mail, return receipt requested, but it was returned marked "return to sender, not deliverable as addressed, unable to forward." (Rec. Doc. 241).

Mr. Servin did not appear on April 26, 2016. Since his former counsel was permitted to withdraw, no new counsel has enrolled in the case for Mr. Servin. At a hearing held on May 24, 2016, Mr. Servin's former counsel indicated that recent efforts to contact Mr. Servin had been unsuccessful. (Rec. Doc. 245). The only contact information for Mr. Servin that is in the file is the address at which unsuccessful attempts to serve him were made.

Like any other litigant, an unrepresented litigant has a duty to provide the court with accurate contact information and to update that information in the event of any changes as well as a duty to prosecute his or her case. Local Rule 11.1(1) of the United States District Court for the Western District of Louisiana states: "Documents filed by a party not represented by counsel shall be signed by the party and shall include name, address and telephone number." The same rule goes on to state: "Each attorney and pro se litigant has a continuing obligation to promptly notify the court in writing of any address change." Because the Clerk of Court was not able to serve Mr. Servin at the only known address in the record, this Court concludes that Mr. Servin failed to keep the court apprised of his current address and also failed to prosecute his claims.

A district court may dismiss an action for failure of a plaintiff to prosecute,[1] and may do so *sua sponte*, without the necessity of a motion by the defendant.[2]  The record indicates that Mr. Servin has not adequately prosecuted his case, and has not complied with the court's rules.

Accordingly,

IT IS RECOMMENDED that the claims asserted by Mr. Servin be dismissed without prejudice due to his failure to prosecute his case and his failure to comply with the court's rules.

IT IS FURTHER RECOMMENDED that the Clerk of Court be ordered to serve a copy of this report and recommendation on Mr. Servin, by certified mail, return receipt requested, at the following address:  42282 Boardwalk Avenue, Hammond, LA  70403.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

---

[1] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

[2] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d at 1127.

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on this 28th day of November 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE