UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE:  ACTOS (PIOGLITAZONE) | MDL NO. 6:11-md-02299 |
| This document applies to: | JUDGE DOHERTY |
| Civil Action No. 6:12-cv-00790 | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Joyce Marks is the plaintiff in Civil Action No. 6:12-cv-00790.  At the current time, she is not represented by counsel.  Earlier in the litigation of this matter, however, she was represented.  When her counsel filed a motion to withdraw (Rec. Doc. 205), Ms. Marks was ordered to appear in court on October 28, 2014.  (Rec. Doc. 209).  Ms. Marks did not appear as ordered despite confirmed notice by certified mail.  (Rec. Doc. 213, 214, 217, 221).  The motion to withdraw was granted.  (Rec. Doc. 214).  Since that time, no new counsel has enrolled in the case for Ms. Marks. Ms. Marks was again ordered to appear in court, this time on November 25, 2014. (Rec. Doc. 213).  She accepted delivery of the order sent to her by certified mail. (Rec. Doc. 220).  But she did not appear.  (Rec. Doc. 226).  Thereafter, Ms. Marks was ordered to appear in court on March 16, 2016.  (Rec. Doc. 247).  The Clerk of Court attempted to serve the order by certified mail, but the correspondence was returned, marked "return to sender, unclaimed, unable to forward." (Rec. Doc. 249). Ms. Marks did not appear in court on March 16, 2016.  (Rec. Doc. 251).  At a hearing

held on May 24, 2016, Ms. Marks's former counsel indicated that recent efforts to contact Ms. Marks had been unsuccessful. (Rec. Doc. 252). The only contact information for Ms. Marks that is in the file is the address at which both successful and unsuccessful attempts to serve her were made.

Like any other litigant, an unrepresented litigant has a duty to provide the court with accurate contact information and to update that information in the event of any changes as well as a duty to prosecute his or her case. Local Rule 11.1(1) of the United States District Court for the Western District of Louisiana states: "Documents filed by a party not represented by counsel shall be signed by the party and shall include name, address and telephone number." The same rule goes on to state: "Each attorney and pro se litigant has a continuing obligation to promptly notify the court in writing of any address change." Because earlier attempts to serve Ms. Marks at her only known address were unsuccessful, but later attempts to serve her at the same address were unsuccessful, this Court concludes that Ms. Marks failed to update her address with the court. Her failure to appear when ordered to do so also evidences a failure to prosecute her claims.

A litigant also has a duty to comply with the orders of the court. As the United States Supreme Court has observed, "all orders and judgments of courts must be

complied with promptly."[1]  A district court may dismiss an action for failure of a plaintiff to prosecute or for the plaintiff's failure to comply with any order of court.[2] The court may do so *sua sponte*, without the necessity of a motion by the defendant.[3] The record indicates that Ms. Marks has not adequately prosecuted her case, and also indicates that she failed to comply with two court orders.

Accordingly,

IT IS RECOMMENDED that the claims asserted by Ms. Marks be dismissed without prejudice due to her failure to prosecute her case, her failure to comply with the court's rules, and her failure to comply with the court's orders (Rec. Docs. 209 and 213).

IT IS FURTHER RECOMMENDED that the Clerk of Court be ordered to serve a copy of this report and recommendation on Ms. Marks, by certified mail, return receipt requested, at the following address: 47195 Jenkins Road, Franklinton, LA  70438.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

---

[1]  *Maness v. Meyers*, 419 U.S. 449, 458 (1975).

[2]  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

[3]  *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d at 1127.

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on this 28th day of November 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE