UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS (PIOGLITAZONE) | MDL NO. 6:11-md-02299 |
| This document applies to: | JUDGE DOHERTY |
| Civil Action No. 6:12-cv-00802 | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Abraham Jackson, Jr. is the plaintiff in Civil Action No. 6:12-cv-00802. At the current time, he is not represented by counsel. Earlier in the litigation of this matter, however, he was represented. When his counsel filed a motion to withdraw (Rec. Doc. 231), Mr. Jackson was ordered to appear in court on March 16, 2016. (Rec. Doc. 232). Mr. Jackson did not appear as ordered despite confirmed notice by certified mail. (Rec. Doc. 233, 237). The motion to withdraw was granted. (Rec. Doc. 233). Since that time, no new counsel has enrolled in the case for Mr. Jackson. Mr. Jackson was again ordered to appear in court, this time on April 26, 2016. (Rec. Doc. 233). The Clerk of Court attempted to serve the order by certified mail, but the correspondence was returned, marked "return to sender, unclaimed, unable to forward." (Rec. Doc. 236). Mr. Jackson did not appear in court on April 26, 2016. (Rec. Doc. 238). At a hearing held on May 24, 2016, Mr. Jackson's former counsel indicated that recent efforts to contact Mr. Jackson had been unsuccessful. (Rec.

Doc. 239).  The only contact information for Mr. Jackson that is in the file is the address at which both successful and unsuccessful attempts to serve him were made.

Like any other litigant, an unrepresented litigant has a duty to provide the court with accurate contact information and to update that information in the event of any changes as well as a duty to prosecute his or her case.  Local Rule 11.1(1) of the United States District Court for the Western District of Louisiana states: "Documents filed by a party not represented by counsel shall be signed by the party and shall include name, address and telephone number."  The same rule goes on to state: "Each attorney and pro se litigant has a continuing obligation to promptly notify the court in writing of any address change."  Because earlier attempts to serve Mr. Jackson at his only known address were successful, but later attempts to serve him at the same address were unsuccessful, this Court concludes that Mr. Jackson failed to update his address with the court.  His failure to appear when ordered to do so also evidences a failure to prosecute his claims.

A litigant also has a duty to comply with the orders of the court.  As the United States Supreme Court has observed, "all orders and judgments of courts must be complied with promptly."[1]  A district court may dismiss an action for failure of a

---

[1] *Maness v. Meyers*, 419 U.S. 449, 458 (1975).

plaintiff to prosecute or for the plaintiff's failure to comply with any order of court.[2] The court may do so *sua sponte*, without the necessity of a motion by the defendant.[3] The record indicates that Mr. Jackson has not adequately prosecuted his case, and it also indicates that he failed to comply with two court orders.

Accordingly,

IT IS RECOMMENDED that the claims asserted by Mr. Jackson be dismissed without prejudice due to his failure to prosecute his case, his failure to comply with the court's rules, and his failure to comply with the court's orders (Rec. Docs. 232 and 233).

IT IS FURTHER RECOMMENDED that the Clerk of Court be ordered to serve a copy of this report and recommendation on Mr. Jackson, by certified mail, return receipt requested, at the following address:  14765 Chef Hwy, Apt. 2901, New Orleans, LA  70129.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

---

[2] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

[3] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d at 1127.

Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on this 28th  day of November 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE