UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:  ACTOS (PIOGLITAZONE)　　　　MDL NO. 6:11-md-02299

This document applies to:　　　　　　　JUDGE DOHERTY

Civil Action No. 6:12-cv-00805　　　　　MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

　　Pearl Green is the plaintiff in Civil Action No. 6:12-cv-00805.  At the current time, she is not represented by counsel.  Earlier in the litigation of this matter, however, she was represented.  When her counsel filed a motion to withdraw (Rec. Doc. 234), Ms. Green was ordered to appear in court on February 23, 2016.  (Rec. Doc. 235).  Ms. Green did not appear as ordered.  (Rec. Doc. 236).  The motion to withdraw was granted (Rec. Doc. 236), and Ms. Green was order to appear in court on March 16, 2016.  (Rec. Doc. 236, 237).  The order was served on Ms. Green by certified mail, return receipt requested, and delivery was accepted by Yolanda Green.  (Rec. Doc. 239).  But Ms. Green did not appear in court on March 16, 2016.  (Rec. Doc. 240).  Ms. Green was then ordered to appear in court on April 26, 2016.  (Rec. Doc. 240).  The Clerk of Court attempted to serve the order by certified mail, but the correspondence was returned, marked "return to sender, unclaimed, unable to forward."  (Rec. Doc. 245).  Ms. Green did not appear on April 26, 2016.  Since her former counsel was permitted to withdraw, no new counsel has enrolled in the case

for Ms. Green. At a hearing held on May 24, 2016, Ms. Green's former counsel indicated that recent efforts to contact Ms. Green had been unsuccessful. (Rec. Doc. 246). The only contact information for Ms. Green that is in the file is the address at which both successful and unsuccessful attempts to serve her were made.

Like any other litigant, an unrepresented litigant has a duty to provide the court with accurate contact information and to update that information in the event of any changes as well as a duty to prosecute his or her case. Local Rule 11.1(1) of the United States District Court for the Western District of Louisiana states: "Documents filed by a party not represented by counsel shall be signed by the party and shall include name, address and telephone number." The same rule goes on to state: "Each attorney and pro se litigant has a continuing obligation to promptly notify the court in writing of any address change." Because earlier attempts to serve Ms. Green at her only known address were successful, but later attempts to serve her at the same address were unsuccessful, this Court concludes that Ms. Green failed to update her address with the court. Her failure to appear when ordered to do so also evidences a failure to prosecute her claims.

A litigant also has a duty to comply with the orders of the court. As the United States Supreme Court has observed, "all orders and judgments of courts must be

complied with promptly."[1]  A district court may dismiss an action for failure of a plaintiff to prosecute or for the plaintiff's failure to comply with any order of court.[2] The court may do so *sua sponte*, without the necessity of a motion by the defendant.[3] The record indicates that Ms. Green has not adequately prosecuted his case, and it also indicates that she failed to comply with two court orders.

Accordingly,

IT IS RECOMMENDED that the claims asserted by Ms. Green be dismissed without prejudice due to her failure to prosecute her case, her failure to comply with the court's rules, and her failure to comply with the court's order (Rec. Doc. 237).

IT IS FURTHER RECOMMENDED that the Clerk of Court be ordered to serve a copy of this report and recommendation on Ms. Green, by certified mail, return receipt requested, at the following address:  Post Office Box 35, Carville, LA 70721.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

---

[1] *Maness v. Meyers*, 419 U.S. 449, 458 (1975).

[2] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

[3] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d at 1127.

Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on this 28th  day of November 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE