UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:  ACTOS (PIOGLITAZONE)            MDL NO. 6:11-md-02299

This document applies to:              JUDGE DOHERTY

Civil Action No. 6:12-cv-02471         MAGISTRATE JUDGE HANNA

**REPORT AND RECOMMENDATION**

James Gregory is the plaintiff in Civil Action No. 6:12-cv-02471. At the current time, he is not represented by counsel. Earlier in the litigation of this matter, however, he was represented. Along with all other unrepresented plaintiffs, Mr. Gregory was ordered to appear in court on March 16, 2016. (Rec. Doc. 201). The Clerk of Court attempted to serve a copy of the order on Mr. Gregory by certified mail, return receipt requested, but the correspondence was returned marked "return to sender, unclaimed, unable to forward." (Rec. Doc. 206). Mr. Gregory did not appear on March 16, 2016. (Rec. Doc. 205). Mr. Gregory was then ordered to appear in court on April 26, 2016. (Rec. Doc. 203). The Clerk of Court again attempted service, but the correspondence was returned, marked "return to sender, no such number, unable to forward." (Rec. Doc. 207). Mr. Gregory did not appear in court on April 26, 2016. (Rec. Doc. 209). No new counsel has enrolled in the case for Mr. Gregory, and the only contact information for Mr. Gregory that is in the file is the address at which unsuccessful attempts to serve him were made.

Like any other litigant, an unrepresented litigant has a duty to provide the court with accurate contact information and to update that information in the event of any changes as well as a duty to prosecute his or her case. Local Rule 11.1(1) of the United States District Court for the Western District of Louisiana states: "Documents filed by a party not represented by counsel shall be signed by the party and shall include name, address and telephone number." The same rule goes on to state: "Each attorney and pro se litigant has a continuing obligation to promptly notify the court in writing of any address change." Because service on Mr. Gregory at his only known address has been unsuccessful, this Court concludes that Mr. Gregory failed to provide the court with valid contact information. His failure to appear when order to do so and his failure to appear in any capacity or to take any action in the lawsuit following his former counsel's withdrawal evidences a failure to prosecute his claims.

A district court may dismiss an action for failure of a plaintiff to prosecute,[1] and the court may do so *sua sponte*, without the necessity of a motion by the defendant.[2] The record indicates that Mr. Gregory has not adequately prosecuted his case, and has not complied with the court's rules.

---

[1] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

[2] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d at 1127.

Accordingly,

IT IS RECOMMENDED that the claims asserted by Mr. Gregory be dismissed without prejudice due to his failure to prosecute his case and his failure to comply with the court's rules.

IT IS FURTHER RECOMMENDED that the Clerk of Court be ordered to serve a copy of this report and recommendation on Mr. Gregory, by certified mail, return receipt requested, at the following address: 1370 5th Avenue, Apt. D, Manhattan, NY 10026.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on this 28th day of November 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE