RECEIVED
DEC - 1 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: ACTOS® (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 <br><br> JUDGE DOHERTY <br><br> MAGISTRATE JUDGE HANNA |

### RULING

Pending before the court is an "Emergency Motion to Vacate Order on Procedure for Restaino Fee Divisions and Notice of Attorney Fee Lien" [Rec. Doc. 6637] filed by attorney John. T. Kirtley, III on behalf of the law firm Ferror Poirot & Wansbrough ("FPW"). FPW requests that this court (1) vacate its prior order referring fee disputes to a Colorado divorce proceeding, (2) re-appoint a third-party neutral to hear fee disputes related to a list of specific Actos® claims, and (3) order former Judge Jack Berryhill, an appointed Receiver in Colorado, not to distribute any money collected from those specific Actos® claims. To the extent this document represents a Notice of Attorney Fee Lien, notice has been made in the record. As to that portion of the document that is an emergency motion requesting the relief noted above, the motion is denied because the motion would be better served being directed at the court which actually issued the orders complained of, namely the Circuit Court of Cook County, Illinois.

**Factual and Procedural History**

According to the motion, FPW, which operates in Texas, agreed to represent seven listed Actos® claimants. [Rec. Doc. 6637, p. 1] FPW executed fee sharing agreements with other attorneys and/or firms as to each of these claims, under which FPW is entitled to between 25% and 50% of the attorneys' fees for each case. [Rec. Doc. 6637, pp. 1-2] FPW referred those seven

1

cases to another attorney, who in turn, and without FPW's knowledge, referred them to the Restaino Law Firm, P.C. ("the Restaino firm"), located in Colorado. [Rec. Doc. 6637, p. 2] The Restaino firm's owners, who were married to one another at the time, initiated divorce proceedings, and the firm was put into receivership pending resolution of the divorce, with former presiding Judge Jack Berryhill appointed as Receiver for the firm. [Rec. Doc. 6637, p. 2]

During the receivership of the Restaino firm, a dispute arose as to which of the firm's owners would continue to represent its Actos® clients.[1] Firm owners John Restaino and Lori Silas requested that MDL Special Master Gary Russo determine which of them would continue to represent each client. Special Master Russo's investigation – which included speaking with Mr. Restaino, Ms. Silas, Judge Berryhill, and the clients whose representation was in dispute – revealed that the cases at issue were filed in the Circuit Court of Cook County, Illinois, Judge Deborah Dooling presiding, and not in the Actos® MDL. As such, Special Master Russo recommended to Mr. Restaino, Ms. Silas, and Judge Dooling that the Circuit Court of Cook County was the appropriate venue to hear the representation disputes. Based on his investigations, the Special Master also provided recommendations as to which attorney should represent each client, and recommended that Judge Berryhill, as Receiver, was the party with the authority to receive and distribute fees owed to the firm while in receivership.

Judge Dooling agreed that the Circuit Court of Cook County was the proper venue for the representation disputes concerning the Restaino firm clients with cases pending in that county, and determined that she would resolve them. Judge Dooling subsequently held two hearings on the relevant representation disputes, and issued orders as to which of the firm's former clients would be represented by Mr. Restaino and which by Ms. Silas. Judge Dooling further ordered that matters

---

[1] The information in this and the following paragraph is not available in the Actos® MDL record, but was relayed to the Court by Special Master Russo.

2

ancillary to the representation dispute be referred to Judge Berryhill as the Restaino firm's Receiver. It is to the administration of Judge Berryhill that FPW now primarily objects.

**Discussion**

In the instant motion, FPW argues that it was not provided notice of, nor made a party to, "the hearing or proceeding in which Special Master Russo ordered resolution of the attorney's fee issue to the Receiver, in March 2016." [Rec. Doc. 6637, p. 2] FPW further argues Judge Berryhill is not acting as a neutral party, and has not negotiated with FPW in good faith. As evidence of this non-neutrality, FPW offers that Judge Berryhill has estimated the total attorneys' fees in all the listed cases at $712,430.00, but "has offered FPW only $50,000 and $75,000, to resolve all fee disputes relating to these cases." [Rec. Doc. 6637, pp. 2-3] FPW further states that Judge Berryhill has "threatened to deny FPW [its] fee interests" by suggesting that the Restaino firm file for bankruptcy if the fee disputes cannot be resolved. [Rec. Doc. 6637, p. 3] Thus, FPW argues, its fee interests cannot be adequately protected in the Colorado forum, nor will its due process rights be protected there, and therefore a new forum for and/or administrator of its fee disputes is required. [Rec. Doc. 6637, p. 3]

On those bases, and on belief that a "permanent orders" hearing has been set in the Restaino-Silas divorce proceeding for December 12-13, 2016, FPW filed the instant emergency motion, requesting that this Court (1) "vacate its order of March 31, 2016 referring any fee disputes concerning the cases listed herein to the Restaino Colorado divorce proceeding;" (2) "re-appoint a third-party neutral, in the MDL, perhaps even Magistrate [sic] Gary Russo," to hear any fee disputes related to the listed cases; and (3) issue a stay order prohibiting Judge Berryhill from distributing any money collected from the subject Actos® cases until the fee disputes are resolved. [Rec. Doc. 6637, p. 3]

3

Given the procedural history described above, this Court is not in a position to grant FPW the relief it has requested. The motion claims that it was Special Master Russo who ordered that any division of fees in the listed cases be done in the context of the Restaino/Silas divorce proceeding. [Rec. Doc. 6637, p. 2] In actuality, as noted above, it was Judge Dooling who made the final determination in the Restaino firm's representation disputes and referred all ancillary matters to Judge Berryhill, as those cases are pending before Judge Dooling and not in the MDL. Therefore, this Court finds FPW's requests for relief would be better served if directed to the Circuit Court of Cook County, and denies the motion on that basis.

This Court further notes that FPW's motion is rife with procedural and factual inaccuracies, as well as vague and confused assertions, and if the motion were properly directed to this Court, it would likely be denied on the basis of those inaccuracies alone.[2] However, in this instance, the motion is denied because it would be better served before the court that issued the order complained of. Finally, drawing attention to the vague nature of the "emergency" claimed by counsel, this motion constitutes an abuse of the emergency filing process, and all other motions

---

[2] These errors and confusions include but are not limited to: (1) FPW requests that this Court vacate its order of March 31, 2016 referring the relevant fee disputes to a Colorado divorce hearing, however, no such order appears in the MDL docket sheet; (2) FPW requests that this Court "re-appoint" a neutral party to hear fee disputes that are part of a Colorado divorce proceeding, however, this Court did not appoint the neutral party in the first instance and cannot "re-appoint" one, as it has no authority over such proceedings; (3) FPW requests that this Court prohibit a Receiver appointed by a Colorado state court from distributing money owed to an entity during his tenure as that entity's Receiver, which this Court has no authority to do; (4) FPW claims that there is an emergency because it believes a "permanent orders" hearing will be held in the divorce proceeding, but provides no description of what that hearing will entail, or the possible danger the hearing poses to FPW; (5) the motion refers to Special Master Gary Russo as Magistrate Gary Russo, and suggests that he would be an appropriate party to oversee the fee dispute while seeking to vacate an order he is alleged to have issued; (6) FPW does not provide a clear list of the cases over which there is a dispute – a chart of claimants and fee agreements is provided on page 1, and a list of claimants is provided on page 2, however, claimant Felix Testa appears in the chart on page 1 but not in the list on page 2, and claimant Garland Duhon appears in the list on page 2 but not the chart on page 1, and FPW does not address this discrepancy; (7) as evidence of Judge Berryhill's lack of neutrality, FPW points to the discrepancy between the total attorneys' fees available and the amount offered to FPW (the vaguely worded "$50,000 and $75,000"), along with Judge Berryhill's "threat" that he might *suggest* to Mr. Restaino and Ms. Silas that the Restaino firm file for bankruptcy at some point in the future – FPW does not describe Judge Berryhill's reasons or state that he has none, nor does it describe its objections to his offer or his suggestion, simply implying that Judge Berryhill's actions show *per se* a lack of neutrality.

4

filed shall require prior permission of this Court. Any future such abuses risk appropriate action by this Court, including sanctions. For the reasons noted above,

IT IS HEREBY ORDERED insofar as the "Emergency Motion to Vacate Order on Procedure for Restaino Fee Divisions and Notice of Attorney Fee Lien" [Rec. Doc. 6637] represents a motion requesting any action of this Court, that motion is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 1st day of December, 2016.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE