UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS (PIOGLITAZONE)　　　　MDL NO. 6:11-md-02299

This document applies to:　　　　　　　JUDGE DOHERTY

　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE HANNA

Civil Action No. 6:12-cv-02091

## REPORT AND RECOMMENDATION

　　　Stella Taylor is the plaintiff in Civil Action No. 6:12-cv-02091, and she was represented by Jonathan Fairbanks of the law firm Zweibel & Fairbanks, LLP in this litigation.  Mr. Fairbanks filed a motion to withdraw as counsel of record for Ms. Taylor (Rec. Doc. 189), alleging that Ms. Taylor has failed to provide requested medical documentation of her claim and has failed to maintain communication with her counsel.  Ms. Taylor and Mr. Fairbanks were both ordered to appear in court on December 12, 2016.  (Rec. Doc. 191).

　　　Although she was served with notice of the hearing (Rec. Doc. 193), Ms. Taylor did not appear at the hearing.  Due to ill health, Mr. Fairbanks was unable to attend the hearing.  However, Gerard J. Marino, another attorney in Mr. Fairbanks's firm, appeared on behalf of Mr. Fairbanks by telephone, and he orally moved to be enrolled as counsel of record for Ms. Taylor.  The oral motion to enroll was granted.

Mr. Marino explained that, in support of the motion to withdraw, he had submitted an affidavit from Ms. Taylor, in which she expressed her desire to dismiss her claim with prejudice. (Rec. Doc. 6667-1 at 1 in Civil Action No. 11-md-2299). Mr. Marino orally moved to convert the motion to withdraw into a motion to dismiss Ms. Taylor's claim. That motion was granted. Accordingly,

Ms. Taylor having expressed her desire to have her claims dismissed with prejudice,

IT IS RECOMMENDED that the motion to dismiss her claims (Rec. Doc. 189) be granted and her that her claims be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that the Clerk of Court shall serve Ms. Taylor with a copy of this report and recommendation, via certified mail, return receipt requested, at the following address: 225 Coldenham Road, Walden, NY 12586.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on this 12th day of December 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE