RECEIVED

DEC 2 1 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS® (PIOGLITAZONE)
PRODUCTS LIABILITY LITIGATION

MDL No. 6:11-md-2299

JUDGE DOHERTY

MAGISTRATE JUDGE HANNA

## CASE MANAGEMENT ORDER:
## CHALLENGES TO DETERMINATIONS ON
## REQUESTS FOR COMMON BENEFIT TIME AND/OR EXPENSE

In previous orders, this Court established a procedure whereby counsel can submit requests for compensation of common benefit time and/or expense.[1]  The ongoing process and procedure includes a due process opportunity for submitting counsel to seek review by the Special Master of any denials made by the Deputy Special Master, and, ultimately, review by this Court.[2]  The procedure provides, *inter alia*, that "[a]t the appropriate time…this Court will issue an order instructing counsel who wish to challenge such denials to notify this Court in writing of their attention to do so."[3]

This Court is now in receipt of an objection[4]; the only objection thus far lodged regarding a Report and Recommendation by the Special Master on common benefit time and/or expense.  A prior order of this Court provided that "[i]n the event this Court establishes a Common Benefit

---

[1] *See* Rec. Docs. 1357, 2356.
[2] Rec. Doc. 2356.
[3] Rec. Doc. 2356, p. 8.  This Court now clarifies that this provision contemplates the objecting attorneys will provide any notices of objection directly to Judge Doherty's MDL law clerk by mail and by email, rather than filing them into the record.
[4] The objection and attachments were provided to the Court by disk and hard copy, and so far as the Court can discern, the hard copy and disk reflect each other's contents.

Fund, this Court, or its designee, shall conduct a hearing…for the purpose of ruling on any denied Applications or Requests…."[5]

Therefore, Special Master Russo is hereby ordered to provide to this Court, and to the relevant members of the Plaintiffs' Steering Committee ("PSC") as necessary, copies of (1) the Deputy Special Master's Ruling and Recommendation as to the objecting attorney's initial request for common benefit time and/or expense; (2) the Special Master's Ruling and Recommendation as to the objection lodged to the Deputy Special Master's Ruling and Recommendation; (3) the objection now lodged to the Special Master's Ruling and Recommendation; and (4) all attachments and exhibits associated with the documents listed above.  The Special Master shall ensure that the Court and the PSC have copies of all material(s) described above no later than **December 30, 2016**.

If the PSC wishes to respond to the objections now made, in light of the ensuing holidays, its responsive brief shall be due to the Court no later than **5:00 pm (CST) on Friday, January 20, 2017**.  Rather than being filed in the record, any PSC response shall be provided by **email and hard copy to Judge Doherty's MDL Law Clerk**, with copies provided contemporaneously to Special Master Russo and to the objecting attorney.

If the objecting attorney deems a reply to the PSC response is required, such reply brief shall be due to the Court no later than **5:00 pm (CST) on Monday, January 30, 2017**.  Such reply brief shall be limited to **five pages**, with normal font and normal margin limitations, and shall reference, if necessary, any attachments previously provided, by page and paragraph.  Any such reply brief by the objecting attorney shall be provided by **email and hard copy to Judge**

---

[5] Rec. Doc. 2356, p. 8.

**Doherty's MDL Law Clerk**, with copies provided contemporaneously to Special Master Russo and to the PSC.

Once the Court has received all the documentation described above, it will determine whether a formal hearing is required to make a final decision as to the objection, or whether the issue can be decided by hearing on the briefs alone.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 21 day of December, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE