UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:  ACTOS (PIOGLITAZONE)            MDL NO. 6:11-md-02299

This document applies to:                    JUDGE DOHERTY

Civil Action No. 6:13-cv-00247            MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Edward H. Jack is the plaintiff in Civil Action No. 6:13-cv-00247.  He is not currently represented by counsel, and there is no indication in the record that he was ever represented by counsel in this matter.  He initiated his lawsuit by filing a complaint bearing Civil Action No. 3:12-cv-1301-J-34JBT in the United States District Court for the Middle District of Florida, Jacksonville Division.

Mr. Jack and certain other unrepresented plaintiffs were ordered to provide a current e-mail address to the *pro se* liaison counsel.  (Rec. Doc. 156).  But no e-mail address is listed for Mr. Jack in the record.  According to correspondence from Mr. Jack, he is legally prohibited from using e-mail.  (Rec. Doc. 164, 173).

Along with all other unrepresented plaintiffs, Mr. Jack was ordered to appear in court on March 16, 2016.  (Rec. Doc. 159).  The Clerk of Court attempted to serve a copy of the order on Mr. Jack by certified mail, return receipt requested, but the correspondence was returned marked "return to sender, unclaimed, unable to forward."  (Rec. Doc. 165).  Mr. Jack did not appear on March 16, 2016.  (Rec. Doc.

163).  He was then ordered to appear in court on April 26, 2016.  (Rec. Doc. 161).

The Clerk of Court served a copy of the order on Mr. Jack by certified mail, return

receipt requested, using the same address that was previously used.  (Rec. Doc. 166).

Mr. Jack received the order, and he responded, stating that he would not be able to

appear in court on April 26, 2016 due to legal restrictions and health issues.  (Rec.

Doc. 164).  Mr. Jack did not appear at the April 26, 2016 hearing.  (Rec. Doc. 167,

168).  Mr. Jack was then ordered to appear in court on December 12, 2016.  (Rec.

Doc. 170).  Mr. Jack received the order, and he responded by mail, explaining why

he would not be able to appear in court as ordered.  (Rec. Doc. 173).  This Court was

advised that Special Master Kenneth W. Dejean and Pro Se Liaison Counsel W.

James Singleton have spoken with Mr. Jack concerning the settlement reached in this

case.  Because Mr. Jack was unable to appear in court as previously ordered, Mr. Jack

was ordered to participate in a telephone status conference, on the record, with the

undersigned Magistrate Judge, on Monday, January 23, 2017.

On January 23, 2017, this Court spoke with Mr. Jack by telephone, in open

court on the record, and discussed his case with him.  Mr. Jack confirmed that he is

unable to travel outside of Duval County, Florida without permission and unable to

use a computer due to restrictions placed on him as a consequence of a prior criminal

conviction.  Mr. Jack confirmed that he has not been diagnosed by a physician as

-2-

having bladder cancer, and therefore, would not be eligible to participate in the settlement program.  Because Mr. Jack does not have a bladder cancer diagnosis and cannot participate in the litigation of his claim in this forum either personally or electronically,

IT IS RECOMMENDED that Mr. Jack's claim be conditionally remanded to the Panel on Multi-District Litigation for transfer back to the United States District Court for the Middle District of Florida, Jacksonville Division, for further proceedings.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

IT IS ORDERED that the Clerk of Court shall serve Mr. Jack with a copy of this report and recommendation, via certified mail, return receipt requested, at the following address:  6858 Old Kings Road, Jacksonville, FL  32219.

Signed at Lafayette, Louisiana, on this 23rd  day of January 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE