UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:  ACTOS (PIOGLITAZONE)           MDL NO. 6:11-md-02299

This document applies to:             JUDGE DOHERTY

                                       MAGISTRATE JUDGE HANNA

Civil Action No. 6:13-cv-02003

## REPORT AND RECOMMENDATION

Barbara Olivier and R.J. Olivier are the plaintiffs in Civil Action No. 6:13-cv-02003, and they were represented by Christopher A. Seeger of the law firm Seeger Weiss LLP.  Mr. Seeger filed a motion to withdraw as counsel of record for the plaintiffs (Rec. Doc. 110), alleging that a conflict arose between Mr. Seeger and his clients that makes it unreasonably difficult for the firm to continue representing Mr. Olivier or Ms. Olivier.  Mr. Seeger, Mr. Olivier, and Ms. Olivier were all ordered to appear in court on December 12, 2016.  The Clerk of Court's attempt to serve Mr. Olivier and Ms. Olivier was not successful, and they did not appear as ordered. Although Mr. Seeger did not attend the hearing, Asim M. Badaruzzaman, another attorney in his firm, attended the hearing by telephone.  He stated that Ms. Olivier passed away in 2013 and that Mr. Olivier had indicated his willingness to dismiss their claims in a telephone call held in 2013.  Since that time, however, the law firm's diligent efforts to locate Mr. Olivier have been unsuccessful.  Following the hearing,

Mr. Badaruzzaman confirmed the last known address and telephone number for Mr. Olivier. The motion to withdraw was granted, and Mr. Olivier was ordered to appear in court on January 23, 2017. (Rec. Doc. 115). The Clerk of Court attempted to serve Mr. Olivier with a copy of the order by certified mail, but the record contains no evidence that service on him was successful.

Like any other litigant, an unrepresented litigant has a duty to provide the court with accurate contact information and to update that information in the event of any changes as well as a duty to prosecute his or her case. Local Rule 11.1(1) of the United States District Court for the Western District of Louisiana states: "Documents filed by a party not represented by counsel shall be signed by the party and shall include name, address and telephone number." The same rule goes on to state: "Each attorney and pro se litigant has a continuing obligation to promptly notify the court in writing of any address change." Because the Clerk of Court was not able to serve Mr. Olivier at the only known address in the record, this Court concludes that Mr. Olivier failed to keep the court apprised of his current address and also failed to prosecute his claim. A district court may dismiss an action for failure of a plaintiff to prosecute.[1] The court may do so *sua sponte*, without the necessity of a motion by

---

[1] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

the defendant.[2] The record indicates that Mr. Olivier failed to adequately prosecute his claim and that of Ms. Olivier and has not complied with the court's rules.

Accordingly,

IT IS RECOMMENDED that the claims asserted by Mr. Olivier and Ms. Olivier be dismissed without prejudice due to a failure to prosecute their case and a failure to comply with the court's rules.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

---

[2] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d at 1127.

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

IT IS FURTHER ORDERED that the Clerk of Court shall serve Mr. Olivier with a copy of this order, via certified mail, return receipt requested, at the following address: 1235 Riverwood Drive, Nashville, TN 37216.

Signed at Lafayette, Louisiana, on this 23rd day of January 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE