UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS (PIOGLITAZONE)     MDL NO. 6:11-md-02299

This document applies to:     JUDGE DOHERTY

    MAGISTRATE JUDGE HANNA

Civil Action No. 6:14-cv-00561

## REPORT AND RECOMMENDATION

Hector Espaillat is the plaintiff in Civil Action No. 6:14-cv-00561, and he was represented by Stephanie O'Connor and Michael A. London of the law firm Douglas & London, P.C. in this litigation. Counsel filed a motion to withdraw as counsel of record for the plaintiff (Rec. Doc. 37), alleging that Mr. Espaillat passed away; that the firm was in touch with his daughter, Edna Espaillat Rivera; that the firm had made considerable efforts to maintain contact with Ms. Rivera; and that Ms. Rivera has failed to maintain communication with counsel. Ms. Rivera and either Ms. O'Connor or Mr. London were ordered to appear in court on December 12, 2016. (Rec. Doc. 39). Service on Ms. Rivera was not made, and she did not appear at the hearing. Ms. O'Connor attended the hearing by telephone and explained that, despite diligent effort, she has been unable to contact Ms. Rivera. Following the hearing, Ms. O'Connor confirmed the last known address for Ms. Rivera, which is the address at which service was attempted. The motion to withdraw was granted, and Edna

Espaillat Rivera was ordered to appear in court on January 23, 2017.  (Rec. Doc. 42). An attempt to serve Ms. Rivera by certified mail was made, but the record contains no evidence that service was successful.

Like any other litigant, an unrepresented litigant has a duty to provide the court with accurate contact information and to update that information in the event of any changes as well as a duty to prosecute his or her case.  Local Rule 11.1(1) of the United States District Court for the Western District of Louisiana states: "Documents filed by a party not represented by counsel shall be signed by the party and shall include name, address and telephone number."  The same rule goes on to state: "Each attorney and pro se litigant has a continuing obligation to promptly notify the court in writing of any address change."  Because the Clerk of Court was not able to serve Mr. Espaillat or Ms. Rivera at the only known address in the record, this Court concludes that they failed to keep the court apprised of their current address and also failed to prosecute their claims.  A district court may dismiss an action for failure of a plaintiff to prosecute.[1]  The court may do so *sua sponte*, without the necessity of a motion by the defendant.[2]  The record indicates that Mr. Espaillat and Ms. Rivera

---

[1] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

[2] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d at 1127.

failed to adequately prosecuted the case, and they have not complied with the court's rules.

Accordingly,

IT IS RECOMMENDED that the claims asserted by Mr. Espaillat be dismissed without prejudice due to a failure to prosecute his case and a failure to comply with the court's rules.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

IT IS ORDERED that the Clerk of Court shall serve Ms. Rivera with a copy of this order, via certified mail, return receipt requested, at the following address: 93-20 Albert Road, Ozone Park, NY 11417.

Signed at Lafayette, Louisiana, on this 23rd day of January 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE