UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS (PIOGLITAZONE)   MDL NO. 6:11-md-02299

This document applies to:   JUDGE DOHERTY

Civil Action No. 6:14-cv-00020   MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

John Brown is the plaintiff in Civil Action No. 14-cv-00020, and he was previously represented by W. James Singleton of Singleton Law Firm and Christopher L. Sices of the Law Office of Shan Jackson. On January 20, 2017, Mr. Singleton filed a motion to withdraw as Mr. Brown's counsel, stating that Mr. Singleton has been unable to get in touch with Mr. Brown since 2013 despite diligent efforts to do so. On January 23, 2017, this Court spoke with Mr. Singleton in open court and on the record. Mr. Singleton confirmed his unsuccessful effort to communicate with Mr. Brown. Therefore, Mr. Singleton's motion to withdraw (Rec. Doc. 44) was granted (Rec. Doc. 48), and Mr. Brown was order to appear in court on February 23, 2017.

Mr. Brown received notice of the hearing (Rec. Doc. 52), and he telephoned the court before the hearing. Mr. Brown confirmed that he lost touch with Mr. Singleton after 2013, due to his having moved a couple of times since then. Mr. Brown advised that he does not know if he has bladder cancer and does not wish to dismiss his claim.

After learning that Mr. Sices represented Mr. Brown only while he was employed by Mr. Singleton's law firm and that Mr. Sices was inadvertently omitted from Mr. Singleton's

motion to withdraw, a motion to withdraw Mr. Sices as Mr. Brown's attorney was granted. (Rec. Doc. 57). Therefore, Mr. Brown was unrepresented by legal counsel in this litigation, and he was ordered to appear in court on July 27, 2017 for the purpose of addressing his claims. (Rec. Doc. 58).

Evidence in the record shows that Mr. Brown was served with notice of the hearing. (Rec. Doc. 60). However, he did not appear at the hearing nor did he contact the court prior to the hearing. Accordingly,

IT IS RECOMMENDED that, pursuant to Fed. R. Civ. . 41, the claims asserted by Mr. Brown should be dismissed without prejudice due to his failure to comply with the court's orders and for failure to prosecute his case.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted

by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

IT IS FURTHER ORDERED that the Clerk of Court shall serve Mr. Brown with a copy of this report and recommendation, via certified mail, return receipt requested, at the following address: 3670 Eve Circle Drive #D, Mira Loma, CA 91752.

Signed at Lafayette, Louisiana on July 28, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE