UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS (PIOGLITAZONE)   MDL NO. 6:11-md-02299

This document applies to:   JUDGE DOHERTY

Civil Action No. 6:14-cv-01450   MAGISTRATE JUDGE HANNA

**REPORT AND RECOMMENDATOPM**

The claimant in this action, Sharon McMillan, appeared in court on March 16, 2016, by telephone. Because Ms. McMillan had not yet provided complete medical forms to her counsel, W. James Singleton, a determination could not be made concerning whether Ms. McMillan is eligible to participate in the settlement. Therefore, Ms. McMillan was ordered to provide to Mr. Singleton the contact information for each of the health care providers who treated her for the conditions underlying her claims in this lawsuit not later than March 31, 2016. Upon receipt of that information, Mr. Singleton was to provide that information to the undersigned Magistrate Judge for the purpose of facilitating the completion of Ms. McMillan's medical forms. (Rec. Doc. 39 in Civil Action No. 6:14-cv-01450).

On January 20, 2017, Mr. Singleton filed a motion to withdraw as counsel of record for Ms. McMillan. (Rec. Doc. 46 in Civil Action No. 6:14-cv-01450). On January 23, 2017, this Court spoke with Mr. Singleton by telephone in open court and on the record. In the motion and in the telephone discussion, Mr. Singleton explained that Ms. McMillan did not comply with this Court's earlier order, that Ms. McMillan has not been diagnosed with bladder cancer, that Ms. McMillan failed to respond to correspondence sent by Mr. Singleton

on May 27, 2016, and that correspondence from Mr. Singleton's office, which was sent to Ms. McMillan via certified mail, return receipt requested, was accepted by someone but was not responded to by Ms. McMillan. In summary, Mr. Singleton stated that he has been unable to communicate with Ms. McMillan for a period of several months. Therefore, Mr. Singleton's motion to withdraw (Rec. Doc. 46 in Civil Action No. 6:14-cv-01450) was granted (Rec. Doc. 50 in Civil Action No. 6:14-cv-01450).

Ms. McMillan was then ordered to appear in court on February 23, 2017 (Rec. Doc. 52 in Civil Action No. 6:14-cv-01450), and notice of the hearing was sent to Ms. McMillan by certified mail return receipt requested. Sharon Dixon accepted the certified mail sent to Ms. McMillan. (Rec. Doc. 54 in Civil Action No. 6:14-cv-01450). But Ms. McMillan did not appear as ordered on February 23, 2107.

Because the record reflected that Ms. McMillan had personally failed to comply with orders of the Court without justification, this Court recommended that, pursuant to Fed. R. Civ. P. 41, the claims asserted by Ms. McMillan should be dismissed without prejudice due to her failure to comply with the Court's orders. (Rec. Doc. 6824 in Civil Action No. 6:11-md-02299).

Thereafter, Ms. McMillan submitted to the court a copy of the report and recommendation with her handwritten notes on it. The Clerk of Court interpreted this document as an objection to the report and recommendation and filed it in the record. (Rec. Doc. 6898 in Civil Action No. 6:11-md-02299). So that her objections could be addressed,

this Court ordered Ms. McMillan to appear in court on July 27, 2017 and advised her that if she did not appear in court on that date or contact the court before the hearing date, this Court would recommend that her claims be dismissed for failure to prosecute.. (Rec. Doc. 64 in Civil Action 6:14-cv-01450).

Evidence in the record shows that Ms. McMillan was served with the order, the certified mail tracking information showing that it was picked up at the post office on June 13, 2017. However, Ms. McMillan did not contact this Court before the July 27, 2017 hearing date nor did she appear in court on that date. Further, this Court does not construe Ms. McMillan's notes on the original report and recommendation as an objection to the report and recommendation; instead, this Court interprets her notes as notification to the court that she has no medical records to support her claim. Accordingly,

IT IS RECOMMENDED that, pursuant to Fed. R. Civ. . 41, the claims asserted by Ms. McMillan should be dismissed without prejudice due to her failure to comply with the court's orders and for failure to prosecute her case.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

IT IS FURTHER ORDERED that the Clerk of Court shall serve Ms. McMillan with a copy of this report and recommendation, via certified mail, return receipt requested, at the following address: Post Office Box 30054, Columbia, South Carolina 29230.

Signed at Lafayette, Louisiana on July 28, 2017.

 _____
 PATRICK J. HANNA
 UNITED STATES MAGISTRATE JUDGE